Timothy G. Blood
Thomas J. O'Reardon, II
BLOOD HURST & O'REARDON LLP
600 B Street, Suite 1550
San Diego, California 92101
(619) 338-1100
(619) 338-1101 (fax)

*Proposed Plaintiffs' Liaison Counsel*

Brian R. Strange
Carolyn A. Deverich
STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055
(310) 826-3210 (fax)

Ira P. Rothken
Jared R. Smith
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, California 94949
(415) 924-4250
(415) 924-2905 (fax)

Jeff S. Westerman
David E. Azar
MILBERG LLP
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
(213) 617-1200
(213) 617-1975 (fax)

Adam J. Levitt
Edmund S. Aronowitz
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
(312) 984-0000
(312) 984-0001 (fax)

*Proposed Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 11-md-2258 AJB (MDD) |
| | CLASS ACTION |
| THIS DOCUMENT PERTAINS TO: | JOINT APPLICATION TO DESIGNATE BRIAN R. STRANGE, JEFF S. WESTERMAN, ADAM J. LEVITT AND IRA P. ROTHKEN AS INTERIM CLASS COUNSEL AND TIMOTHY G. BLOOD AS LIAISON COUNSEL |
| ALL ACTIONS | |
| | Date: December 19, 2011<br>Time: No Appearance |
| | Assigned to the Honorable Anthony J. Battaglia, Courtroom 12 |

Pursuant to this Court's October 13, 2011 Order Following Status Conference (Dkt. No. 31) and Fed. R. Civ. P. 23(g)(1), Movants[1] respectfully request that this Court designate Brian R. Strange of Strange & Carpenter; Ira P. Rothken of Rothken Law Firm, Jeff S. Westerman of Milberg LLP; and Adam J. Levitt of Wolf Haldenstein Adler Freeman & Herz LLC as Interim Class Counsel and Timothy G. Blood of Blood Hurst & O'Reardon LLP as Plaintiffs' Liaison Counsel in the above-titled multidistrict litigation (the "Action") (proposed Interim Class Counsel and Liaison Counsel are collectively referred to as "Proposed Interim Class Counsel").

## I. **INTRODUCTION**

"The judge must choose the class counsel when more than one class action has been filed and consolidated or centralized. . . . If there are multiple applicants, the court's task is to

---

[1] Movants are the named plaintiffs in the following list of cases comprising this multidistrict litigation: *Howe v. Sony Computer Entertainment America, LLC*, C.A. No. 3:11cv1001 (S.D. Cal.); *Johnson v. Sony Computer Entertainment America LLC*, C.A. No 3:11cv1268 (S.D. Cal.); *Johns v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2063 (N.D. Cal.); *McKewon et al v. Sony Network Entertainment America, Inc.*, C.A. No. 3:11cv2177 (N.D. Cal.); *Bova v. Sony Network Entertainment America, Inc.*, C.A. No. 3:11cv2316 (N.D. Cal.); *Turano v. Sony Corporation of America*, C.A. No. 3:11cv2206 (N.D. Cal.); *Foteh v. Sony Computer Entertainment of America, LLC*, C.A. No. 4:11cv1750 (S.D. Tex.); *Maravilla v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv3363 (N.D. Cal.); *Efird v. Sony Computer Entertainment America, LLC*, C.A. No. 3:11cv2115 (N.D. Cal.); *Newman v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2129 (N.D. Cal.); *Newman v. Sony Computer Entertainment America, LLC*, C.A. No. 3:11cv2434 (N.D. Cal.); *Reaves v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2254 (N.D. Cal.); *Varela v. Sony Computer Entertainment of America LLC*, C.A. No. 3:11cv2729 (D.N.J.); *Bova v. Sony Network Entertainment America, Inc.*, C.A. No. 3:11cv2316 (N.D. Cal.); *Thompson v. Sony Computer Entertainments America, Inc.*, C.A. No. 1:11cv10793 (D. Mass.); *Clawson v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2417 (N.D. Cal.); *McCoy v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2153 (N.D. Cal.); *Flamson v. Sony Corporation of America*, C.A. No. 3:11cv2456 (N.D. Cal.); *Cullen v. Sony Computer Entertainment America LLC*, C.A. No. 2:11cv5027 (C.D. Cal.); *Dupree v. Sony Computer Entertainment America LLC*, C.A. No. 2:11cv5026 (C.D. Cal.); *Boonparn v. Sony Computer Entertainment America LLC*, C.A. No. 2:11cv4770 (C.D. Cal.); *Whitcher v. Sony Corporation of America*, C.A. No. 2:11cv3965 (C.D. Cal.); *Johns v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2063 (N.D. Cal.); *Peterson v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2242 (N.D. Cal.); *Laos v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv1575 (S.D. Cal.); *Nardy v Sony Computer Entertainment America, LLC*, C.A. No. 1:11cv962 (N.D. Ohio); *Riveron v. Sony Computer Entertainment America, LLC*, C.A. No. 3:11cv2245 (N.D. Cal.); *Matacale v. Sony Computer Entertainment America, LLC*, C.A. No. 2:11cv5028 (C.D. Cal.); *Romaine v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2180 (N.D. Cal.); *Chapnick v. Sony Corporation of America*, C.A. No. 2:11cv4640 (C.D. Cal.); *Wilson v. Sony Computer Entertainment America LLC*, C.A. No. 2:11cv4796 (C.D. Cal.); *Kazimi v. Sony Computer Entertainment America, LLC*, C.A. No. 2:11cv3673 (C.D. Cal.); *Obregon v. Sony Computer Entertainment America LLC*, C.A. No. 3:11cv2342 (N.D. Cal.); and *Walker v. Sony Computer Entertainment America, LLC*, C.A. No. 3:11cv2277 (N.D. Cal.).

{}

1   select the applicant best able to represent the interests of the class." *Manual for Complex*

2   *Litigation,* Fourth Edition ("MCL4th"), §21.271.  In evaluating the leadership appointment

3   factors set forth in the applicable case law, Fed. R. Civ. P. 23(g), and the *Manual*, a court

4   should consider the work that will be required to prosecute the particular class action lawsuits.

5   This consideration is, in part, to avoid overstaffing a case and incurring unnecessary fees.  This

6   Action involves two discrete data breach events giving rise to Sony's alleged liability.  As a

7   result, unlike many multidistrict litigation ("MDL") actions, the prosecution of these class

8   actions should be comparatively more streamlined – a fact compelling designation of a smaller

9   group of attorneys who bring with them the areas of technical expertise needed to efficiently

10  litigate this type of action within the multidistrict litigation context.   Moreover, individual

11  attorneys, rather than law firms, should be appointed, since it is the individual lawyers who

12  make the difference in any case.

13          Proposed Interim Class Counsel bring the level of multidistrict litigation experience

14  and technical expertise required to effectively and efficiently litigate these actions.   This

15  proposed leadership group is comprised of attorneys who have been recognized as "pioneers"

16  in the field of Internet privacy and data breach class action litigation, having commenced and

17  litigated the seminal cases in this field, including cases against RealNetworks, Amazon,

18  DoubleClick, Google, Toys R'Us, Pharmatrak, Avenue A, Facebook, Zynga, T-Mobile,

19  RockYou, Storm8, AdZilla, NebuAd, Palm, Michaels Stores, and Spokeo.   Indeed, the

20  expertise of these lawyers in the areas of computer forensics, computer systems, and

21  privacy/data breach litigation is unmatched.  Here, using their expertise and their knowledge of

22  the applicable law, they have worked extensively to identify and investigate the facts and

23  claims asserted in this case.[2]

24          Proposed Interim Class Counsel also have extensive experience crafting and obtaining

25  multi-state class certifications in consumer rights actions under a variety of state consumer

26  protection laws.  Because a case like this rises or falls on the class certification determination,

27  ---
    [2]   In addition to being a geographically diverse group, Proposed Interim Class Counsel have offices
28        in San Diego, where key facets of Defendants' operations – including the computer servers in
          question – are based.

{ }

appointing leadership counsel experienced in this area is vitally important to protecting plaintiffs' and the other class members' claims. These attorneys have a proven track record of getting this done.

Moreover, Proposed Interim Class Counsel have proven experience successfully leading multidistrict litigations, including managing cases and lawyers in cases similar to this one. Lawyers who can cooperate with others and who can take into account and manage often competing interests and viewpoints are essential to a successful MDL prosecution. Already, Proposed Interim Class Counsel have worked to form and organize this MDL and have organized plaintiffs' counsel from around the country (including those vying for leadership positions) to provide for an orderly presentation at the first hearing.

Finally, Proposed Interim Class Counsel are fully committed to this litigation, and have more than adequate capital and personnel resources to prosecute this Action against their well-funded and deep-pocketed adversaries. In short, Movants propose an inclusive leadership structure designed to draw on the strength of all counsel involved. Their actions to date evidence this expertise and commitment to the success of this litigation. Indeed, Proposed Interim Class Counsel have already:

- Retained and consulted with the leading computer security experts in the United States;

- Conducted extensive forensic computer science analysis and investigations with thousands of potential class members;

- Filed the first class action complaints;

- Moved for transfer and pretrial coordination or consolidation under 28 U.S.C. 1407 before the Judicial Panel on Multidistrict Litigation;

- Drafted and served the first e-discovery data preservation notice upon Sony;

- Interviewed potential informants and obtained information from many thousands of Sony Network consumers;

- Organized the largest and most geographically diverse coalition of plaintiffs and counsel;

1    • Created a state-of-the-art electronic document repository to enable the efficient

2    sharing of encrypted litigation documents among all plaintiffs' counsel;

3    • Arranged with Defendants' counsel for a single, coordinated response date to

4    the various complaints;  and

5    • Proposed methods for telephonic appearances at the status conference as

6    requested by this Court and prepared the proposed agenda.

7    For these reasons, which are more fully detailed below, Movants respectfully request

8    that the Court designate Messrs. Strange, Westerman, Levitt, and Rothken as Interim Class

9    Counsel and Mr. Blood as Liaison Counsel in this multidistrict litigation.

10   **II.    LEGAL STANDARD**

11   Federal Rule of Civil Procedure 23(g)(3) authorizes the court to "designate interim

12   class counsel to act on behalf of a putative class before determining whether to certify the

13   action as a class action."  While Rule 23(g) does not set forth the standards to be applied in

14   choosing interim class counsel, courts have held that the factors used to appoint class counsel

15   pursuant to Rule 23(g)(1) should be applied.  *Parkinson v. Hyundai Motor Am.*, No. SACV 06-

16   345 AHS (MLGx) *et al.*, 2006 U.S. Dist LEXIS 59055, at *6 (C.D. Cal. Aug. 7, 2000) (citing

17   MCL 4th § 21.11); *In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.

18   2006).  These factors are:

**the work counsel has done in identifying or investigating potential claims in the action;**

**counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;**

**counsel's knowledge of the applicable law; and**

**the resources counsel will commit to representing the class.**

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

"In evaluating prospective class counsel, the court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(g). A court may also consider "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." MCL4th, §10.224, p. 27. As discussed herein, Proposed Interim Class Counsel satisfy all of the Rule 23(g) factors and are the counsel best able to represent the interests of the various classes proposed in this Action. The success of these attorneys and firms in leading these types of cases is attributable to their experience and qualifications, their ability to manage litigation such as this, and their willingness to devote the necessary resources to prosecute these types of actions to their successful conclusion.[3]

### III.   <u>ARGUMENT</u>

Proposed Interim Class Counsel's significant efforts in the early stages of this litigation, their experience in consumer rights class action litigation, including multidistrict litigation and electronic privacy matters, and their ability and willingness to commit the

---

[3] Significantly, the attorneys and law firms comprising Proposed Interim Class Counsel do not have standing alliances with one another. In fact, these attorneys and firms independently filed their respective cases, advocated divergent MDL transferee venues for these cases, and opposed each others' respective positions up to and including at the July 2011 JPML hearing at which the 28 U.S.C. § 1407 motion pertaining to this litigation was heard and adjudicated. In the ensuing weeks, however, much analysis and discussion occurred among these attorneys and, after careful consideration, they decided to collaborate with one another because of their collective belief that doing so would result in the best representation of plaintiffs' and other class members' interests in this litigation.

resources required to effectively prosecute this case make them the clear choice for leadership selection here, based on the four enumerated Rule 23(g)(1)(A) factors.

**A. Proposed Interim Class Counsel's Extensive Investigation of the Sony Data Breach and Their Substantial Work Developing the Legal Claims Involved In the Action (Fed. R. Civ. P. 23(g)(1)(A)(i))**

In considering a motion for appointment of lead counsel or interim class counsel, a court must consider the work undertaken by that counsel in the case. *E.g., Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case"). In this litigation, Proposed Interim Class Counsel satisfies that requirement far more than any competing applicant or applicant group. Indeed, collectively, Proposed Interim Class Counsel have been at the forefront of this litigation from the outset and are the primary force behind the achievements made in this case to date.

After significant research and investigation into the data breach at issue, members of the Proposed Interim Class Counsel group were the first to file a class action lawsuit. The work done to investigate and develop these claims went far beyond merely learning about the data breach through media reports, confirming the reported events and filing a case. All the cases that followed alleged the same or similar claims.

As detailed in the time line attached as Exhibit A to the Declaration of Ira Rothken ("Rothken Decl."), the investigation began in early March 2011, about six weeks before Sony publicly disclosed the first data breach. A number of events were occurring that predictably lead to attempts to hack a computer network like Sony's Playstation Network. While Proposed Interim Class Counsel did not know at that time that the breach would be as massive as it turned out to be, or that Sony's network security and data protection protocols and practices were as stunningly poor as they were ultimately revealed to be, to those with the necessary background, the events were worth monitoring. These events included developments in Sony's lawsuit against George Hotz for allegedly "jail breaking" his Playstation 3 and posting instructions for others to do the same so any user could use his or her gaming console as a Linux computer. The "hacktivist" group known as "Anonymous" took a great deal of interest in what the group viewed as an unfair attack on Mr. Hotz. Shortly thereafter, Sony

laid off about one-third of its online entertainment division.  By mid-March 2011, members of the Proposed Interim Class Counsel group began investigating alleged hacking incidents, including unusual and widespread error messages received by users logging into the Sony Playstation Network.

By mid-April, 2011, members of the Proposed Interim Class Counsel group were closely monitoring Sony's activities.  By April 20, 2011, when Sony shut down its Playstation Network - preventing some 77 million registered users of its network from playing online games, accessing their accounts, or purchasing movies and other entertainment on the Playstation Network – Proposed Interim Class Counsel were investigating the reasons for the network shutdown, ultimately learning of the events giving rise to this litigation.

On or about April 26, 2011, members of the Proposed Interim Class Counsel group developed their theory that Sony's inability to confirm whether credit card data had been stolen from its Playstation Network as a result of Sony's alarmingly deficient protocols for handling and otherwise safeguarding such information.  The Payment Card Industry Data Security Standard ("PCI DSS") mandates standards to ensure that all companies that process, store or transmit credit card information maintain an adequately secure environment.  PCI compliance requires proper logging/auditing of access to regulated data and the implementation of proper firewalls to audit the integrity and security of the data that passes through the network.  Based on Proposed Interim Class Counsel's investigation, it appeared that Sony violated industry protocols, thereby putting its network and its network users' information at serious risk for breach and loss.  Proposed Interim Class Counsel's continuing investigation confirmed these facts.

On April 27, 2011, class representative Kristopher Johns filed the first class action lawsuit against the Sony entities in the United States District Court for the Northern District of California. The lawsuit alleged, among other things, that Sony was not PCI compliant and was negligent in its data security, thus breaching its agreements with its users and violating applicable data security laws.  Since filing the initial complaint, members of the Proposed Interim Class Counsel group have continued investigating these claims, including additional

details of the data breach and class members' damages.  In conjunction with this ongoing investigation, which implicates several cutting-edge forensic computing techniques, Proposed Interim Class Counsel have communicated with and obtained data from thousands of affected Sony consumers.

Proposed Interim Class Counsel are working with top experts in the electronic privacy and data breach fields, maintaining an investigative log and database, communicating with potential informants and continuing to develop theories and discovering facts relating to the data breaches and the reasons Sony was unable to prevent those breaches or adequately guard its customers' confidential information, investigating the various ways in which class members have been damaged by Sony's conduct, including learning of the underground attempted sale of class members' information.

As part of their ongoing efforts to develop the claims in this litigation, Proposed Interim Class Counsel have also developed a comprehensive and secure online document repository capturing the results of their investigation.  This state-of-the art Internet repository will facilitate the sharing of documents among plaintiffs' counsel. The document repository resides on servers in a highly secure facility.  All of the data is encrypted on the server and while in transit.

**B.      Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation, As Well As Their Knowledge of and Experience Litigating the Applicable Data Breach Laws, Supports Approval of Their <u>Requested Leadership Structure (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii))</u>**

Courts applying Rule 23(g) have placed great emphasis on proposed lead class counsel's experience with and knowledge of the applicable law – considering it to be the "most persuasive" factor in the Rule 23(g) analysis.  *See, e.g., In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be the most persuasive, however, relates to [proposed class counsel's] experience in, and knowledge of, the applicable law in this field."). Proposed Interim Class Counsel include recognized and proven leaders of the complex litigation bar, have substantial experience litigating claims similar to those here, possess knowledge of the applicable law, and have

expertise in handling class actions and other complex litigation, including Internet privacy and data breach cases.

Here, for example, Proposed Interim Class Counsel have served in leadership positions in similar Internet-related litigation, including *In re DoubleClick, Inc. Privacy Litig.*, No. 00-CIV0641 (NRB) (S.D.N.Y.) (alleging improper use of invisible web bugs and cross website cookies); *In re T-Mobile Sidekick Litig., No.* C 09-04854 JW (N.D. CA) (loss of consumer data and security breach of Microsoft Servers); and *Parke, et al. v. CardSystems Solutions, Inc.*, *et al.* (San Francisco Superior Court Case No. CGC-05-442624) (among the largest breaches of consumer credit card data in the United States); *In re Michaels Stores, Inc., Pin Pad Litig.*, No. 1:11-cv-03350 (MDL No. 2312) (N.D. Ill.) (nationwide data breach case).

As demonstrated below, each applicant has the expertise and skill set that qualify him to lead this litigation.[4] Combined, the group of lawyers comprising Proposed Interim Class Counsel here is best-suited to lead this Action.[5]

---

[4]  The trend in appointing interim class counsel (and class counsel) in multidistrict litigation has been toward appointing individual lawyers, rather than their law firms. By so doing, the Court is assured that the appointed attorneys are personally engaged in prosecuting the case to its successful conclusion, instead of turning the case over to unknown attorneys, for the benefit of the appointed attorneys' firms. District Court Judge Carl Barbier recently made this point in his leadership appointment order in *In Re: Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices Litigation*, MDL No. 2116 (E.D. La. March, 4 2010) stating:

> The aforementioned counsel are to be aware that appointment to the PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.

*Id*. at *2. A copy of this Order is attached as Exhibit B.

[5]  In addition to being supported by the largest group of plaintiffs and their counsel, further testament to the strength and ability of Proposed Interim Class Counsel's application is the fact that several of the attorneys and law firms supporting the present motion have substantial and successful consumer class action and Internet privacy/data breach experience in their own right. Those attorneys include Allan Kanner, of Kanner & Whiteley, L.L.C. (New Orleans, Louisiana); Gary Klein, of Roddy Klein & Ryan (Boston, Massachusetts); Brooks Cutter, of Kershaw Cutter & Ratinoff LLP (Sacramento, California); William Audet, of Audet & Partners, LLP (San Francisco, California); Michael Ram of Ram, Olson Cereghino & Kopczynski LLP (San Francisco, California); and Laurence King, of Kaplan Fox (San Francisco, California). Messrs. Kanner. Klein. Kershaw, Audet, Ram, and King, whose Firm Resumes are appended to the Rothken Decl. as Exhibits H - M, will work with Proposed Interim Class Counsel as an *ad hoc* Executive Committee, thus lending their considerable experience and expertise, on an as-needed basis, to the prosecution of this Action.

**1. Proposed Interim Class Counsel**

    a.    **Adam J. Levitt, Wolf Haldenstein Adler Freeman & Herz LLC**

Adam Levitt, a partner in the Chicago office of Wolf Haldenstein Adler Freeman & Herz LLC, has extensive experience leading multidistrict and other nationwide class action lawsuits, with a substantial focus on Internet and technology law. Recognized as a "pioneer" in the data protection and Internet privacy field by Judge Ware, Chief Judge of the United States District Court for the Northern District of California,[6] Mr. Levitt presently serves as co-lead counsel in *In re Zynga Privacy Litigation*, No. CV 10-04680 (N.D. Cal.) (Ware, C.J.) and *In re Michaels Stores, Inc., Pin Pad Litigation*, No. 1:11-cv-03350 (MDL No. 2312) (N.D. Ill.).

Mr. Levitt has also served as co-lead counsel in the following seminal Internet privacy and data collection actions: *In re RealNetworks, Inc. Privacy Litig.*, MDL No. 1366 (N.D. Ill.); *Supnick v. Amazon.com, Inc.*, No. C00-0221P (W.D. Wash.); *In re DoubleClick, Inc. Privacy Litig.*, No. 00-CIV0641 (NRB) (S.D.N.Y.); *Chance v. Avenue A, Inc.*, No. C00-1964C (W.D. Wash.); and *In re Pharmatrak, Inc. Privacy Litig.*, No. 00-11672-JT (D. Mass.). Several of these cases are the key cases in the data protection and Internet privacy field and have been instrumental in creating the jurisprudential framework for this type of class and direct litigation. *Supnick* was the first case in which a nationwide class was certified under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522 ("ECPA"), based on the court's holding that "interpretation of the relevant privacy policies presents a common question of law or fact that can be resolved by this Court." *Spunik v. Amazon.com, Inc.*, No. C00-0221P, 2000 U.S. Dist. LEXIS 7073, 3-5 (W.D. Wash. May 18, 2000). In *Pharmatrak*, the First Circuit reversed summary judgment on the grounds that the "consent" and "intended recipient" exceptions to the ECPA can be limited by contractual representation (the first, and

---

[6] *In re* Zynga *Privacy Litig.*, No. CV 10-04680 (N.D. Cal.), December 10, 2010 Order Denying Defendant Facebook's Motion to Consolidate; Granting Zynga's Motion to Consolidate; Appointing Interim Class Counsel (Dkt. No. 69), at 5:3-5 ("Wolf, Haldenstein, Adler, Freeman and Herz, LLC. . . [was a] pioneer[] in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue.")

still the only, appellate court to rule on this important issue). *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9, 19-21 (1st Cir. 2003).

Mr. Levitt has also had substantial success leading cases outside of the data protection and Internet privacy fields. For example, he presently serves as Co-Lead Counsel in *In re Genetically Modified Rice Litig.*, MDL No. 1811 (E.D. Mo.), in which he represents the interests of United States long-grain rice producers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically-modified rice seed traits. That case settled on July 1, 2011 for $750,000,000. In addition to *Genetically Modified Rice Litig.,* Mr. Levitt served as Co-Lead Counsel in *In re StarLink Corn Products Liability Litig.*, MDL No. 1403 (N.D. Ill.), where he recovered $110,000,000 on behalf of U.S. corn farmers who sustained market losses resulting from the contamination of the U.S. corn supply with genetically-modified StarLink corn. In addition, Mr. Levitt is presently serving as Co-Lead Counsel in, among other cases, *In re Reebok Easytone Litig.*, No. 4:10-cv-11977-FDS (D. Mass.), a false advertising consumer class action in which Mr. Levitt and co-counsel achieved a $25 million cash refund settlement for class members that is in the process of final court approval; and *In re Porsche Cars North America, Inc., Plastic Coolant Tubes Prods. Liab. Litig.*, MDL No. 2233 (S.D. Ohio), a consumer class action concerning defective parts in certain models of Porsche Cayenne sport utility vehicles.

Mr. Levitt is an elected member of the American Law Institute, has achieved an "AV" rating by Martindale-Hubbell, was named one of Avenue Magazine's "Legal Elite" (2010), and his most recent article was recently published in the Yale Law Journal Online. *See* Michael D. Y. Sukenik & Adam J. Levitt, *CAFA and Federalized Ambiguity: The Case for Discretion in the Unpredictable Class Action*, 120 Yale L.J. Online 233 (2011), http://www.yalelawjournal.org /the-yale-law-journal-pocket-part/legislation/cafa-and-federalized-ambiguity:-the-case-for-discretion-in-the-unpredictable-class-action/. Mr. Levitt also speaks nationally on a variety of topics relating to class actions and other litigation-related issues, including data security and privacy – being the sole plaintiffs' lawyer invited to address

the International Association of Privacy Professionals about "Privacy Litigation: The Evolution in Theories and Outcomes" (Boston, Massachusetts, September 2009).

Wolf Haldenstein, Mr. Levitt's firm, is a nationally recognized class action law firm with extensive experience and expertise in consumer protection, securities, antitrust, financial, and other complex class action litigation. Founded in 1888, Wolf Haldenstein has offices in San Diego, Chicago, and New York City. The firm's Class Action and Complex Litigation Group is comprised of 35 attorneys and ten paraprofessional assistants and the firm has repeatedly been recognized for its successful class action leadership. *See* Rothken Decl. Exhibit C for Wolf Haldenstein's firm resume.

### b. **Ira P. Rothken, Rothken Law Firm**

Ira P. Rothken, a former medical researcher and computer scientist, began the Northern California based Rothken Law Firm in 1993 and the firm has evolved from the beginning of the modern internet in 1995 to emphasize complex consumer protection matters, class actions, and high technology related litigation.

Mr. Rothken has been involved in a number of groundbreaking mass action high technology cases requiring the blend of both technical and legal skills such as those needed in the instant case involving the Sony security breach. Here are some examples:

- Co-lead class counsel representing owners of T-Mobile Sidekick Smartphones against T-Mobile, Microsoft and its subsidiary, Danger, in a nationwide federal court class action lawsuit consolidated in the Northern District of California entitled *In re T-Mobile Sidekick Litig.* claiming the devices and network servers and service were defective, causing loss of data and service, resulting in a nationwide class settlement;

- Co-lead class counsel representing owners of Palm Treo 600 and 650 Smartphones in a nationwide federal court class action lawsuit consolidated in the Northern District of California entitled *In re Palm Treo* claiming the devices are inherently defective resulting in a nationwide class settlement;

- Co-lead settlement class counsel in a nationwide consumer privacy lawsuit brought against DoubleClick for allegedly intruding on web user privacy via cookies and invisible web bugs in In re DoubleClick consolidated in the Southern District of New York entitled *In re DoubleClick Privacy Litig.* resulting in a nationwide class settlement;

- Lead counsel in a State consumer lawsuit against a Music CD Recording Company to prevent their Digital Rights Management scheme from violating consumer privacy and first sale doctrine rights in *DeLise v. Sunncomm et al* resulting in a settlement that benefitted consumers nationwide;

- Lead counsel in a State consumer lawsuit on brought on behalf of consumers against Microsoft, Symantec, Adobe, and others related to their software "EULA", clickthrough, and shrinkwrap policies in *Baker v. Microsoft et al* resulting in a settlement that led to policy changes, created a more transparent market for software companies to compete on licensing terms, and benefitted consumers nationwide;

- Co-lead counsel in *Parke, et al. v. CardSystems Solutions, Inc.*, et al. (San Francisco Superior Court Case No. CGC-05-442624) , a case arising from a historically large credit card data security breach and issues of PCI compliance, and which resulted in CardSystems filing for Bankruptcy protection and losing its Visa and Mastercard processing accreditation.

Mr. Rothken's Internet litigation *"efforts have won him praise from the Electronic Frontier Foundation (EFF), the advocacy group that has become synonymous with user rights on the Web."* CNET July 31, 2007 News.com.

Mr. Rothken's legal and technical skills at e-discovery will be helpful in this data breach case. Mr. Rothken is an active member of the cutting edge **Sedona Conference® Working Group 1 on E-Discovery** and co-edited a leading Commentary on the issues of preserving, managing, and identifying not reasonably accessible electronically stored information. Mr. Rothken as part of his activities on the Sedona Conference spoke at Conferences and Seminars on e-discovery issues, has made numerous contributions to the Sedona Conference works used by Courts and counsel throughout the United States, and in many instances through the Sedona Conference works with Judges and technology lawyers to evolve how e-discovery issues are handled in Courts nationwide including for example through the Sedona Cooperation Proclamation.

Mr. Rothken has given legal seminars in conjunction with the Practicing Law Institute, the Sedona Conference, and the Recorder legal newspaper on numerous Internet law related topics including Internet privacy and data protection, e-discovery, and Internet copyright issues. Mr. Rothken is also a member of the Interactive Game Developers Association ("IGDA") and has spoken at the Computer Game Developers Conference on multiple occasions about how to start a videogame development company. In recognition of his expertise in this field, Mr. Rothken also has appeared as a guest legal expert on television, in seminars, and radio, including CNN (internet privacy), NBC (internet copyright), CBS (internet privacy), CNET radio (internet copyright and privacy), and Court TV (multiple

{ }

appearances for internet gambling issues and copyright issues), and has been quoted in numerous publications including legal newsletters, newspapers (Wall Street Journal, Newsday, NY Times), magazines, and law review articles. *See* Rothken Decl. Exhibit D for Mr. Rothken's firm resume.

### c. **Brian R. Strange, Strange & Carpenter**

Brian R. Strange is an experienced and respected class action and complex business trial lawyer. Mr. Strange has lectured on class actions before numerous organizations, including the California State Bar, the Practicing Law Institute, and various consumer attorneys organizations, and is frequently quoted in various media outlets as an authority on class action litigation.

Mr. Strange has served as lead counsel in several class action cases with settlements obtained in excess of $500 million, including settlements with the nation's largest corporations and has organized and coordinated numerous slates of plaintiffs' counsel in various MDLs across the country. He has been at the forefront of many multidistrict and class action cases, including arguing *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 30 Cal. Rptr. 3d 76 (2005) before the California Supreme Court. In what was one of the most widely cited cases by courts nationwide on this issue, the Court in *Discover Bank* held that bans on class actions in arbitration clauses were unenforceable. Mr. Strange has also been appointed lead counsel in numerous national class actions, including: (a) a nationwide settlement against AT&T Mobility LLC regarding flat-rate early termination fees for mobile phones, entitled *Hall, et al. v. AT&T Mobility LLC f/k/a Cingular Wireless LLC, et al.*, Case No. 07-05325 (JLL) (D. N.J.), which resolved cellular telephone cases involving early termination fees across the country; (b) *Simonet, et al. v. GlaxoSmithKline, et al.*, Case No. 06-1230 (GAG/CVR) (D. P.R.), a recently settled case entitled involving the anti-depressant drug Paxil; (c) *In Re: Apple iPhone 3G and 3GS MMS Marketing and Sales Practices Litigation*, MDL No. 2116 (E.D. La.) (Executive Committee member in lawsuit concerning the operation of the Apple iPhone on AT&T 3G and 3GS networks); and (d) *Toyota Motor Cases*, J.C.C.P. 4621 (L.A. Sup. Ct.) (Mohr, J.)

(appointed Co-Lead Class Counsel in the California state coordinated proceeding involving allegations of unintended acceleration in Toyota vehicles).

Of particular significance in the context of this litigation, Mr. Strange recently authored an article entitled "Security Breach Injury in Cyberspace: Does the Law Keep Up with New Damage Frontiers?" which is scheduled for publication in *Los Angeles Lawyer* in Winter 2012, and has been involved in several recent cases involving Internet-related issues, including domain names, data security. and personal privacy. He is an "AV" rated lawyer by Martindale Hubbell and was nominated as a Southern California Super Lawyer for 2010, 2011 and for the upcoming year 2012. *See* Rothken Decl. Exhibit E for Mr. Strange's firm resume.

### d.  **Jeff S. Westerman, Milberg LLP**

Jeff S. Westerman, a partner in Milberg's Los Angeles office, serves on the Central District of California, U.S. Magistrate Judge Merit Selection Panel (2003-present). He is a member and currently Vice Chair of the Central District's standing committee on Attorney Discipline (2004-present) and a Central District of California Attorney Settlement Officer Panelist (1998-present). He is active in complex litigation in California and moderates and speaks on panels of lawyers and judges on the topic as a past Chair and panelist of the LA County Bar Complex Court Symposium Program. Mr. Westerman was a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference.

Mr. Westerman was one of the principal attorneys responsible for two major California Supreme Court consumer class action rights cases (both 7-0 in favor of consumers) involving class action procedure: *Pioneer Electronics (USA) v. Superior Court* (Olmstead), 40 Cal. 4th 360 (Cal. 2007) and *Branick v. Downey Savings & Loan Ass'n*, 39 Cal. 4th 235 (Cal. 2006).

Mr. Westerman was the president of the Association of Business Trial Lawyers (2004-2005) and a member of the Board of Governors for eight years. He is also on the Board of Governors of the Consumer Attorneys Association of Los Angeles. Mr. Westerman is the Secretary of the Los Angeles County Bar Litigation Section Executive Committee, a member of the Los Angeles Superior Court Bench-Bar Civil Courts Committee, and a member of the

Board of the Los Angeles Chapter of the Federal Bar Association. He is also past Chair of the LA County Bar Complex Courts Bench-Bar Committee, and he served as Judge Pro Tem in the Los Angeles Small Claims Court for many years. He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). He is one of Lawdragon's 3000 Leading Plaintiffs' Lawyers In America (2007- 2010).

Mr. Westerman's firm, Milberg, played a pioneering role in privacy-related litigation. Milberg was Co-Lead Settlement Counsel in an early privacy class action against DoubleClick in 2000, which alleged that the company had placed web cookies on computer hard drives of Internet users who accessed DoubleClick-affiliated web sites, in violation of three federal laws: the Stored Communications Act ("SCA"), the Wiretap Statute, and the Computer Fraud and Abuse Act. *In re DoubleClick Inc. Privacy Litig.*, Master File No. 00-CIV-0641 (NRB) (S.D.N.Y.). As a part of the settlement agreement negotiated by Milberg and other plaintiffs' counsel, DoubleClick agreed to explain its privacy policy in "easy-to-read" language; conduct a public information campaign consisting of 300 million banner ads inviting consumers to learn more about protecting their privacy; and institute data purging and opt-in procedures among other requirements. Milberg was instrumental in settling that privacy class action and coordinated with 31 plaintiffs' law firms that represented plaintiffs. More recently, Milberg was designated as a member of the plaintiffs Executive Committee in *In re iPhone Application Litig.*, 11-MD-02250 (LHK) (N. D. Cal.).

Milberg has more than 40 years of experience litigating hundreds of complex class actions in a wide variety of fields, including consumer and privacy-related class actions. In 2009 and 2010 the *National Law Journal* acknowledged Milberg's "exemplary, cutting-edge work" by including the firm in its prestigious 2010 Plaintiffs' Hot List. Milberg is consistently ranked at the top of the field of class action litigation in the securities field by RiskMetrics Group's Securities Class Action Services ("SCAS"). On March 21, 2011, SCAS ranked Milberg as one of the top firms with settlements totaling approximately $137.5 million achieved in 2010, and also recognized Milberg as one of the top-five firms in the nation for number of settlements achieved (nine), in its "Top SCAS 50 for 2010" list. Milberg was

previously recognized by SCAS for top lead counsel participation with 28 total settlements in the top 100 securities class action settlements of all time. The previous SCAS report for 2009 ranked Milberg as one of the top-50 plaintiffs' firms with settlements totaling $1.44 billion and averaging $144 million per settlement, and also recognized Milberg as one of the top-five firms in the nation for number of settlements achieved (ten). In 2010, Law360 selected Milberg as one of its "plaintiff-side securities firms of the year," citing the firm's $586 million recovery in the *Initial Public Offering* litigation, among other significant accomplishments.

As reported by Law360 in September 2010, Milberg was one of the few plaintiffs' law firms recognized as an "awesome opponent" in a survey of corporate counsel conducted for BTI Consulting Group's 2011 Litigation Outlook report. The survey, which questioned 240 corporate counsel about which firms they feel are the most formidable litigation opponents, revealed that corporate counsel view Milberg as "[one of the law firms] they prefer to steer clear of in litigation." *See* Rothken Decl. Exhibit F for Milberg's firm resume.

### 2. Proposed Liaison Counsel -- Timothy G. Blood, Blood Hurst & O'Reardon, LLP

As detailed in his firm's resume (*see* Rothken Decl. Exhibit G), Timothy Blood has extensive experience litigating a wide variety of class actions that invoke a variety of state laws, finding solutions to difficult class certification issues and managing large, multiparty litigations, including multidistrict litigations. Mr. Blood has been appointed class counsel in cases invoking many of the state laws alleged in this multidistrict litigation, including the laws of California, Ohio, Florida, New York, New Jersey and Massachusetts. Further, Mr. Blood has obtained nationwide and multistate class certifications in consumer rights and other class actions and has tried class actions. He successfully obtained certification in very difficult cases, including one of only two contested certifications in the "vanishing premium" series of insurance cases; cases where many others who attempted contested certifications failed.

State and federal courts around the country have appointed Mr. Blood to leadership positions, including in multidistrict litigations. Over the last few years, Mr. Blood has worked with the Federal Trade Commission ("FTC") in consumer rights cases, including in the

*Dannon* litigation, which resulted in the largest food industry false advertising action in history. Recently, Mr. Blood settled the *In re Reebok Easytone Litig.*, where the settlement with the class and the FTC is being administered through the class action. This level of coordination in a class action with the FTC is unprecedented.

Mr. Blood also has been involved in a number of precedent-setting appellate decisions in state and federal courts, including state Supreme Court decisions that will be instrumental in this litigation.

As an indication of Mr. Blood's ability to cooperatively work with others, Mr. Blood is also active in a variety of bar functions, including presently serving as a member of the Board of Directors of Consumer Attorneys of California and as an officer of Consumer Attorneys of San Diego. On behalf of his clients, in addition to his work with the FTC, he has worked with the California Department of Justice, the California Legislative Analyst's Office and the California Department of Insurance. He has lobbied to limit the provisions of the Class Action Fairness Act and worked with both houses of the California legislature on a variety of legislation. He is also a frequent lecturer at continuing legal education seminars and chairs the annual Consumer Attorneys of San Diego Class Action seminar. He is also a column editor for *Trial Bar News*.

**C.      Proposed Interim Class Counsel's Significant Commitment of Resources on Behalf of the Class and Their Commitment to Provide Such Resources Supports Their Appointment as Co-Lead Counsel (Fed. R. Civ. P. 23(g)(1)(A)(iv))**

Proposed Interim Class Counsel's track record of effectively prosecuting complex class actions reflects their willingness to commit the resources and time necessary to effectively prosecute this case. On many occasions, Proposed Interim Class Counsel have prosecuted cases lasting many years and requiring significant resources. Proposed Interim Class Counsel fully expect that similarly extensive resources will be required here, and they are prepared to invest those resources on behalf of plaintiffs and the other members of the proposed classes.

Proposed Interim Class Counsel have the capital and personnel resources necessary to represent plaintiffs and the proposed class and have already demonstrated a willingness to

expend these resources to properly and efficiently prosecute these actions. Indeed, based on their experience in filing and successfully litigating data breach and other class actions, Proposed Interim Class Counsel fully understand the substantial investment of time and resources necessary to properly pursue and lead such litigation and are committed to devoting the necessary resources to this case.

In addition to the specific Rule 23(g) appointment criteria, which, as explained above, Proposed Interim Class Counsel readily satisfy, there are several other material factors that further strengthen Proposed Interim Class Counsel's appointment request here.

### 1. Ensuring Evidence in this Case is Preserved

Proposed Interim Class Counsel where the first to take steps to ensure that Sony preserved all relevant information when they sent a preservation letter to Sony.

### 2. Commencing This Multidistrict Litigation

Proposed Interim Class Counsel commenced and led the efforts that ultimately resulted in these cases being transferred to this District by the JPML for coordinated or consolidated pretrial proceedings. On May 9, 2011, the Rothken Law Firm filed with the JPML the initial motion to transfer these actions pursuant to 28 U.S.C. § 1407. Mr. Strange and his firm were the first to respond and the first to request that the actions be transferred to the Southern District of California. Messrs. Rothken, Strange, Westerman, Levitt, and Blood initiated plaintiff-wide communications regarding the proper transferee district for these cases and played an instrumental role in all aspects of the proceedings before the JPML.

### 3. Initiating Plaintiffs' Private Ordering/Organizational Efforts

On August 11, 2011, Messrs. Strange and Blood initiated the first, post MDL transfer, organizational efforts amongst all plaintiffs' counsel to discuss the organization and coordination of these cases. Proposed Interim Class Counsel followed up on those initial efforts with extensive email, oral communications, and in-person meetings that were key to the coordination of plaintiffs' collective presentation at the October 13, 2011 Status Conference.

Proposed Interim Class Counsel prepared and filed the most widely-supported Proposed Status Conference Agenda, which was supported by 55 plaintiffs' firms.[7]

### 4. Creating Plaintiffs' Counsel Master Email List

Months ago, Mr. Strange's firm and Mr. Rothken's firm created a master email list of all counsel, which they continue to update. Currently, the list consists of more than 120 email addresses. Use of this email list remains the most efficient method for plaintiffs' counsel to communicate.

### 5. Creating a Master List of All Plaintiffs' Cases

Proposed Interim Class Counsel also prepared a master list of all known related cases, which includes the names of the parties, their counsel, and the transferor courts. This was attached as an Exhibit to their Proposed Agenda for the October 13, 2011 Status Conference for the convenience of the Court (Dkt. No. 20).

### 6. Creating An Investigation Database

Proposed Interim Class Counsel have compiled substantial information regarding potential class members claims based on communications with tens of thousands of consumers *via* telephone, email and website submissions.

---

[7] Five of those firms – Ridout & Lyon, LLP; Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP; Herman Gerel, LLP; Zimmerman Reed PLLP; Motley Rice LLC – filed a separate Notice advising the Court of their support for Proposed Interim Class Counsel's Proposed Status Conference Agenda (Dkt. No. 24). The second-most supported Proposed Status Conference Agenda, filed by Robbins Geller Rudman & Dowd LLP and Barnow and Associates, PC was supported by 36 firms (Dkt. No. 15).

IV.    **CONCLUSION**

For all of the foregoing reasons, Movants respectfully request that the Court designate Brian R. Strange, Jeff S. Westerman, Adam J. Levitt, and Ira P. Rothken as plaintiffs' Interim Class Counsel and appoint Timothy G. Blood as Plaintiffs' Liaison Counsel.

DATED:  November 1, 2011                    Respectfully submitted,


By:    /s/ *Timothy G. Blood*
Timothy G. Blood
Thomas J. O'Reardon, II
BLOOD HURST & O'REARDON LLP
600 B Street, Suite 1550
San Diego, California  92101
(619)338-1100
(619)338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
*Representing Kyle Johnson*

***Plaintiffs' Proposed Liaison Counsel***

Jeff S Westerman
David E Azar
MILBERG LLP
300 South Grand Avenue, Suite 3900
Los Angeles, California  90071
Tel:  (213) 617-1200
Fax:  (213) 617-1975
jwesterman@milberg.com
dazar@milberg.com
*Representing Frank Turano*

Adam J. Levitt
Edmund S. Aronowitz
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001
levitt@whafh.com
aronowitz@whafh.com
*Representing Christopher W. McKewon, Christopher Wilson, Robert M. Bova*

Brian R. Strange
Carolyn A. Deverich
STRANGE & CARPENTER
12100 Wilshire Boulevard Suite 1900
Los Angeles, California  90025
Tel: 310-207-5055
Fax: 310-826-3210
lacounsel@earthlink.net
*Representing Arthur Howe, Fernando Lizarraga, Jr.*

Ira Perry Rothken
Jared Robinson Smith
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, California  94949
Tel:  (415) 924-4250
Fax:  (415) 924-2905
ndca@techfirm.com
jared@techfirm.net
*Representing Kristopher Johns*

***Plaintiffs' Proposed Interim Class Counsel***

Allan Kanner
Conlee Schell Whiteley
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777
(504) 524-5763 (fax)
a.kanner@kanner-law.com
*Representing Art Boonparn, Brett Dupree, Christopher Cullen*

Gary Klein
RODDY KLEIN & RYAN
727 Atlantic Ave. 2d Floor
Boston, Massachusetts  0211
(617) 357-5500
(617) 357-5030 (fax)
klein@roddykleinryan.com
*Representing Quentin Reaves, Danielle Bogan, Robert Mayo*

William Alter Kershaw
C. Brooks Cutter
Stuart C. Talley
John R. Parker, Jr.
Kershaw Cutter and Ratinoff
401 Watt Avenue
Sacramento, California 95864
(916)448-9800
(916)448-9800 (fax)
stalley@kcrlegal.com
wkershaw@kcrlegal.com
jparker@kcrlegal.com
bcutter@kcrlegal.com
*Representing Kristopher Johns, Chad Peterson, Jon Bowie*

William M. Audet
Jonas Palmer Mann
Joshua Caleb Ezrin
Kevin Lee Thomason
Audet & Partners LLP
221 Main Street
Suite 1460
San Francisco, California 94105
(415)568-2555
(415)568-2556 (fax)
waudet@audetlaw.com
jmann@audetlaw.com
jezrin@audetlaw.com
*Representing Justin Newman*

{ }

Michael F. Ram
Ram, Olson, Cereghino & Kopczynski LLP
555 Montgomery Street
Suite 820
San Francisco, California 94111
(415) 433-4949
(415) 433-7311 (fax)
mram@rocklawcal.com
*Representing Juan A Garcia, Ryan Romaine*

Linda M Fong
Laurence D King
Kaplan Fox & Kilsheimer LLP
350 Sansome Street Suite 400
San Francisco, California 94104
415-772-4700
415-772-4707 (fax)
lfong@kaplanfox.com
lking@kaplanfox.com
*Representing George Whitcher*

Donald Chidi Amamgbo, Esq.
Amamgbo & Associates
6167 Bristol Parkway
Suite 325
Culver City, California 90230
(310) 337-1137
(310) 337-1157 (fax)
donald@amamgbolaw.com
*Representing Sergio Maravilla*

Michael J. Aschenbrener
Aschenbrener Law P.C.
10 S Riverside Plaza
Suite 1800
Chicago, Illinois 60606
312-462-4922
312-462-4923 (fax)
mja@aschenbrenerlaw.com
*Representing James Efird*

Mark A. Chavez
Nance Felice Becker
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, California 94941
(415)381-5599
(415)381-5572 (fax)
mark@chavezgertler.com
nance@chavezgertler.com
*Representing Danielle Bogan, Quentin Reaves, Robert Mayo*

Michael A. Caddell
Cynthia B. Chapman
Cory S. Fein
Caddell & Chapman
1331 Lamar
Suite 1070
Houston, Texas 77010
(713)751-0400
(713)751-0906 (fax)
mac@caddellchapman.com
cbc@caddellchapman.com
csf@caddellchapman.com
*Representing Aaron Wester, Amanda Lightaul, David McElroy, Eric Bell, Gregory Newman, III, Nicholas Michael , Raymond Grosch, Tony Greer*

Gerald H. Clark
Clark Law Firm
1074 Broadway
Suite 101
West Long Branch, New Jersey 07764
(732) 443-0333
(732) 272-1685 (fax)
gclark@clarklawnj.com
*Representing Joana Corticeiro, Martin Varela*

Christopher L. Dore
Bradley Michael Baglien
Jay Edelson
Edelson McGuire, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
(312) 589-6370
cdore@edelson.com
bbaglien@edelson.com
jedelson@edelson.com
*Representing James Efird*

{}

William J. Doyle, II
DOYLE LOWTHER LLP
10200 Willow Creek Rd.
Suite 150
San Diego, California 92131
(858) 935-9960
(858) 939-1939 (fax)
bill@doylelowther.com
*Representing Christopher W.
McKewon, Christopher Wilson*

David Pastor
Gilman & Pastor
225 Franklin Street, 16th Floor
Boston, Massachusetts 02110
617-742-9700
617-742-9701 (fax)
dpastor@gilmanpastor.com
*Representing Robert M. Bova*

Miriam L. Schimmel
Andrew Joseph Sokolowski
David Lishian Cheng
Initiative Legal Group, APC
1800 Century Park East
2nd Floor
Los Angeles, California 90067
(310) 556-5637
(310) 861-9051 (fax)
MSchimmel@InitiativeLegal.com
asokolowski@initiativelegal.com
DCheng@InitiativeLegal.com
*Representing Jin Chung, Thomas
Flamson*

Stuart George Gross
Gross Law
The Embarcadero
Pier 9, Suite 100
San Francisco, California 94111
415-671-4628
415-480-6688 (fax)
sgross@gross-law.com
*Representing Daniel Ruan, Sean
Clawson*

Justin B Farar
Kaplan Fox and Kilsheimer LLP
1801 Century Park East Suite 1095
Los Angeles, California 90067
310-785-0800
310-785-0897 (fax)
*Representing George Whitcher*

Sean Patrick Reis
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
(949) 459-2124
(949) 459-2123 (fax)
sreis@edelson.com
*Representing James Efird*

Kenneth G. Gilman
Gilman and Pastor, LLP
16 Fourteenth Avenue
Wareham, Massachusetts 02571
(508) 291-8400
(508) 291-3258 (fax)
kgilman@gilmanpastor.com
*Representing Dawn Thompson*

Todd Goldberg
Goldfarb Branham LLP
2501 North Harwood
Suite 1801
Dallas, Texas 75201
(214) 583-2233
*Representing Christopher W. McKewon, Christopher
Wilson*

Mark E Burton, Jr.
Hersh and Hersh
601 Van Ness Avenue
Suite 2080
San Francisco, California 94102
(415)441-5544
(415)441-7586 (fax)
general@hershlaw.com
*Representing Ian McCoy*

Stephen A. Swedlow
Korein Tillery
205 N. Michigan Avenue
Suite 1940
Chicago, Illinois 60601
(312) 899-5064
(312) 641-9555
SSwedlow@KoreinTillery.com
*Representing Octavio Laos*

{}

| | |
|---|---|
| Stephen A. Swedlow<br>Korein Tillery<br>205 N. Michigan Avenue<br>Suite 1940<br>Chicago, Illinois  60601<br>(312) 899-5064<br>(312) 641-9555<br>SSwedlow@KoreinTillery.com<br>*Representing Octavio Laos* | Mark Schlachet<br>Law Offices of Mark Schlachet<br>3637 South Green Road<br>Second Floor<br>Cleveland, Ohio  44112<br>(216) 896-0714<br>(216) 514-6406 (fax)<br>mschlachet@gmail.com<br>*Representing John Nardy* |
| Robert K. Shelquist<br>Lockridge Grindal Nauen P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, Minnesota  55401<br>(612) 339-6900<br>(612) 339-0981 (fax)<br>rkshelquist@locklaw.com<br>*Representing Juan A Garcia, Ryan Romaine* | Aaron Hillel Darsky<br>Schubert and Reed<br>3 Embarcadero Center<br>Suite 1650<br>San Francisco, California 94111<br>(415)788-4220<br>aarondarsky@msn.com<br>*Representing Mark Obregon* |
| Thomas D. Mauriello<br>Mauriello Law Firm APC<br>1181 Puerta Del Sol<br>Suite 120<br>San Clemente, California 92673<br>(949) 542-3555<br>(949)606-9690 (fax)<br>tomm@maurlaw.com<br>*Representing Devin Chapnick* | Gillian L Wade<br>Sara D. Avila<br>Milstein Adelman LLP<br>2800 Donald Douglas Loop North<br>Santa Monica, California  90405<br>(310)396-9600<br>(310)396-9635 (fax)<br>gwade@milsteinadelman.com<br>savila@maklawyers.com<br>*Representing Farid Kazimi, Anthony Matacale, Art Boonparn, Brett Dupree, Christopher Cullen, Valencia Wilson, Jamani Riveron, Krista Riveron* |
| Joseph Jeremy Siprut<br>Siprut, PC<br>122 South Michigan Avenue<br>Suite 1850<br>Chicago, Illinois 60603<br>312-588-1440<br>312-427-1850 (fax)<br>jsiprut@siprut.com<br>*Representing Correlle Walker* | James D. Hoey, III<br>The Hoey Law Firm<br>4275 Executive Square<br>#200<br>La Jolla, California 92037<br>(858)550-1002<br>(858)550-2043 (fax)<br>hoey@hoeyfirm.com<br>*Representing Octavio Laos* |

{}

Reginald Terrell
The Terrell Law Group
PO Box 13315
PMB #148
Oakland, California 94661
(510) 237-9700
(510) 237-4616 (fax)
reggiet2@aol.com
*Representing Sergio Maravilla*

Patrick Hugh Moran
Francis Michael Gregorek
Betsy Carol Manifold
Rachele R. Rickert
Patrick Hugh Moran
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street
Symphony Towers Suite 2770
San Diego, California 92101
(619)239-4599
(619)234-4599 (fax)
moran@whafh.com
rickert@whafh.com
manifold@whafh.com
gregorek@whafh.com
*Representing Christopher W. McKewon, Christopher Wilson, Correlle Walker, Robert M. Bova*

**Additional Supporting Counsel**

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed November 1, 2011.

/s/  *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON LLP
600 B Street, Suite 1550
San Diego, California  92101
Tel: (619)338-1100 / Fax: (619)338-1101
tblood@bholaw.com