CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD, LLP
GAYLE M. BLATT (State Bar No. 122048)
Email: gmb@cglaw.com
110 Laurel Street
San Diego, CA 92101-1486
(619) 238-1811
(619) 544-9232 Fax

*Attorneys for Plaintiffs*
*Rebecca Mitchell and James Cupp*

(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>**THIS FILING RELATES TO:**<br>*All Related Cases.* | CASE NO: 11-md-2258 AJB (MDD)<br><br>*Assigned for all purposes to the Honorable Anthony J. Battaglia*<br><br>***MITCHELL* GROUP'S RESPONSE TO COMPETING COUNSELS' MOTIONS FOR APPOINTMENT TO PSC**<br><br>Hearing Date: December 19, 2011 |

The *Mitchell* Group[1] respectfully submits its response to the competing applications for appointment to the Plaintiffs' Steering Committee ("PSC") and/or to the position of Liaison Counsel.

## I. INTRODUCTION

Without doubt, the law firms seeking appointment to the PSC are well-known and qualified to represent the interests of the class in this complex litigation. Regrettably, despite their best efforts, plaintiffs' counsel could not reach agreement on how best to structure a balanced PSC that promotes a fair allocation of responsibility and work to all interested firms. The task at hand is not for each group to attack the competition and declare "we are the best" in an effort to secure all seats on the PSC. Having just one group sit on the PSC would, in essence, allocate all work to that group to the exclusion of qualified others. Accordingly, the *Mitchell* Group respectfully requests that the Court appoint a "blended" PSC that taps the talents and expertise of each competing group and, in doing so, ensures a fair allocation of work and responsibility going forward. The *Mitchell* Group submits that this approach will secure the *best* representation for the class.

## II. SUMMARY OF THE COMPETING APPLICATIONS

On November 1, 2011, plaintiffs' counsel filed six competing motions for appointment to the PSC and/or to the position of Liaison Counsel. *See* Docket Nos. 38, 41, 42, 43, 45 and 47. Three of the motions are "group" motions requesting that the Court appoint members of a particular group of law firms to all seats on the PSC, and three motions seek appointment of an individual lawyer to one seat on a multi-seat PSC:

---

[1] The *Mitchell* Group consists of the following firms: Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP; Motley Rice, LLC and LLP; Zimmerman Reed, P.L.L.P; Herman Gerel, LLP; and Ridout Lyon L.L.P.

| Lead Plaintiff | Application Type | Proposed PSC | Location of Counsel | Proposed Liaison Counsel |
|---|---|---|---|---|
| *Mitchell* | Group | Motley Rice, LLC and LLP<br>Zimmerman Reed, P.L.L.P.<br>Herman Gerel, LLP | Arizona<br>California<br>Georgia | Gayle Blatt<br>Tim Blood |
| *Johns* | Group | Adam Levitt (Wolf Haldenstein)<br>Brian Strange (Strange & Carpenter)<br>Jeff Westerman (Milberg, LLP)<br>Ira Rothken (Rothken Law Firm) | Illinois<br>California | Tim Blood |
| *Ahmed* | Group | Robbins Geller LLP<br>Barnow & Associates, P.C.<br>Whatley Drake & Kallas LLC<br>Labaton Sucharow LLP | California<br>Illinois<br>New York | None |
| *Chi* | Individual | Tina Wolfson (Ahdoot & Wolfson P.C.) | California | None |
| *Becnel* | Individual | Daniel Becnel (Becnel Law Firm) | Louisiana | None |
| *McCord* | Individual | Lester Levy (Wolf Popper LLP) | New York | None |

While two of the three competing groups represent a plaintiff who filed a class action against Sony on April 27, 2011, the *Mitchell* Group filed the first case at 10:03 am that morning.[2] While that fact alone is not dispositive, it does reveal that the *Mitchell* case in not a "copy cat" case. Moreover, the fact that the competing groups filed cases on or about the same day shows that they all came out of the gate on equal footing and thus should be willing and able to work together on a "blended" PSC.

## II. ARGUMENT

### A. Gayle Blatt and Tim Blood Will Best Serve the Interests of the Class as Co-Liaison Counsel.

In its application, the *Mitchell* Group proposes that Gayle Blatt, a partner in Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP, serve as Liaison Counsel. Reaching across the aisle, the *Mitchell* Group also proposes that Tim Blood, a partner in Blood, Hurst & O'Reardon, LLP (a firm in the competing *Johns* group),

---

[2] While the "*Johns* Group" indicates that it filed the first case (*see* Doc. 47 at 7), the time-stamped copies of the relevant complaints show otherwise. *See* Exhibit 1 attached hereto (time-stamped copy of face page of *Mitchell* Complaint and *Johns* Complaint).

serve with Ms. Blatt at Co-Liaison Counsel. Both attorneys are well-qualified to serve as Co-Liaison Counsel and no other lawyer or firm has requested the position of Liaison Counsel.[3] Accordingly, the *Mitchell* Group requests that the Court appoint Gayle Blatt and Tim Blood as Co-Liaison Counsel.

**B.  A "Blended" PSC Will Best Serve the Interests of the Class.**

Although the *Mitchell* Group is fully qualified to assume all the lead positions, our request for a blended PSC is the fairest to everyone and will best serve the interests of the putative class. By being inclusive, it allows the putative class to have the full benefit of the collective wide-range of experience, talent, and resources of the various well-qualified, highly-capitalized and diverse firms (and diverse clients). It also ensures that the work on this case will be performed efficiently and distributed fairly evenly among this talent pool of counsel, with the putative class enjoying the benefit of this collective wisdom of the firms.

This inclusive approach gives all the firms a strong incentive to contribute their human and capital resources to get the best, realistic result. We understand that a blended PSC means that all groups, including ours, will have to compromise a bit, but we think this approach is the fairest and likely to lead to the most efficient employment of resources on behalf of the putative class. Without being presumptuous, we think this type of unified approach is what the Court gave the various plaintiff groups the opportunity to try to achieve on their own. To some extent, the three principal groups tried to tackle that task. Given the circumstances and the number of parties, however, these firms were unsuccessful. Nonetheless,

---

[3] The "*Ahmed* Group" suggests that there is no need for a Liaison Counsel on the grounds that the Robbins Geller firm, with its office in San Diego, can cover the responsibilities of a Liaison Counsel while also serving on the PSC. *See* Doc. 45-1 at 1 n.1. The *Mitchell* Group respectfully disagrees. The proposed Co-Liaison Counsel, Gayle Blatt and Tim Blood, are outstanding members of the San Diego Bar who have long-standing records of maintaining excellent working relationships with the courts and counsel throughout San Diego. Given the number of consolidated cases and related counsel of record in this large MDL, we believe it is best to keep the responsibilities of Liaison Counsel separate and apart from the PSC to ensure effective and timely communications with the Court.

with a little structural help from the Court, the task can be accomplished, and would be both fairer than picking one of these three groups and would better serve the putative class.

**C.    The Court's Assistance in Creating a Balanced PSC is Necessary.**

The Court's assistance in helping the groups form a unified co-counsel structure is necessary. One obstacle for the three groups not being able to create a blended approach on their own, without the aid of the Court, was that it became clear that each group wanted to ensure that *all* of its members were given leadership roles as co-leads. Indeed, it is our understanding that two of the groups made commitments to include all of their firms in any lead counsel application -- even one that incorporated all three groups. This made it too hard for the groups to come together on their own because a number of the firms also thought that a leadership structure that accommodated all the groups in this fashion would result in eleven or more co-leads, which would be too large and too unwieldy, and might also not be viewed favorably.

Requiring and empowering each group to pick its own leader or leaders, however, would address these concerns and overcome this obstacle. The result would be a lean and representative leadership structure, but also one that offered additional benefits to the putative class, including the utilization of the unique talents of all firms. In addition, representative leads would best be able to look out for the interests of the class.

**D.    Suggested Alternatives for a "Blended" PSC.**

In the event the Court decides to appoint a "blended" PSC, the *Mitchell* Group respectfully requests that the Court direct each of the three groups to designate one or more co-leads – as the Court deems appropriate – to represent that group on the PSC. If the Court determines that one firm from each group will best serve the interest of the class, then each group can designate one firm (or specific lawyers) to represent that group on the PSC. If the Court determines that two or another equal

number of representatives from each group are better, then each group can designate the appropriate number of representatives to serve on the PSC, as follows:

| Co-Lead | Co-Lead | Co-Lead | Liaison Counsel |
|---|---|---|---|
| • Attorney (s)/ Firm(s) Designated by Group 1 | • Attorney (s)/ Firm(s) Designated by Group 2 | • Attorney (s)/ Firm(s) Designated by Group 3 | • Gayle Blatt<br>• Tim Blood |

Under this blended PSC, each group's representative(s) could call upon the talents, experience and resources of its group's list of firms. This approach would keep the leadership structure streamlined while at the same time retain the diversity and experience that all the groups have to offer.

In that regard, this blended PSC, with its limited number of seats, will not result in a "multi-headed hydra that experience indicates would lead to inefficiencies and unproductive competition among co-counsel." *See* Doc. 45-1 at 3 n.3. Instead, each group will have equal representation on a streamlined PSC, and that PSC will then give due consideration to allocating work to all counsel, including the attorneys who submitted individual applications. While the PSC would control the distribution of the work, perhaps through the establishment of committees, a blended PSC assures that all firms have a fair chance of obtaining the work that best taps their expertise and resources for the benefit of the class.

### III.   CONCLUSION

For the reasons stated above, as well as those set forth in its Motion for Appointment to the PSC (Docket No. 43), The *Mitchell* Group respectfully requests that the Court: (1) appoint a blended PSC, and (2) direct each competing group to designate a representative (or representatives) to sit on the PSC.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 |  | CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD LLP |
| 3 |  |  |
| 4 | Dated: November 15, 2011 | By:__s/Gayle M. Blatt<br>Gayle M. Blatt, (State Bar No. 122048)<br>Email: gmb@cglaw.com<br>110 Laurel Street<br>San Diego, CA 92101-1486<br>(619) 238-1811<br>(619) 544-9232 Facsimile |

RIDOUT & LYON, LLP
Christopher P. Ridout (State Bar No. 143931)
Email: c.ridout@ridoutlyonlaw.com
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

ZIMMERMAN REED P.L.L.P.
Hart L. Robinovitch (AZ Bar No. 020910)
Email: Hart.Robinovitch@zimmreed.com
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
(480) 348-6400
(480) 348-6415 Facsimile

MOTLEY RICE, LLP
Mark I. Labaton (State Bar No. 159555)
Email: mlabaton@motelyrice.com
1100 Glendon Ave. 15th Floor
Los Angeles, CA 90024
(310) 500-3488
(310) 824-2870 Facsimile

HERMAN GEREL, LLP
David A. McKay (State Bar No. 666557)
Email: dmckay@hermangerel.com
230 Peachtree Street, NW, Suite 2260
Atlanta, GA 30303-1515
(404) 880-9500
(404) 880-9605 Facsimile

*Attorneys for Plaintiffs*
*Rebecca Mitchell and James Cupp*