UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Civil No.11md2258 AJB (MDD) |
| | ) | |
| SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | ORDER RE APPOINTMENT OF LIAISON COUNSEL AND THE PLAINTIFFS' STEERING COMMITTEE AND NOTICE OF STATUS CONFERENCE |

On October 13, 2011, the Court held a Status Conference in this case with counsel for the various plaintiffs, and defendant. The Court and counsel discussed a process for appointment for Liaison Counsel and the Plaintiffs' Steering Committee ("PSC") including a briefing schedule for nominations and objections. That process is now complete, and based thereon, it is hereby ordered as follows:

**1. APPOINTMENT OF PLAINTIFFS' LIAISON COUNSEL**

    A.    The Court hereby appoints the following attorneys to the position of Plaintiffs' Co-Liaison Counsel:

| **Timothy Gordon Blood** | **Gayle M. Blatt** |
|---|---|
| Blood Hurst & O'Reardon LLP | Casey Gerry Schenk Francavilla Blatt & Penfield |
| 600 B Street, Suite 1550 | 110 Laurel Street |
| San Diego, CA 92101 | San Diego, CA 92101 |
| (619) 338-1100 | (619) 238-1811 |

B. Plaintiffs' Co-Liaison Counsel are charged with the following administrative functions in addition to those functions required of PSC members as set forth in Section 2 below, as Co-Liaison Counsel are members of the PSC. At a minimum, Plaintiffs' Co-Liaison Counsel have the following responsibilities:

1. To receive and distribute pleadings, orders, and motions on behalf of all Plaintiffs;
2. To coordinate service and filings;
3. Periodically to review the attorney service list on the Court's website, promptly communicate necessary revisions to the Clerk and effectuate required revisions in accordance with direction from the Clerk;
4. To coordinate, establish or maintain a document repository, real or virtual, to be available to all participating plaintiffs' counsel;
5. To maintain complete files with copies of all documents served by or upon them in hard copy or electronic form. Co-Liaison Counsel will make such files available at reasonable hours to Plaintiffs' counsel of record upon request;
6. To receive orders and notices from the Judicial Panel on Multi-District Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all Plaintiffs;
7. To schedule and preside over meetings of the PSC as Co-Chairs; and
8. To carry out such other duties as the Court may order.

**2. PLAINTIFFS' STEERING COMMITTEE.**

A. The Court hereby appoints the following counsel[1] to the Plaintiffs' Steering Committee :

| **Brian R. Strange** | **Adam J. Levitt** |
|---|---|
| Strange & Carpenter | Wolf Haldenstein Adler Freeman & Herz LLC |
| 12100 Wilshire Blvd., Suite 1900 | 55 West Monroe Street, Suite 1111 |
| Los Angeles, CA 90025 | Chicago, Ill 60603 |

---

[1] It is counsel who is appointed in this capacity and they are expected to participate individually, and not through others in their respective firms, in discharging the duties set forth below as PSC members.

**David A. McKay**

Herman Gerel, LLP

230 Peachtree Street, NW, Suite 2260

Atlanta, GA 30303-1515

**Paul J. Geller**

Robbins Geller Rudman & Dowd, LLP

120 E. Palmetto Park Road, Suite 500

Boca Raton, FL 33432

**Ben Barnow**

Barnow and Associates, P.C.

One North LaSalle Street, Suite 4600

Chicago, IL 60602

B. The Court hereby charges the PSC with the following responsibilities:

    1. General. The PSC will:

        a. Determine and present to the Court and opposing parties the position of the Plaintiffs on all coordinated matters arising during pretrial proceedings;

        b. Coordinate the initiation and conduct of discovery for the common benefit of the Plaintiffs;

        c. Submit, where needed, additional committees and counsel for designation by the Court; and

        d. Perform other such duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

    2. Discovery. The PSC will:

        a. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant Multi-District Litigation;

        b. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all personal injury plaintiffs;

    c. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

    d. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

  3. Hearings and Meetings. The PSC will:

    a. Call meetings of plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

    b. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

    c. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

    d. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive, individual or different positions.

  4. Miscellaneous. In addition, the PSC will:

    a. Submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the PSC as well as oppose, when necessary, any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC;

    b. Negotiate and enter into stipulations with defendants regarding this litigation. All such stipulations entered into by the PSC, except for purely administrative details such as scheduling, shall be submitted to the Court

for approval and will not be binding unless and until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within fourteen (14) business days after he or she knows or reasonably should have become aware of the stipulation. Failure timely to object shall be deemed a waiver, and the stipulation shall bind the dilatory party;

  c. Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

  d. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

  e. Prepare periodic status reports summarizing the PSC's work and progress. These reports will be submitted to the Court, for in camera review, by Plaintiffs' Co-Liaison Counsel, who will promptly distribute copies to the other plaintiffs' attorneys;

  f. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders;

  g. Perform such other functions as may be expressly authorized by further orders of this Court;

5. Other Provisions Related to Plaintiffs' Co-Liaison Counsel and the PSC:

  a. The term of appointment.

    i. The appointment of Co-Liaison Counsel and the PSC members will be reviewed annually by the Court at a time and in a manner approved by the Court.

  b. Privileged Communications.

    i. The Court recognizes that cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation. The communication, transmission or dissemination of

information of common interest among Plaintiffs' counsel will be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege or protection from disclosure to which a party may otherwise be entitled.

    c. Plaintiffs' Co-Liaison Counsel and PSC members will be entitled to seek reimbursement for reasonable fees and costs expended in the performance of their duties and time in a manner approved by the Court.

        i. Only time spent on matters common to all claimants in MDL 2258 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

        ii. Counsel will keep contemporaneous records of their time and expenses devoted to this matter in a uniform manner. Those records must reflect the date the legal services are rendered, the nature of service rendered, the provider of the services, the hourly rate applied, and the specific matter in which the services were rendered and the hours expended. Time will be entered in 10th-of-an-hour increments, (e.g., 1-6=.10 hours). Failure to do so may result in time being disallowed.

6. Further Orders:

    a. The PSC is ordered to participate in a telephonic status conference on ***December 21, 2011 at 9:00 a.m.*** Co-Liaison Counsel will make arrangements for the conference call and advise all counsel appearing in the case. No later than ***December 19, 2011***, Co-Liaison Counsel will submit a list of all persons expected to be on the call. Defense counsel will not participate in this conference, and the record of the conference will not be public as

the conference will deal with purely administrative matters concerning the operation of the PSC.

      b. The PSC is directed to confer and discuss the following issues in advance of the Status Conference:

          i. The possible filing of a Consolidated Mater Complaint for this case;

          ii. A plan for managing and accounting for the advanced costs in this case;

          iii. Guidelines and limitations for travel expenses;

          iv. The interval and manner of reporting of time and expenses for all activities performed by counsel as authorized by the PSC to the Court.

IT IS SO ORDERED.

DATED: November 29, 2011

_____

Hon. Anthony J. Battaglia
U.S. District Judge

sony/order granting psc and lc