UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No.11md2258 AJB (MDD)<br><br>AND ALL MEMBER CASES<br><br>NOTICE AND ORDER PROVIDING TENTATIVE RULING REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |

Currently before the Court, and set for hearing on October 18, 2013, is Defendants' motion to dismiss Plaintiffs' First Amended Consolidated Class Action Complaint. (Doc. No. 128.) Having considered the submissions of the parties, the Court hereby issues the following *tentative rulings* to assist Counsel prepare and structure their arguments for the scheduled hearing:

**Standing as to SOE**:

Sony's motion to dismiss is **DENIED**, but the Court's order will provide clarification as to the claims Plaintiff Wright may assert.

**Article III Standing:**

Sony's motion to dismiss is **DENIED**.

**Negligence Claims**:

    Florida Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Missouri Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Ohio Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    California Claim: The claim is **DISMISSED** without prejudice as to Plaintiff Howe based on failure to allege cognizable injury, and **DISMISSED** with prejudice as to Plaintiffs Howe and Plaintiff Johnson based on the economic loss doctrine.

    Massachusetts Claim: The claim is **DISMISSED** without prejudice for failure to allege cognizable injury, but dismissed with prejudice based on the economic loss doctrine.

**Negligent Misrepresentation Claims**:

    Florida Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Michigan Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    New Hampshire Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Ohio Claim: The claim is **DISMISSED** with prejudice because the claim does not apply to consumer transactions.

    Texas Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Missouri Claim: The claim is **DISMISSED** with prejudice for failure to allege cognizable injury.

    Massachusetts Claim: The claim is **DISMISSED** without prejudice for failure to allege cognizable injury.

**Breach of Warranty Claims:**

    The claims are **DISMISSED** with prejudice based on the choice-of-law clauses in the Parties' Agreements. Plaintiffs are granted leave to amend to plead breach of express warranty claims under California law.

**Breach of Implied Warranty Claims:**

    Florida Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

    Michigan Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

    Missouri Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

New York Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

Massachusetts: The claim is **DISMISSED** with prejudice based on the UCC.

New Hampshire Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

Texas Claim: The claim is **DISMISSED** with prejudice based on the disclaimer in the warranty.

**Unjust Enrichment Claims:**

Florida Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

Michigan Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

Missouri Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

New Hampshire Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

Ohio Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

Massachusetts Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

New York Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

Texas Claim: The claim is **DISMISSED** with prejudice based on the existence of a valid contract.

**Consumer Protection Claims**:

UCL Claims: Plaintiffs do not have standing based on a benefit of the bargain theory because the alleged misrepresentations did not occur prior to, or at the time of the purchase of the PSPs, and the omission claims are not sufficiently plead.  However, Plaintiffs Johnson and Howe have standing to the extent they sustained unauthorized charges on their accounts.  Sony's substantive arguments for dismissal of the UCL claims are **DENIED**, but Plaintiffs' claims are limited to alleged misrepresentations regarding the use of "industry standard encryption."

FAL: Plaintiffs do not have standing based on a benefit of the bargain theory because the alleged misrepresentations did not occur prior to, or at the time of the purchase of the PSPs, and the omission claims are not sufficiently plead.  However, Plaintiffs Johnson and Howe have standing to the extent they sustained unauthorized charges on their accounts.  Sony's substantive arguments for dismissal of the FAL claims are

|  |  |  |
|---|---|---|
|  |  | **DENIED**, but Plaintiffs' claims are limited to alleged misrepresentations regarding the use of "industry standard encryption." |
|  | CLRA: | Plaintiffs do not have standing based on a benefit of the bargain theory because the alleged misrepresentations did not occur prior to, or at the time of the purchase of the PSPs, and the omission claims are not sufficiently plead.  However, Plaintiffs Johnson and Howe have standing to the extent they sustained unauthorized charges on their accounts.  Sony's substantive arguments for dismissal of the CLRA claims are **DENIED**, but Plaintiffs' claims are limited to alleged misrepresentations regarding the use of "industry standard encryption." |
|  | Florida DUTPA: | The damages claim is **DISMISSED** with leave to amend to permit Plaintiffs Liberman and Schucher to plead causation and actual damages as required under the FDUTPA. The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiffs Lieberman and Schucher to plead the relief sought and why relief is still necessary. |
|  | Michigan CPA: | The damages claim is **DISMISSED** with leave to amend to allow Plaintiff Mitchell to allege actual loss flowing from reliance on Sony's alleged misrepresentations. |

|   |   |   |
|---|---|---|
| | | The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Mitchell to plead why relief is still necessary. |
| | Missouri MPA: | Sony's motion to dismiss the damages claim is **DENIED** because under Missouri law, the alleged misrepresentations can occur before, during, or after the sale of the good or service. The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Munsterman to plead the relief sought and why relief is still necessary. |
| | N.H. CPA: | Sony's motion to dismiss the damages claim is **DENIED** because actual damages are not required under the NHCPA. The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Kalled to plead the relief sought and why relief is still necessary. |
| | New York DPA: | The damages claim is **DISMISSED** with leave to amend to allow Plaintiff Whyland to allege an injury caused by Sony's alleged misrepresentations. The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Whyland to plead the relief sought and why relief is still necessary. |
| | Ohio DTPA: | The claim is **DISMISSED** with prejudice because consumers lack standing to bring claims under the DTPA. |

| | | |
|---|---|---|
| Ohio CSPA: | The damages claim is **DISMISSED** with leave to amend to allow Plaintiff Wright to allege that his "actual economic injuries" were "caused by" Sony's alleged misrepresentations. | |
| | The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Wright to plead the specific relief sought and why such relief is currently necessary. | |
| Texas DTPA: | The damages claim is **DISMISSED** with leave to amend to allow Plaintiff Wilson to allege an injury caused by Sony's alleged misrepresentations. | |
| | The injunctive and declaratory relief claims are **DISMISSED** with leave to amend to allow Plaintiff Wilson to plead the specific relief sought and why such relief is currently necessary. | |

**California Database Breach Act**:

    Sony's motion to dismiss is **DENIED** because whether or not Sony's notice was unreasonable, or not expedient as required under § 1798.82(a), is a factual question not properly determined on a motion to dismiss.

**Violation of FCRA:**

    Plaintiffs' claims are **DISMISSED** with prejudice because none of the Defendants are "credit reporting agencies" as defined under § 1681a(f).

1 | **Partial Performance and Breach of the Covenant of Good Faith and Fair Dealing**:
2 | Plaintiffs' claims are **DISMISSED** with leave to amend. Plaintiffs
3 | must provide additional information regarding the existence and
4 | formation of the alleged settlement agreement.

IT IS SO ORDERED.

DATED: October 10, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge