UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No.11md2258 AJB (MDD)<br><br>As to all member and related cases<br><br>ORDER GRANTING DEFENDANTS' *EX PARTE* MOTION FOR CLARIFICATION UNDER RULE 54(b)<br><br>(Doc. No. 169) |

Presently before the Court is Defendants' *ex parte* motion requesting clarification regarding the continued viability of Plaintiffs' affirmative misrepresentation claims arising under California's Unfair Competition Law ("UCL") and California's False Advertising Law ("FAL"). (Doc. No. 169.)  Defendants contend that because the Court's January 21, 2014 order stated that Plaintiffs had not alleged a plausible claim for restitution or injunctive relief under the UCL or FAL based on affirmative misrepresentations, and these are the only two forms of relief permitted under the statutes, Plaintiffs' affirmative misrepresentation claims under the UCL and FAL have been dismissed. Plaintiffs filed an opposition to Defendants' *ex parte* motion on February 4, 2014, wherein Plaintiffs contend that Defendants' motion should be denied because it is procedurally and substantively improper. (Doc. No. 170.)  The Court finds clarification warranted, and therefore GRANTS Defendants' *ex parte* motion. (Doc. No. 169.)  The Court addresses each of Plaintiffs' contentions below.

## I. Defendants' Motion is Procedurally Proper

First, Plaintiffs contend Defendants' *ex parte* motion is procedurally improper because it does not seek emergency relief, does not allege irreparable harm, raises issues not asserted in Defendants' prior motion to dismiss, and fails to meet the standard for *ex parte* relief set forth in the Court's chamber rules. The Court finds none of these contentions warrant denial of Defendants' *ex parte* motion. Although Rule 54(b) is most commonly utilized by parties seeking entry of final judgment on individual claims in a multi-claim action, and requires the court to consider "the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal," Rule 54(b) also permits a court to revise a prior order "at any time before the entry of final judgement." *Sears*, *Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *DeFazio v. Hollister*, *Inc.*, No. CIVS-041358 WBS GGH, 2008 WL 109097, at *1 (E.D. Cal. Jan. 8, 2008).

Moreover, although Plaintiffs are correct, that Defendants failed to comply with the Court's chamber rules regarding *ex parte* motions because Defendants did not contact the law clerk prior to filing their *ex parte* motion, Defendants' non-compliance does not warrant denial of the motion. Plaintiffs were well aware of the substance of Defendants' *ex parte* motion, the motion does not seek reconsideration of the Court's prior order, and Plaintiffs had ample time to respond to the four-page motion. Accordingly, because Defendants do not seek entry of final judgment under Rule 54(b), but rather seek clarification as to whether these claims are still viable, and therefore must be addressed in Defendants' Answer, the Court finds Defendants' *ex parte* motion is procedurally proper.

## II. Defendants' Motion is Substantively Proper

Second, Plaintiffs contend that Defendants' *ex parte* motion is substantively improper because it directly contradicts the Court's January 21, 2014 order, fails to

address the non-fraudulent aspects of Plaintiffs' UCL and FAL claims, and discounts the fact that Plaintiffs' personal information has independent "monetary value." The Court disagrees, and finds many of Plaintiffs' contentions are an improper attempt to rehash arguments already addressed and adjudicated by the Court. As a result, the Court only addresses Plaintiffs' first contention.

As articulated in the Court's January 21, 2014 order, Defendants moved to dismiss Plaintiffs' UCL and FAL claims based on Plaintiffs' failure to allege statutory standing, failure to plead unlawful, unfair, deceptive or unconscionable conduct, and failure to plead any basis for restitution or injunctive relief. (Doc. No. 168 at 51:20-28.) With regard to Plaintiffs' ability to seek restitution and injunctive relief under the UCL and FAL (the focus of Defendants' *ex parte* motion for clarification), the Court dismissed Plaintiffs' injunctive relief claims without leave to amend (for both misrepresentation and omission allegations), but found Plaintiffs had stated a plausible claim for restitution, but only to the extent Plaintiffs could prevail on their omission claims. (Doc. No. 168 at 60:11-61:5.) ("Therefore, to the extent Plaintiffs' can prevail on their fraud-based omission claims, the Court finds Plaintiffs may be able to recover the purchase price of their Consoles or a portion thereof.").[1] As a result, Plaintiffs' UCL and FAL claims were allowed to proceed based on Defendants' alleged omissions, but were dismissed to the extent based on Defendants' alleged misrepresentations. Although this holding was not explicitly stated in the Court's January 21, 2014 order, this was the only basis Plaintiffs sought reconsideration of the Court's prior order (restitution based on omissions), which had dismissed Plaintiffs' restitution claims under the UCL and FAL without leave to amend.[2]

---

[1] This ruling was based on Plaintiffs' failure to amend their injunctive relief claims under the UCL and FAL as previously directed by the Court, and the Court's reconsideration of its October 11, 2012 order, which had previously dismissed Plaintiffs' restitution claims under the UCL and FAL without leave to amend. (Doc. No. 120 at 29:4-30:3.)

[2] The Court also addressed Plaintiffs' ability to seek restitution in the section governing statutory standing. (Doc. No. 168 at 52:1-55:16.)

      Accordingly, because the substance of the Court's order held that Plaintiffs may only proceed under the UCL and FAL based on omissions, but the conclusion of the order seems to indicate otherwise, the Court makes the following corrections to the January 21, 2014 order. Paragraph 1 on page 97 should be corrected to read as follows: "UCL and FAL Claims based on alleged omissions and the ability to seek restitution based on such omissions." The Court also corrects paragraph 36 on page 96 to read as follows: "UCL and FAL Claims based on misrepresentations and Plaintiffs' ability to seek injunctive relief under the UCL and FAL for both misrepresentations or omissions."

IT IS SO ORDERED.

DATED: February 10, 2014

                                        _____
                                        Hon. Anthony J. Battaglia
                                        U.S. District Judge