UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE SONY GAMING NETWORKS            )
AND CUSTOMER DATA SECURITY            )
BREACH LITIGATION                     )        CIVIL CASE NO.
_____       )        11-MD-2258 AJB (MDD)
                                      )
This filing related to: ALL ACTIONS   )
                                      )

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of April 18, 2014, is made and entered into jointly

by the following Settling Parties (as defined below) to the above captioned consolidated action:

(i) Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell,

Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman,

and Timothy Whyland (the "Representative Plaintiffs"), individually and as named class

representatives on behalf of the Settlement Class (as defined below), by and through Paul J.

Geller, Robbins Geller Rudman & Dowd LLP; Ben Barnow, Barnow and Associates, P.C.;

David A. McKay, Law Offices of David A. McKay LLC; Adam J. Levitt, Grant & Eisenhofer,

P.A.; Brian R. Strange, Strange & Carpenter; Timothy G. Blood, Blood Hurst & O'Reardon,

LLP; and Gayle M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP (together, "Co-

Lead Settlement Class Counsel"); and (ii) Sony Computer Entertainment America LLC

("SCEA"), Sony Network Entertainment International LLC ("SNE"),[1] and Sony Online

Entertainment LLC ("SOE") (collectively, "Sony" or "the Sony Entities"), by and through their

counsel of record, Harvey J. Wolkoff and Mark P. Szpak, Ropes & Gray LLP. The Settlement

Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge and

---

[1] On September 30, 2011, Sony Network Entertainment America, Inc. merged into Sony Network Entertainment International LLC.

settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On April 26, 2011, SNE and SCEA announced that an unauthorized person or persons had perpetrated an illegal and unauthorized attack on the computer network systems used to provide PlayStation Network ("PSN") services, and that certain PSN accountholder and Qriocity accountholder information appeared to have been accessed as a result of the unauthorized PSN intrusion ("the PSN Intrusion"). On May 2, 2011, SOE announced that an unauthorized person or persons had perpetrated an illegal and unauthorized attack on the SOE network and that certain SOE accountholder information appeared to have been accessed as a result of the unauthorized SOE intrusion ("the SOE Intrusion") (together with the PSN Intrusion, the "Intrusions"). Services on the PSN and the SOE network were suspended and unavailable to accountholders for a period of approximately two to three weeks until operations were restored on the networks on or about May 15, 2011. A "Welcome Back" package of various benefits (including the opportunity to obtain identity theft insurance) thereafter was made available to accountholders of both networks.

Following the announcements of the Intrusions, numerous putative class action complaints were filed in various jurisdictions in the United States,[2] asserting claims against

---

[2] *See Hessick v. Sony Corp.*, Civ. No. 2:11-cv-02314 (E.D. La.) (No. 3:11-cv-02449-AJB-MDD upon transfer to S.D. Cal.); *Griffin v. Sony Corp. of Am.*, Civ. No. 2:11-cv-01885 (E.D. La.) (No. 3:11-cv-01860-AJB-MDD upon transfer to S.D. Cal.); *Mortensen v. Sony Computer Entm't Am., LLC*, Civ. No. 1:11-cv-05366 (S.D.N.Y.) (No. 3:11-cv-01846-AJB-MDD upon transfer to S.D. Cal.); *Laos v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01575 (S.D. Cal.); *Detert v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-03871 (N.D. Cal.) (No. 3:11-cv-02119-AJB-MDD upon transfer to S.D. Cal.); *Maravilla v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-03363 (N.D. Cal.) (No. 3:11-cv-01941-AJB-MDD upon transfer to S.D. Cal.); *Hinkle v. Sony Network Entm't Am., Inc.*, Civ. No. 3:11-cv-03356 (N.D. Cal.) (No. 3:11-cv-02120-AJB-MDD upon transfer to S.D. Cal.); *Cortorreal v. Sony Corp. of Am.*, Civ. No. 3:11-cv-01369 (S.D. Cal.); *Dupree v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-05026 (C.D. Cal.) (No. 3:11-cv-01879-AJB-MDD upon transfer to S.D. Cal.); *Cullen v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-05027 (C.D. Cal.) (No. 3:11-cv-01881-AJB-MDD upon transfer to S.D. Cal.); *Matacale v.*

*Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-05028 (C.D. Cal.) (No. 3:11-cv-01882-AJB-MDD upon transfer to S.D. Cal.); *Martinez v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-02900 (N.D. Cal.) (No. 3:11-cv-01940-AJB-MDD upon transfer to S.D. Cal.); *Sydor v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01294 (S.D. Cal.); *Johnson v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01268 (S.D. Cal.); *Wilson v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-04796 (C.D. Cal.) (No. 3:11-cv-01874-AJB-MDD upon transfer to S.D. Cal.); *Young v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-04799 (C.D. Cal.) (No. 3:11-cv-01875-AJB-MDD upon transfer to S.D. Cal.); *Reyes v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-03844 (S.D.N.Y.) (No. 3:11-cv-01847-AJB-MDD upon transfer to S.D. Cal.); *Boonparn v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-04770 (C.D. Cal.) (No. 3:11-cv-01863-AJB-MDD upon transfer to S.D. Cal.); *Wolf v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01177 (S.D. Cal.); *Munsterman v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01179 (S.D. Cal.); *Chapnick v. Sony Corp. of Am.*, Civ. No. 2:11-cv-04640 (C.D. Cal.) (No. 3:11-cv-01873-AJB-MDD upon transfer to S.D. Cal.); *Flamson v. Sony Corp. of Am.*, Civ. No. 3:11-cv-02456 (N.D. Cal.) (No. 3:11-cv-01969-AJB-MDD upon transfer to S.D. Cal.); *Schucher v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01105 (S.D. Cal.); *Clawson v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02417 (N.D. Cal.) (No. 3:11-cv-01932-AJB-MDD upon transfer to S.D. Cal.); *Newman v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02434 (N.D. Cal.) (No. 3:11-cv-01933-AJB-MDD upon transfer to S.D. Cal.); *Trejo v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02408 (N.D. Cal.) (No. 3:11-cv-01939-AJB-MDD upon transfer to S.D. Cal.); *Nardy v. Sony Computer Entm't Am., LLC*, Civ. No. 1:11-cv-00962 (N.D. Ohio) (No. 3:11-cv-01938-AJB-MDD upon transfer to S.D. Cal.); *Moreno v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-04099 (C.D. Cal.) (No. 3:11-cv-01872-AJB-MDD upon transfer to S.D. Cal.); *Varela v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02729 (D.N.J.) (No. 3:11-cv-01922-AJB-MDD upon transfer to S.D. Cal.); *Campo v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02337 (N.D. Cal.) (No. 3:11-cv-01931-AJB-MDD upon transfer to S.D. Cal.); *Thompson v. Sony Online Entm't LLC*, Civ. No. 4:11-cv-02340 (N.D. Cal.) (No. 3:11-cv-01937-AJB-MDD upon transfer to S.D. Cal.); *Obregon v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02342 (N.D. Cal.) (No. 3:11-cv-01947-AJB-MDD upon transfer to S.D. Cal.); *Cooper v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-00776 (D. Conn.) (No. 3:11-cv-01923-AJB-MDD upon transfer to S.D. Cal.); *Thompson v. Sony Computer Entm't Am., LLC*, Civ. No. 9:11-cv-80545 (S.D. Fla.) (No. 3:11-cv-01921-AJB-MDD upon transfer to S.D. Cal.); *Bova v. Sony Network Entm't Am., Inc.*, Civ. No. 3:11-cv-02316 (N.D. Cal.) (No. 3:11-cv-01929-AJB-MDD upon transfer to S.D. Cal.); *Yastrab v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-02258 (E.D.N.Y.) (No. 3:11-cv-01849-AJB-MDD upon transfer to S.D. Cal.); *Whitcher v. Sony Corp. of Am.*, Civ. No. 2:11-cv-03965 (C.D. Cal.) (No. 3:11-cv-01884-AJB-MDD upon transfer to S.D. Cal.); *Walker v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02277 (N.D. Cal.) (No. 3:11-cv-01930-AJB-MDD upon transfer to S.D. Cal.); *Toglia v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02281 (N.D. Cal.) (No. 3:11-cv-01935-AJB-MDD upon transfer to S.D. Cal.); *Katz v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02229 (N.D. Cal.) (No. 3:11-cv-01926-AJB-MDD upon transfer to S.D. Cal.); *Peterson v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02242 (N.D. Cal.) (No. 3:11-cv-01927-AJB-MDD upon transfer to S.D. Cal.); *Riveron v. Sony Computer Entm't Am., LLC*, Civ. No. 5:11-cv-02245 (N.D. Cal.) (No. 3:11-cv-01928-AJB-MDD upon transfer to S.D. Cal.); *Reaves v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-2254 (N.D. Cal.) (No. 3:11-cv-01936-AJB-MDD upon transfer to S.D. Cal.); *Kahan v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02256 (N.D. Cal.) (No. 3:11-cv-01934-AJB-MDD upon transfer to S.D. Cal.); *Howe v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-01001 (S.D. Cal.); *Foteh v. Sony Computer Entm't Am., LLC*, Civ. No. 4:11-cv-01750 (S.D. Tex.) (No. 3:11-cv-01876-AJB-MDD upon transfer to S.D. Cal.); *Connolly v. Sony Computer Entm't Am., LLC*, Civ. No. 1:11-cv-03088 (S.D.N.Y.) (No. 3:11-cv-01776-AJB-MDD upon transfer to S.D. Cal.); *Thompson v. Sony Computer Entm't Am., LLC*, Civ. No. 1:11-cv-10793 (D. Mass.) (No. 3:11-cv-01925-AJB-MDD upon transfer to S.D. Cal.); *Sanchez v. Sony Computer Entm't Am., LLC*, Civ. No. 4:11-cv-02181 (N.D. Cal.) (No. 3:11-cv-01918-AJB-MDD upon transfer to S.D. Cal.); *Lieberman v. Sony Computer Entm't Am., LLC*, Civ. No. 4:11-cv-02197 (N.D. Cal.) (No. 3:11-cv-01920-AJB-MDD upon transfer to S.D. Cal.); *Turano v. Sony Corp. of Am.*, Civ. No. 4:11-cv-02206 (C.D. Cal.) (No. 3:11-cv-01919-AJB-MDD upon transfer to S.D. Cal.); *McKewon v. Sony Network Entm't Am., Inc.*, Civ. No. 3:11-cv-02177 (N.D. Cal.) (No. 3:11-cv-01911-AJB-MDD upon transfer to S.D. Cal.); *Romaine v. Sony Network Entm't Am., LLC*, Civ. No. 3:11-cv-02180 (N.D. Cal.) (No. 3:11-cv-01913-AJB-MDD upon transfer to S.D. Cal.); *Brown v. Sony Computer Entm't Am., LLC*, Civ. No. 4:11-cv-01694 (S.D. Tex.) (No. 3:11-cv-01780-AJB-MDD upon transfer to S.D. Cal.); *McCoy v. Sony Computer Entm't Am., LLC*, Civ. No. 4:11-cv-02153 (N.D. Cal.) (No. 3:11-cv-01917-AJB-MDD upon transfer to S.D. Cal.); *McCard v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-03785 (C.D. Cal.) (No. 3:11-cv-01792-AJB-MDD upon transfer to S.D. Cal.); *Ahmed v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-02133 (E.D.N.Y.) (No. 3:11-cv-01778-AJB-MDD upon transfer to S.D. Cal.); *Newman v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02129 (N.D. Cal.) (No.

3

various Sony Entities and/or affiliates purportedly arising from the Intrusions.  Pursuant to Order of the Judicial Panel on Multidistrict Litigation ("JPML") dated August 8, 2011, all related actions in the United States were centralized in the United States District Court for the Southern District of California ("the Court") before Judge Anthony Battaglia.  Following the Court's consolidation of the actions and appointment of a Plaintiffs' Steering Committee, a Consolidated Class Action Complaint was filed with the Court on January 31, 2012, which, on motion, was subsequently dismissed by the Court.  A First Amended Consolidated Class Action Complaint was filed with the Court on December 10, 2012, followed by a motion to dismiss that was granted in part and denied in part with a subsequent clarification by the Court.

Pursuant to the terms agreed to and as set out below, this Settlement Agreement resolves all actions, proceedings and claims against the Sony Entities and their Related Parties that are asserted in, arise from, or relate to the matters referenced in the Consolidated Class Action Complaint, the First Amended Consolidated Class Action Complaint, any amendment to the First Amended Consolidated Class Action Complaint, any of the complaints that were consolidated before the Court, or any other actions by and on behalf of individuals or putative classes of consumers arising from the matters referenced in such complaints, originating or that may originate in jurisdictions in the United States (collectively, "the Litigation").

---

3:11-cv-01887-AJB-MDD upon transfer to S.D. Cal.); *Berman v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-11912 (E.D. Mich.) (No. 3:11-cv-02014-AJB-MDD upon transfer to S.D. Cal.); *Efird v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02115 (N.D. Cal.) (No. 3:11-cv-01885-AJB-MDD upon transfer to S.D. Cal.); *Kazimi v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-03676 (C.D. Cal.) (No. 3:11-cv-01791-AJB-MDD upon transfer to S.D. Cal.); *Johns v. Sony Computer Entm't Am., LLC*, Civ. No. 3:11-cv-02063 (N.D. Cal.) (No. 3:11-cv-01915-AJB-MDD upon transfer to S.D. Cal.); *Chi v. Sony Network Entm't Am.*, Civ. No. 4:11-cv-02081 (N.D. Cal.) (No. 3:11-cv-01916-AJB-MDD upon transfer to S.D. Cal.); *Mitchell v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-03601 (C.D. Cal.) (No. 3:11-cv-01785-AJB-MDD upon transfer to S.D. Cal.); *Cupp v. Sony Computer Entm't Am., LLC*, Civ. No. 2:11-cv-03627 (C.D. Cal.) (No. 3:11-cv-01790-AJB-MDD upon transfer to S.D. Cal.).

## II.   CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE SETTLEMENT

Representative Plaintiffs believe that the claims asserted in the Litigation, as set forth in the Consolidated Class Action Complaint, the First Amended Consolidated Class Action Complaint and any amendment to the First Amended Consolidated Class Action Complaint, and the various other complaints, have merit.  Representative Plaintiffs and Co-Lead Settlement Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Sony Entities, including through motion practice, trial, and potential appeals.  Representative Plaintiffs and Co-Lead Settlement Class Counsel also have taken into account the uncertain outcome and the risk of continued litigation, as well as the significant difficulties and potential delays inherent in such litigation. Representative Plaintiffs and Co-Lead Settlement Class Counsel are also mindful of the inherent problems of proof and possible material defenses to the claims asserted in the Litigation. Representative Plaintiffs and Co-Lead Settlement Class Counsel believe the settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class (as defined below), particularly when balanced against the risks of continued litigation. Representative Plaintiffs and Co-Lead Settlement Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

## III.   DENIAL OF WRONGDOING AND LIABILITY

The Sony Entities deny each and all of the claims and contentions alleged against them in the Litigation, and strongly believe that these claims and contentions are totally without merit, including, without limitation, on the grounds set forth in the motions to dismiss filed by the Sony Entities in response to the Consolidated Class Action Complaint and the First Amended

Consolidated Class Action Complaint. In this connection, the Sony Entities deny all charges of wrongdoing or liability as alleged against them in the Litigation. Nonetheless, the Sony Entities have concluded that further conduct of the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. The Sony Entities also have taken into account the uncertainty and risks inherent in any litigation, and have therefore determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, by and through Co-Lead Settlement Class Counsel, and each of the Sony Entities that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Settling Parties, upon and subject to the terms and conditions of this Settlement Agreement, as follows.

### 1.   Definitions.

As used in the Settlement Agreement, the following terms have the meanings specified below.

1.1   "Claims" means known claims and Unknown Claims (as defined in ¶ 1.28), actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatever, whether contingent or non-contingent, choate or inchoate, and whether at law or equity or under common law, civil law or statute.

1.2   "Claims Administration" means the processing of claims received from Settlement Class Members by the Claims Administrator.

1.3   "Claims Administrator" means such claims administrator as may be selected by the Sony Entities, agreed to by Co-Lead Settlement Class Counsel, and approved by the Court pursuant to this Settlement Agreement.

1.4   "Co-Lead Settlement Class Counsel" means Paul J. Geller, Robbins Geller Rudman & Dowd LLP; Ben Barnow, Barnow and Associates, P.C.; David A. McKay, Law Offices of David A. McKay LLC; Adam J. Levitt, Grant & Eisenhofer, P.A.; Brian R. Strange, Strange & Carpenter; Timothy G. Blood, Blood Hurst & O'Reardon, LLP; and Gayle M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP.

1.5   "Costs of Claims Administration" means all actual costs required for Claims Administration, whether incurred by the Sony Entities internally or through their usage of third parties to provide said administration.

1.6   "Effective Date" means the date by which all of the events and conditions specified in ¶ 1.7 hereof for the Judgment to become Final have occurred and have been met.

1.7   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved in final form by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); (iii) the time to appeal or seek permission to appeal from the Judgment (by motion for an extension of time in which to file an appeal, or otherwise) has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, no order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs, or expenses requested by Co-Lead Settlement Class Counsel hereunder or awarded by the Court to Co-Lead

Settlement Class Counsel hereunder shall affect whether the Judgment is "Final" as defined in the preceding sentence, or any other aspect of the Judgment.

     1.8    "Game Benefit" means one (1) PlayStation 3 ("PS3") or PlayStation Portable ("PSP") game that will be downloadable to a PSN user's account using a voucher code to be distributed to a valid claimant free of charge. Valid claimants may select the game from a list of eight (8) PS3 games and six (6) PSP games that will be listed on the Claim Form. Included on the list will be Dead Nation (PS3), inFAMOUS (PS3), LittleBigPlanet (PS3), Super Stardust HD (PS3), rain (PS3), LittleBigPlanet (PSP), ModNationRacers (PSP), Patapon 3 (PSP), and Killzone Liberation (PSP). The remaining games on the list will similarly be games that have been released to the public six months or more before the date on which the Claims Form is first posted on the settlement website, and shall be of similar quality as those listed above, and will be designated for inclusion on the list by the Sony Entities, exclusively and in their sole discretion, subject to approval by Co-Lead Settlement Class Counsel, which approval shall not be unreasonably withheld. Each such Game Benefit that is distributed hereunder shall be credited at $9.00 (US) per Game Benefit against the relevant PSN User Benefit Allocation referenced in ¶ ¶ 2.1(c)(1) and 2.1(c)(2) herein. If, at the time of distribution, the PSN's retail price at which a game on the list may be purchased is lower than $9.00, then, as to such game, the corresponding credit against the relevant PSN User Benefit Allocation shall be proportionally reduced.

     1.9    "Judgment" means a judgment rendered by the Court, in the form attached hereto as Exhibit E, or a judgment substantially similar to such form in substance.

     1.10   "Named Plaintiff" means each Person (as defined in ¶ 1.13 herein) who is named as a plaintiff in any pending case in the Litigation and who joins in this settlement by affirming (through his or her authorized counsel) in a writing (which will be filed with the Court

by the Settling Parties) that he or she, and his or her counsel, approve of each and every term of this Settlement Agreement and join in this Settlement Agreement.

1.11 "Notice Program" means such settlement notice program as is proposed by the Sony Entities and agreed to by Co-Lead Settlement Class Counsel, and "Notice Specialist" means such notice specialist as may be jointly agreed upon by the Settling Parties and approved by the Court, with significant experience in class action notice.

1.12 "Opt-Out Date" means twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, which shall be the date by which members of the Settlement Class must mail their requests to be excluded from the Settlement Class in order for that request to be effective. The postmark date shall constitute the date of mailing for these purposes.

1.13 "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.

1.14 "Plaintiffs' Counsel" means Co-Lead Settlement Class Counsel and all other attorneys who represent Named Plaintiffs who have joined in this settlement.

1.15 "PSN Claimant's Account" means any PSN account or sub-account owned by a "PSN Accountholder" prior to May 15, 2011.

1.16 "*PlayStation Plus* All Subscriptions Benefit" means a subscription to the PlayStation Plus service for one (1) month that can be obtained by a PSN accountholder using a voucher code to be distributed to a valid claimant free of charge.

9

1.17  "*PlayStation Plus* New Subscription Benefit" means a subscription to the *PlayStation* Plus service for three (3) months that can be obtained by a PSN accountholder using a voucher code to be distributed to a valid claimant free of charge, which benefit will be available only to valid claimants who at the time of submitting the claim have not previously subscribed to *PlayStation Plus*.  Each such *PlayStation Plus* New Subscription Benefit that is distributed hereunder shall be credited at $9.00 (US) per *PlayStation Plus* New Subscription Benefit against the Third-Party Services Claim Allocation referenced in ¶ 2.1(b) herein and/or the relevant PSN User Benefit Allocation referenced in ¶ ¶ 2.1(c)(1) and 2.1(c)(2) herein, as the case may be.

1.18  "PSN User Benefit Allocation" means the "PSN 'Welcome Back' Participant Allocation" referenced in ¶ 2.1(c)(1) herein or the "PSN 'Welcome Back' Non-Participant Allocation" referenced in ¶ 2.1(c)(2) herein, as the case may be.

1.19  "Related Parties" means an entity's past or present directors, officers, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, parents, subsidiaries, divisions, insurers, distributors and related or affiliated entities, and includes, without limitation, Sony Corporation, Sony Corporation of America, Sony Pictures Entertainment Inc., and any Person who is, was or could have been named as a defendant in the Litigation.

1.20  "Released Claims" shall mean any and all Claims[3] that either have been asserted or could have been asserted by any Settlement Class Member against any of the

---

[3] For the avoidance of doubt, Claims includes any Claims that a Settlement Class Member may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professional Code § 17200, *et seq.*, California Civil Code § 1750, *et seq.*, California Civil Code § 1798.80, *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States; causes of action under the common or civil laws of any state in the United States, including but not limited to:  unjust enrichment, negligence, bailment, conversion, redhibition, negligence *per se*; negligent design; breach of contract, breach of

Released Persons or any of the Indemnified Persons (as defined below) based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation or any other allegations, facts or circumstances with respect to the PSN Intrusion or the SOE Intrusion.   Without limitation of the foregoing, Released Claims specifically include Claims stemming from the PSN Intrusion or the SOE Intrusion that may have been or could have been asserted whether known or unknown, by any Settlement Class Member against any person or entity (such as, for example and without limitation, any entity that issued credit or debit cards to Settlement Class Members) (collectively, the "Indemnified Persons") that could seek indemnification or contribution from any of the Released Persons in respect of such Claim, except that Released Claims shall not include Claims by any individual Settlement Class Member against any card-issuing financial institution brought on an individual, case-by-case basis for reimbursement or waiver of purportedly fraudulent card charges (or other charges by the card-issuing financial institution in connection with purportedly fraudulent card charges) that such card-issuing financial institution allegedly should have reimbursed or waived but has refused to reimburse or waive.   Released Claims shall not include the right of any Settlement Class Member or any Released Person or any Indemnified Person to enforce the terms of the settlement contained in the Settlement Agreement.

1.21   "Released Persons" means the Sony Entities and their Related Parties.

---

implied contract, breach of warranty, breach of implied warranty, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of U.S. states; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

1.22 "Representative Plaintiffs" means Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and Timothy Whyland.

1.23 "Settlement Class" means all Persons residing in the United States who had a PlayStation Network account or sub-account, a Qriocity account, or a Sony Online Entertainment account at any time prior to May 15, 2011 (referred to herein as "PSN Accountholders," "Qriocity Accountholders," and "SOE Accountholders" respectively). Excluded from the definition of Settlement Class are the Sony Entities and their officers and directors, and those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Opt-Out Procedures in ¶ 4 herein.

1.24 "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class. References herein to "having" or "owning" (or the like) a PlayStation Network account, a PlayStation Network sub-account, a Qriocity account, or a Sony Online Entertainment account (collectively, an "Account") during or at any particular time means being a registered holder of the Account during or at such time. Except as noted in ¶ 2.1(a) below, a PlayStation Network sub-account is treated hereunder as separate from the "master" PlayStation Network account with which it is linked.

1.25 "Settling Parties" means, collectively, the Sony Entities and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.26 "SOE Claimant's Account" means any SOE account owned by an "SOE Accountholder" prior to May 15, 2011.

1.27 "Theme Benefit" means three PlayStation 3 themes that will be downloadable to a PSN user's account using a voucher code to be distributed to a valid claimant free of charge.

Valid claimants may select the three themes from a list of six themes that will be listed on the Claim Form. The themes on the list will be designated for inclusion on the list by the Sony Entities, exclusively and in their sole discretion, subject to approval by Co-Lead Settlement Class Counsel, which approval shall not be unreasonably withheld. Each such Theme Benefit that is distributed hereunder shall be credited at $9.00 (US) per Theme Benefit against the Third-Party Services Claim Allocation referenced in ¶ 2.1(b) herein and/or the relevant PSN User Benefit Allocation referenced in ¶¶ 2.1(c)(1) and 2.1(c)(2) herein, as the case may be. If, at the time of distribution, the PSN's retail price at which a theme on the list may be purchased is lower than $3.00, then, as to such theme, the corresponding credit against the Third-Party Services Claim Allocation and the relevant PSN User Benefit Allocation shall be proportionally reduced.

 1.28 "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist in his favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision not to object to and/or to participate in this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of equity, civil or common law or of

international or foreign law, that is similar, comparable, or equivalent to California Civil Code §

1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED
> HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter

discover facts in addition to or different from those that they, or any of them, now know or

believe to be true with respect to the subject matter of the Released Claims, but Representative

Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have,

and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever

settled and released any and all Released Claims.   The Settling Parties acknowledge, and

Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged,

that the foregoing waiver is a material element of the settlement of which this release is a part.

　　　　1.29   "United States" as used in this Settlement Agreement includes the District of

Columbia and territories of the United States.

　　　　1.30   "Unused PSN Wallet Credit" means an unused credit amount in the online

wallet of a valid claimant's PSN Account, which for all purposes hereunder will be measured in

dollar currency units at a ratio of $1 credit balance = $1 (and which may be referred to as "paid

virtual currency").   The Settling Parties acknowledge that a PSN Account that is a sub-account

does not have a wallet separate from the "master" PSN account with which it is linked.

　　　　1.31   "Unused SOE Wallet Credit" means an unused credit amount in the online

wallet of a valid claimant's SOE Account, which for all purposes hereunder will be measured in

dollar currency units at a ratio of 100 units of "Station Cash" = $1, but excluding all unpurchased

or promotional Station Cash included within the unused credit amount in the wallet (and which may be referred to as "paid virtual currency").

**2.    The Settlement**

2.1     <u>PSN Accountholders</u>.    Settlement Class Members who are PSN Accountholders (as defined in ¶ 1.23 herein) may submit claims under the Settlement (referred to below as "PSN Claimants") as follows:

(a)     <u>Unused PSN Wallet Credit Payment</u>.   A PSN Claimant:

(1)     who had any PSN Account (other than a sub-account) that was active (i.e., had been logged into at least once), or that was linked to a sub-account that was active, during the period January 1, 2011 through and including May 14, 2011, and

(2)     all of whose PSN Accounts (and any linked sub-accounts) had been completely dormant (i.e., had not been logged into at all) between May 15, 2011 and the date on which the fully executed Settlement Agreement is first filed with the Court (and who has not opened any new PSN account or opened any new sub-account in that period), and

(3)     who certifies in writing on the Claim Form that the reason for there having been no such logins or openings is specifically because of the PSN Intrusion,

may submit a claim to the Claims Administrator to receive a payment equal to any Unused PSN Wallet Credit in the PSN Claimant's Account(s) for which the Unused PSN Wallet Credit in the account is equal to or exceeds $2.00. Upon submission of such a claim, the PSN Claimant's

Account(s) and any linked sub accounts will be suspended and the Unused PSN Wallet Credit in the PSN Claimant'(s) Account(s) will be calculated. The Claims Administrator will make payment with respect to valid claims using amounts deposited by the Sony Entities into the Settlement Administration Account (as defined in ¶ 2.6). Upon payment, the Unused PSN Wallet Credit in any such account for which a payment is made will be extinguished, and the PSN Claimant's Account(s) and any linked sub-accounts will be closed.

      (b)    <u>Third-Party Services Benefit</u>. A PSN Claimant who:

      (1)    had any PSN Account that was active (i.e., had been logged into at least once) during the period January 1, 2011 through and including May 14, 2011, during which media services available by prepaid subscription through the PSN from third-party providers Netflix or Hulu Plus were accessed, and

      (2)    provides documentary evidence in the form of credit card or other payment receipts or statements that the PSN Claimant paid the third-party provider for such third-party media services to be made available to the PSN Claimant at any time during the period April 20, 2011 through and including May 14, 2011 (the "PSN Offline Period"), and

      (3)    certifies in writing on the Claim Form that the PSN Claimant did not subsequently receive a corresponding credit or reimbursement from the third-party with respect to such payment, and

      (4)    certifies in writing on the Claim Form that the PSN Claimant did not access media services from the third-party provider during the

PSN Offline Period through some other means, such as by streaming media through Internet-connected computers or ordering it on disc through the mail,

may submit a claim for either a Theme Benefit or a *PlayStation Plus* New Subscription Benefit, which claims will be honored for valid claims under this "Third-Party Services Benefit" category on a first-come, first-served basis up to a maximum of $1 million (the "Third-Party Services Claim Allocation").

      (c)    <u>PSN User Benefits</u>.

      (1)    <u>PSN 'Welcome Back' Participants</u>.  A PSN Claimant who participated in the "Welcome Back" package offered to PSN Accountholders following the PSN Intrusion (i.e., who requested and received any free games, free PSN premium service subscription periods or free movies under the PSN Welcome Back program with respect to any of the PSN Claimant's Accounts) shall be referred to hereunder as a "PSN 'Welcome Back' Participant" and may submit a claim for any one (1) of the PSN Benefit Options described below.  Claims by PSN 'Welcome Back' Participants will be honored in this fashion on a first-come, first-served basis up to a maximum of $4 million (the "PSN 'Welcome Back' Participant Allocation")

      (2)    <u>PSN 'Welcome Back' Non-Participants</u>.  A PSN Claimant who did not participate in the "Welcome Back" package offered to PSN Accountholders following the PSN Intrusion (i.e., who did not request or receive any free games, free PSN premium service subscription periods or free movies under the PSN Welcome Back program with respect to any of the PSN Claimant's Accounts) shall be referred to hereunder as a "PSN 'Welcome Back' Non-Participant" and may submit a claim for any two (2) of the PSN Benefit Options described

below (i.e., either two separate PSN Benefit Options, or two instances of any one of the PSN Benefit Options). Claims by PSN 'Welcome Back' Non-Participants will be honored in this fashion on a first-come, first-served basis up to a maximum of $6 million (the "PSN 'Welcome Back' Non-Participant Allocation").

        (3)    <u>PSN Benefit Options</u>. The "PSN Benefit Options" referred to in the two preceding paragraphs shall be the Game Benefit, the Theme Benefit, and the *PlayStation Plus* New Subscription Benefit.

        (4)    <u>PSN Claimants Household Limit</u>. Valid claims under ¶ 2.1(c)(1) or ¶ 2.1(c)(2) above shall be, taken together, limited to three per household. In the event such per household limit is reached as to any household, other PSN Claimants from the same household who submit valid claims, but as to whom the per household limit has been reached, will be eligible for the *PlayStation Plus* All Subscriptions Benefit, which will be provided to such claimants through their PSN accounts.

        (5)    <u>PSN Claimants Benefit if Allocation is Reached</u>. In the event the PSN 'Welcome Back' Participant Allocation or the PSN 'Welcome Back' Non-Participant Allocation is reached, other PSN Claimants who submit valid claims, but who do so after such allocation has been reached, will be eligible for the *PlayStation Plus* All Subscriptions Benefit, which will be provided to such claimants through their PSN accounts.

    2.2    <u>Qriocity Accountholders</u>. Settlement Class Members who are Qriocity Accountholders (as defined in ¶ 1.23 herein) but did not also have a PSN account (or sub-account) at the time of the Intrusions (such Qriocity Accountholders being referred to hereunder as "Qriocity Claimants") may submit a claim under the Settlement for a "Qriocity User Benefit," which shall be one free month of Music Unlimited service (it being understood that "Music

Unlimited" is the current name for the music portion of the Qriocity service) which shall be made available through a voucher code to be distributed to a valid claimant.

     2.3     <u>SOE Accountholders</u>.    Settlement Class Members who are SOE Accountholders (as defined in ¶ 1.23 herein) may submit claims under the Settlement (referred to below as "SOE Claimants") as follows:

         (a)    <u>Unused SOE Wallet Credit Payment</u>.  An SOE Claimant:

            (1)    who had any SOE Account that was active (i.e., had been logged into at least once) during the period January 1, 2011 through and including May 14, 2011, and

            (2)    all of whose SOE Accounts had been completely dormant (i.e., had not been logged into at all) between May 15, 2011 and the date on which the fully executed Settlement Agreement is first filed with the Court (and who has not opened any new SOE account in that period), and

            (3)    who certifies in writing on the Claim Form that the reason for there having been no such logins or openings is specifically because of the SOE Intrusion,

may submit a claim to the Claims Administrator to receive a payment equal to any Unused SOE Wallet Credit in the SOE Claimant's Account(s) for which the Unused SOE Wallet Credit in the account is equal to or exceeds $2.00.   Upon submission of such a claim, the SOE Claimant's Account(s) will be suspended and the Unused SOE Wallet Credit in the SOE Claimant(s) Account(s) will be calculated.  The Claims Administrator will make payment with respect to valid claims using amounts deposited by the Sony Entities into the Settlement Administration

Account (as defined in ¶ 2.6). Upon payment, the Unused SOE Wallet Credit in any such account for which a payment is made will be extinguished, and the SOE Claimant's Account(s) will be closed.

      (b)    <u>SOE User Benefit</u>.

      (1)    An SOE Claimant may submit a claim to receive $4.50 worth of "Station Cash" (i.e., 450 units of Station Cash, referred to herein as the "SOE User Benefit") to be credited to the SOE Claimant's Account. In the event valid claims for SOE User Benefits exceeds $4 million (the "SOE User Benefit Allocation"), the amount of each SOE User Benefit under this subparagraph shall be proportionately reduced. E.g., if the total of such claims exceeds $4 million by $400,000 (i.e., by 1/10 of $4 million), the dollar amount of each such SOE User Benefit shall be $4.05 (i.e., 405 units of Station Cash). Such Station Cash will be good for all uses for which Station Cash may otherwise be used.

    2.4    <u>Interrelationship Between Benefit Claims and Accounts.</u>

      (a)    A Settlement Class Member who is both a PSN Accountholder and an SOE Accountholder may file a claim as a PSN Claimant and may also file a claim as an SOE Claimant.

      (b)    A Settlement Class Member who is both a Qriocity Accountholder and an SOE Accountholder may file a claim as a Qriocity Claimant and may also file a claim as an SOE Claimant.

      (c)    A PSN Claimant who submits a claim for an Unused PSN Wallet Credit Payment is ineligible to request any other benefit that may be available to PSN Claimants hereunder, and vice versa.

      (d)    An SOE Claimant who submits a claim for an Unused SOE Wallet Credit

Payment is ineligible to request any other benefit that may be available to SOE Claimants hereunder, and vice versa.

        (e)    Except as stated with respect to the Unused PSN Wallet Credit Payment and the Unused SOE Wallet Credit Payment, all Settlement Class Member benefits hereunder are available to eligible class members for valid claims only on a per person basis, not on a per account basis regardless of the number of accounts a Settlement Class Member may have or have had.  Specifically, and without limitation:

        (i)    PSN User Benefits are available to eligible PSN Claimants for valid claims on a per class member basis, regardless of the number of PSN accounts or sub-accounts a PSN Claimant may have or have had;

        (ii)    the Qriocity User Benefit is available to eligible Qriocity Claimants for valid claims on a per class member basis, regardless of the number of Qriocity accounts a Qriocity Claimant may have or have had; and

        (iii)    the SOE User Benefit is available to eligible SOE Claimants for valid claims on a per class member basis, regardless of the number of SOE accounts an SOE Claimant may have or have had.

    2.5    Identity Theft Protection Claims.  Any Settlement Class Member may submit a claim to the Claims Administrator for reimbursement for "Identity-Theft-Related Charges" that a Settlement Class Member claims and documents in accordance with the Claims Process described below and proves by a preponderance of the evidence (i.e., more likely than not to be true) to have directly and proximately resulted from the PSN Intrusion or the SOE Intrusion, i.e., from a third-party's unauthorized use of information regarding the claimant that the claimant demonstrates was obtained by the third-party from the Intrusions and not from any other source.

      (a)    "Identity-Theft-Related Charges" shall mean out-of-pocket payments (not otherwise reimbursed) for expenses that are incurred as a direct result of "Actual Identity Theft", which means someone assuming the Settlement Class Member's identity and taking out a line of credit, establishing a new financial account, or otherwise obtaining monies and other things of value fraudulently in the name of the Settlement Class Member (other than unauthorized charges on a payment card account associated with a Settlement Class Member's PSN Account, Qriocity Account or SOE Account).

      (b)    In the absence of a Settlement Class Member having been the subject of Actual Identity Theft resulting from the Intrusions, no reimbursement shall be available hereunder, including for such items as (without limitation) credit monitoring, out-of-pocket expenses, lost time, attorneys' fees, payment card or financial account replacement costs, or unauthorized charges of any sort.

      (c)    Claims alleging Actual Identity Theft shall be made within 60 days of the Effective Date. The Claims Administrator will commence rendering decisions on such claims on or after 60 days following the Effective Date. Prior to deciding any such claim, the Claims Administrator shall afford the Sony Entities an opportunity to review and comment on the claim and provide such relevant information to the Claims Administrator as the Sony Entities may wish, with Co-Lead Settlement Class Counsel then being afforded an opportunity to review and comment on the claim in turn. The decision of the Claims Administrator shall be final and binding on the claimant and on the Sony Entities; however, given the settlement context and the limited process surrounding such claims and decisions, the parties agree that no such decision shall be deemed to constitute a finding, admission or waiver by any Settling Party as to any matter of fact, law or evidence having any collateral effect on any claim hereunder or in any

other proceeding or before any other forum or authority.  Further, the parties agree that every

such decision shall remain confidential and shall not be submitted to or admissible in any other

proceeding or before any other forum or authority.

        (d)    The Claims Administrator may award up to $2,500 in reimbursements on

any claim that the Claims Administrator decides is valid and meets the requirements for

reimbursement hereunder, up to an aggregate maximum of $1 million across all valid claims (the

"Identity Theft Protection Claim Allocation"). The Claims Administrator will make payment

with respect to valid claims using amounts deposited by the Sony Entities into the Settlement

Administration Account (as defined in ¶ 2.6).  Payment on any claim pursuant to any decision of

the Claims Administrator hereunder shall not commence until 180 days after the final date for

submitting claims or all claims hereunder have been finally decided, whichever is later, and shall

be subject to pro rata reduction in the event such amounts together would otherwise exceed the

Identity Theft Protection Claim Allocation.  No pre-funding shall be required, except to the

extent the Claims Administrator requires funds for expenses reasonably incurred or expected to

be incurred in administering review of such claims.

       2.6    <u>Settlement Administration Account</u>.  The Claims Administrator shall establish a

settlement administration account ("Settlement Administration Account"), which shall be funded

by the Sony Entities from time to time, as required by the Claims Administrator, with such sums

as are necessary and required to effectuate the terms of the settlement, including amounts

necessary and required to pay Unused PSN Wallet Credit Payments, Unused SOE Wallet Credit

Payments, Identity Theft Protection Claims, Costs of Claims Administration, and such other

costs as specifically set forth herein.

       2.7    The settlement website shall include a "Good Account Practices" message

advising against multiple usage of a single password (and the like), which shall remain posted until all settlement claims periods and benefit distributions hereunder are concluded.

2.8     The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the settlement is terminated or cancelled pursuant to the terms of this Settlement Agreement, then this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or on any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action including, without limitation, proceedings otherwise consolidated with the Litigation in the above-captioned civil action, as to which all of their rights are specifically preserved.

2.9     Co-Lead Settlement Class Counsel agree that the Sony Entities' time to answer or otherwise respond to the First Amended Consolidated Class Action Complaint shall be treated by them as extended without date.

**3.      Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing**

3.1     As soon as practicable after the execution of the Settlement Agreement, Co-Lead Settlement Class Counsel and counsel for the Sony Entities shall jointly submit this Settlement Agreement to the Court, and Co-Lead Settlement Class Counsel shall file a motion for preliminary approval of the settlement with the Court and apply for entry of an order (the "Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing"), in the form attached hereto as Exhibit A, requesting, *inter alia,*

(a) certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.8;

(b) preliminary approval of the settlement as set forth herein;

(c) approval of the commencement of notice to the Settlement Class including publication of a customary form of summary notice (the "Summary Notice") in a form substantially similar to the one attached hereto as Exhibit B (in a manner certified by the Notice Specialist as appropriate in conjunction with notification to the class using Settlement Class Members' email addresses), and a customary long form of notice ("Notice") in a form substantially similar to the one attached hereto as Exhibit C, which together shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims as contemplated herein, and the date, time, and place of the Final Fairness Hearing;

(d) approval of a Notice Program to provide notice of the settlement to the Settlement Class;

(e) appointment of a Claims Administrator to provide claims administrative services, as may be jointly agreed to; and

(f) approval of a set of Claim Forms in a form substantially similar to the one attached hereto as Exhibit D (consisting of forms designated as Exhibits D-1 through D-4).

The forms of Summary Notice, Notice and Claim Form attached hereto as Exhibits B, C, and D may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

      3.2    The Notice Specialist shall be responsible for development and implementation of the Notice Program to provide notice to the Settlement Class in accordance with the Order of Preliminary Approval and Notice of a Final Fairness Hearing, which such Notice Program shall be approved in writing by both the Sony Entities and Co-Lead Settlement Class Counsel prior to submission to the Court. The Sony Entities shall be responsible for the costs of such notice, including the cost of a Notice Specialist and the cost of development and implementation of the Notice Program, as described below, subject to the terms set forth herein. Such costs will be paid by the Claims Administrator, using amounts deposited by the Sony Entities into the Settlement Administration Account, from time to time, as required by the Claims Administrator. Notice shall be provided to Settlement Class Members by email, to the extent reasonably practicable. The Notice Program otherwise shall be supplemented by such publication in print or by Internet as may be specified in the Notice Program, and in no event shall the cost of such Notice Program in its entirety exceed $1,250,000 and, to the extent that such costs are expected to or do exceed $1,250,000, the Sony Entities shall have the option, in their sole discretion, of rescinding the Settlement Agreement. The Notice Program shall be submitted for review and approval by the Court in conjunction with the Preliminary Approval Hearing. The Claims Administrator shall establish a dedicated settlement website, and shall maintain and update the website throughout the Claim Period, with the forms of Summary Notice, Notice, and Claim Forms approved by the Court, as well as this Settlement Agreement. The Claims Administrator also will provide copies of the forms of Summary Notice, Notice, and Claim Forms approved by

the Court, as well as this Settlement Agreement, upon request. Prior to the Final Fairness Hearing, Co-Lead Settlement Class Counsel and the Sony Entities shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. Notice shall be provided in English and/or other languages, as appropriate. The forms of Summary Notice, Notice and Claim Form approved by the Court may be adjusted by the Settling Parties, or by the Notice Specialist or Claims Administrator respectively (in consultation and agreement with the Settling Parties), as may be reasonable and not inconsistent with such approval.

3.3     Co-Lead Settlement Class Counsel and the Sony Entities shall request that after notice is given, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.4     Co-Lead Settlement Class Counsel and the Sony Entities further agree that the proposed Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing shall provide, subject to Court approval, that, pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute against the Sony Entities any of the Released Claims in any action or proceeding in any court or tribunal.

**4.      Opt-Out Procedures**

4.1     Each Person wishing to opt out of the Settlement Class shall sign (individually, or, if the Person opting out is less than 18 years of age, through the signature of a parent, legal guardian or other legal representative) and timely mail written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must

clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall neither receive any benefits of nor be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

5.     **Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address; (ii) information identifying the objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, with documentation of any Identity-Theft-Related Charges they claim to have suffered as a result of the Intrusions, if any, if they are objecting to any portion of the settlement dealing with reimbursement for Identity-Theft-Related Charges and for which they believe they would have an existing claim, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be

called to testify at the Final Fairness Hearing in support of the objection; (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).   To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Southern District of California, at the address where filings are accepted by the Clerk, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and served concurrently therewith upon (a) either Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602, or Paul J. Geller, Robbins Geller Rudman & Dowd LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, FL 33432, for purposes of service upon Co-Lead Settlement Class Counsel, and also on (b) Harvey J. Wolkoff, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA, 02110, counsel for the Sony Entities.

### 6.   Releases

6.1     Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

29

7.    **Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses**

7.1    The Settling Parties did not discuss attorneys' fees, costs, and expenses as provided for in ¶ 7.2, until after the substantive elements of the settlement had been agreed upon.

7.2    The Sony Entities have agreed to pay to Co-Lead Settlement Class Counsel, subject to Court approval, up to $2,750,000 in attorneys' fees, costs and expenses (combined).

7.3    Co-Lead Settlement Class Counsel, in their sole discretion, to be exercised reasonably, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.4    Within fifteen (15) business days of the Effective Date, the Sony Entities shall pay the attorneys' fees, costs, and expenses that have been awarded by the Court to an account established by Co-Lead Settlement Class Counsel.  Co-Lead Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses consistent with ¶ 7.3.

7.5    The amount(s) of any award of attorneys' fees, costs, and expenses is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  No order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs, or expenses requested by Co-Lead Settlement Class Counsel hereunder or awarded by the Court to Co-Lead Settlement Class Counsel hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

8.    **Administration of Claims**

8.1    All claims shall be submitted to the Claims Administrator.  All claims shall be submitted by mail on a written Claim Form to be available as an electronic download that can be printed out and filled in by the claimant, and shall be submitted along with such further documentation that may be required for the claim.  On the Claim Form, the claimant must

provide the name and address of the claimant and such additional information identified on the Claim Form for the processing and determination of the validity of the claim. Such information shall include the login name for the account that is the basis of the claim, for verification by the Claims Administrator and/or the relevant Sony Entity and for evaluation of the claim. Claimants must certify on the Claim Form that the information and any documentation submitted by the claimant is true and accurate to the best of their knowledge and belief. Each claim must include, on the Claim Form, the signature of the claimant or, for claimants who are under eighteen years of age, the signature and (if different) address of the claimant's parent, legal guardian or other legal representative. All information provided to the Claims Administrator shall be deemed confidential by the Claims Administrator. All claims to be evaluated on a first-come, first-served basis shall be so evaluated based on the date of actual receipt by the Claims Administrator.

8.2    All claim review by the Claims Administrator shall include reasonable safeguards against fraudulent claims. In particular, but without limitation, PSN Claimants shall identify by login name or other sufficient identifying information all of the claimant's PSN accounts and certify that the PSN Claimant has submitted no other claim as a PSN Claimant under the settlement; Qriocity Claimants shall identify by login name or other sufficient identifying information all of the claimant's Qriocity accounts and certify that the Qriocity Claimant has submitted no other claim as a Qriocity Claimant under the settlement; and SOE Claimants shall identify by login name or other sufficient identifying information all of the claimant's SOE accounts and certify that the SOE Claimant has submitted no other claim as a SOE Claimant under the settlement. The Sony Entities and Settlement Class Counsel shall both have the right to monitor the claims process and its administration.

8.3    The Claims Administrator shall administer and calculate (as may be necessary)

the claims submitted by Settlement Class Members hereunder. Co-Lead Settlement Class Counsel and the Sony Entities shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Claims Administrator's determination of the validity or invalidity of any such claims shall be binding. The Claims Administrator shall coordinate with the Sony Entities and the Sony Entities' counsel to the extent necessary and appropriate to effect the distribution of any benefits hereunder.

8.4     The Sony Entities shall bear all the Costs of Claims Administration, subject to the terms set forth herein. Amounts shall be deposited by the Sony Entities into the Settlement Administration Account from time to time, as necessary to pay the Costs of Claims Administration.

8.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

8.6     No Person shall have any claim against the Claims Administrator, the Sony Entities, or Co-Lead Settlement Class Counsel based on distributions of benefits made substantially in accordance with the Settlement Agreement and the settlement contained herein, or further order(s) of the Court.

8.7     Unless expressly provided otherwise:

(a)     all claims for payments or benefits hereunder shall be submitted no later

than 60 days after the Effective Date, and

      (b)    all payments and distributions of benefits hereunder shall be distributed within 180 days after the deadline for filing claims.

**9.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

9.1    This settlement shall be conditioned on the occurrence of all of the following events:

      (a)    the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1, hereof;

      (b)    The Sony Entities have not exercised their option to terminate the Settlement Agreement pursuant to ¶ 9.3 hereof;

      (c)    the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

      (d)    the Judgment has become Final, as defined in ¶ 1.7, hereof.

9.2    If all of the conditions specified in ¶ 9.1 hereof are not satisfied, then the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 hereof, unless Co-Lead Settlement Class Counsel and counsel for the Sony Entities mutually agree in writing to proceed with the Settlement Agreement.

9.3    Within seven (7) days after the deadline established by the Court for Persons to request exclusion from the Settlement Class, Co-Lead Settlement Class Counsel shall furnish to counsel for the Sony Entities a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). The Sony Entities, in their sole discretion, shall have the option to terminate this Settlement Agreement if the aggregate number of Persons who submit valid and timely requests for exclusion from the Settlement Class exceeds 15,000 Settlement Class Members.

9.4      In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation, and shall jointly request that all scheduled litigation deadlines shall be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, and expenses awarded to Co-Lead Settlement Class Counsel shall constitute grounds for cancellation or termination of the Settlement Agreement.

**10. Miscellaneous Provisions**

10.1     The Settling Parties:  (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and any applicable requirements under the Class Action Fairness Act of 2005, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.  The Sony Entities shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than ten (10) calendar days before the Final Fairness Hearing, counsel for the Sony Entities shall file with the Court a declaration(s) stating that the Sony Entities have complied with the notice obligations under 28 U.S.C. § 1715. All Exhibits hereto

34

shall be mutually agreed upon by the Settling Parties, subsequent to the execution hereof, and, upon such mutual agreement, shall be deemed to be the Exhibits referenced herein as attached hereto.

10.2    The parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.3    Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4     Representative Plaintiffs shall be entitled to reasonable confirmatory discovery from the Sony Entities as specified herein, namely, reasonable requests for relevant documents and the interviews of up to two (at the discretion of Co-Lead Settlement Class Counsel) knowledgeable employees identified by the Sony Entities to be conducted by Co-Lead Settlement Class Counsel. The period for confirmatory discovery shall begin no sooner than, and be completed within ninety (90) days after, the date of preliminary approval of the settlement. The Sony Entities shall cooperate in good faith to make such confirmatory discovery possible. At the conclusion of confirmatory discovery, Co-Lead Settlement Class Counsel shall, based upon all facts known to them, determine in good faith whether in their opinion the settlement is fair, reasonable and adequate. If Co-Lead Settlement Class Counsel determine that the settlement is not in their opinion fair, reasonable and adequate, Co-Lead Settlement Class Counsel shall terminate the Settlement and give notice to the Sony Entities of such termination within ten (10) days after confirmatory discovery concludes. In such case, the settlement shall be null and void, and the parties shall return to their original positions. The Sony Entities may defer incurring costs for notice under ¶ 3.2, and/or providing such notice under ¶ 3.2, until a reasonable time period after the period for Co-Lead Settlement Class Counsel to terminate the settlement pursuant to this paragraph has expired without Co-Lead Settlement Class Counsel taking such action, and until after any interlocutory appeal from the Preliminary Approval order is concluded.

10.5     All documents and materials provided by the Sony Entities in confirmatory discovery shall be treated as confidential and returned to the Sony Entities within sixty (60) days of the Effective Date.  Any documents, materials and information provided by the Sony Entities in confirmatory discovery shall be subject to such confidentiality restrictions as the Sony Entities

reasonably require to protect the security of the PlayStation Network and the SOE Network and other legitimate proprietary and business interests of the Sony Entities, and shall be made available solely to Settlement Class Counsel and solely for the purposes of confirmatory discovery hereunder and shall not be used or provided to any other person or entity for the litigation of any other claims or conduct of any other proceedings or for any other purpose.

10.6    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.7    This Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs.

10.8    Co-Lead Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate.

10.9    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.10   The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

10.11   The Settlement Agreement shall be binding upon, and inure to the benefit of, the

successors and assigns of the parties hereto.

10.12  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.13  This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

10.14  As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.15  All dollar amounts are in United States dollars.

10.16  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

*Counsel for the Sony Entities*

Harvey J. Wolkoff
Mark P. Szpak
ROPES & GRAY LLP
800 Boylston Street, Prudential Tower
Boston, MA 02199
(617) 951-7600
hwolkoff@ropesgray.com
mszpak@ropesgray.com

*Co-Lead Settlement Class Counsel*

_____
Paul J. Geller, ROBBINS GELLER RUDMAN
   & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

_____
Ben Barnow, BARNOW AND
   ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

_____
Timothy G. Blood,  BLOOD HURST &
   O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
 (619) 338-1100

_____
Gayle M. Blatt, CASEY GERRY SCHENK
   FRANCAVILLA BLATT &
   PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

_____
David A. McKay, LAW OFFICES OF
   DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

_____
Adam J. Levitt, GRANT & EISENHOFER,
   P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

_____
Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055

39

*Co-Lead Settlement Class Counsel*

Paul J. Geller, ROBBINS GELLER RUDMAN
   & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

Ben Barnow, BARNOW AND
   ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Timothy G. Blood, BLOOD HURST &
   O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
(619) 338-1100

Gayle M. Blatt, CASEY GERRY SCHENK
   FRANCAVILLA BLATT &
   PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

David A. McKay, LAW OFFICES OF
   DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

Adam J. Levitt, GRANT & EISENHOFER,
   P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055

*Co-Lead Settlement Class Counsel*

Paul J. Geller, ROBBINS GELLER RUDMAN
 & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

Ben Barnow, BARNOW AND
 ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Timothy G. Blood,  BLOOD HURST &
 O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
(619) 338-1100

Gayle M. Blatt, CASEY GERRY SCHENK
 FRANCAVILLA BLATT &
 PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

David A. McKay, LAW OFFICES OF
 DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

Adam J. Levitt, GRANT & EISENHOFER,
 P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, Califoraia 90025
(310) 207-5055

*Co-Lead Settlement Class Counsel*

Paul J. Geller, ROBBINS GELLER RUDMAN
   & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

Ben Barnow, BARNOW AND
   ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Timothy G. Blood,  BLOOD HURST &
   O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
(619) 338-1100

Gayle M. Blatt, CASEY GERRY SCHENK
   FRANCAVILLA BLATT &
   PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

David A. McKay, LAW OFFICES OF
   DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

Adam J. Levitt, GRANT & EISENHOFER,
   P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055

39

*Co-Lead Settlement Class Counsel*

Paul J. Geller, ROBBINS GELLER RUDMAN
    & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

Ben Barnow, BARNOW AND
    ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Timothy G. Blood,  BLOOD HURST &
    O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
 (619) 338-1100

Gayle M. Blatt, CASEY GERRY SCHENK
    FRANCAVILLA BLATT &
    PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

David A. McKay, LAW OFFICES OF
    DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

Adam J. Levitt, GRANT & EISENHOFER,
    P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055

*Co-Lead Settlement Class Counsel*

Paul J. Geller, ROBBINS GELLER RUDMAN
    & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
(561) 750-3000

Ben Barnow, BARNOW AND
    ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
(312) 621-2000

Timothy G. Blood,  BLOOD HURST &
    O'REARDON, LLP
701 B Street, Suite 1700
San Diego, California 92101
 (619) 338-1100

Gayle M. Blatt, CASEY GERRY SCHENK
    FRANCAVILLA BLATT &
    PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811

David A. McKay, LAW OFFICES OF
    DAVID A. MCKAY LLC
555 North Point Center East, Suite 400
Alpharetta, Georgia 30022
(678) 366-5180

Adam J. Levitt, GRANT & EISENHOFER,
    P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 214-0000

Brian R. Strange, STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055

**EXHIBIT A**

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SONY GAMING NETWORKS )
AND CUSTOMER DATA SECURITY )
BREACH LITIGATION )          CIVIL CASE NO.
                                 )      11-MD-2258 AJB (MDD)
                                 )
This filing related to:  ALL ACTIONS )
                                 )

**[PROPOSED] ORDER OF PRELIMINARY APPROVAL AND**
**<u>PUBLISHING OF NOTICE OF FINAL FAIRNESS HEARING</u>**

      Before the Court is a motion by Representative Plaintiffs Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and Timothy Whyland, and their brief in support thereof, requesting that the Court enter an Order (i) preliminarily certifying, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (ii) preliminarily approving, pursuant to Fed. R. Civ. P. 23(e), the proposed settlement set forth in the Settlement Agreement dated as of April ___, 2014, together with the Exhibits thereto (the "Settlement Agreement"), which are filed with the Court herewith; (iii) appointing representatives of, and co-lead counsel for, the Settlement Class; (iv) approving the summary form of notice ("Summary Notice") and long form of notice ("Notice") attached as Exhibits B and C to the Settlement Agreement, respectively; (v) appointing _____ as Notice Specialist and _____ as Claims Administrator; and (vi) approving the proof of claim forms attached as Exhibits D-1 through D-4 to the Settlement Agreement ("Proof of Claim Form(s)").

      Having reviewed and considered the Settlement Agreement, the motion for preliminary approval of the settlement and the supporting brief, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below,

preliminarily approving the settlement contained in the Settlement Agreement upon the terms

and conditions set forth in this Order.  Terms and phrases in this Order shall have the same

meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Having made the findings set forth below, the Court hereby certifies a plaintiff

class for settlement purposes only in accordance with the terms of the Settlement Agreement (the

"Settlement Class").  The Settlement Class is defined as:

> "Settlement Class" means all Persons residing in the United States
> who had a PlayStation Network account or sub-account, a Qriocity
> account, or a Sony Online Entertainment account at any time prior
> to May 15, 2011 (referred to herein as "PSN Accountholders,"
> "Qriocity Accountholders," and "SOE Accountholders"
> respectively).  Excluded from the definition of Settlement Class are
> the Sony Entities and their officers and directors, and those
> Persons who timely and validly request exclusion from the
> Settlement Class.

"Settlement Class Member(s)" means a Person(s) who falls within the definition of the

Settlement Class. "United States" includes the District of Columbia and all territories of the

United States.

The "Sony Entities" means, collectively, Sony Computer Entertainment America LLC,

Sony Network Entertainment International LLC and Sony Network Entertainment America Inc.

(having been merged into Sony Network Entertainment International LLC on September 30,

2011), and Sony Online Entertainment LLC.

As provided for in the Settlement Agreement, if the Court does not grant final approval of

the settlement set forth in the Settlement Agreement, or if the settlement set forth in the

Settlement Agreement is terminated in accordance with its terms, then the Settlement

Agreement, and the certification of the Settlement Class provided for herein, will be vacated and

the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2.     The Court finds, based on the terms of the settlement described in the Settlement Agreement that:

a.     There are questions of law and fact common to the Settlement Class;

b.     The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class;

c.     The Settlement Class is so numerous that joinder of all members is impracticable;

d.     Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class, and there are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

e.     Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

f.     Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

3.     Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

4.     The Court preliminarily approves the settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

5.      Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca
Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher
Munsterman, and Timothy Whyland are appointed as representatives of the Settlement Class
("Representative Plaintiffs").  "Co-Lead Settlement Class Counsel" means Paul J. Geller,
Robbins Geller Rudman & Dowd LLP; Ben Barnow, Barnow and Associates, P.C.; David A.
McKay, Law Offices of David A. McKay LLC; Adam J. Levitt, Grant & Eisenhofer, P.A.; Brian
R. Strange, Strange & Carpenter; Timothy G. Blood, Blood Hurst & O'Reardon, LLP; and Gayle
M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, who are appointed as co-lead
counsel for the Settlement Class ("Co-Lead Settlement Class Counsel").

6.      A hearing (the "Final Fairness Hearing") shall be held before this Court on
_____, _____ at _____ in Courtroom __, _____ Floor, of the United Stated District
Court for the Southern District of California, _____ Street, San Diego, California,
to determine:  (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable,
adequate, and in the best interests of the Settlement Class; (b) whether a Judgment, as provided in
the Settlement Agreement, should be entered granting final approval of the Settlement; and (c)
whether, and in what amount, attorneys' fees and expenses should be awarded to Co-Lead
Settlement Class Counsel.  The Court may adjourn and/or continue the Final Fairness Hearing
without further notice to Settlement Class Members.

7.      The Court approves as to form and content the Summary Notice and Notice in the
forms attached as Exhibits B and C to the Settlement Agreement, respectively.

8.      The Court approves and appoints_____, as Notice Specialist,
and _____ as Claims Administrator, as provided for in the Settlement
Agreement.

9.     The Court approves as to form and content the Proof of Claim Forms attached as Exhibits D-1 through D-4 to the Settlement Agreement.

10.    The Sony Entities shall cause the Summary Notice to be disseminated consistent with the Notice Program submitted in support of the motion for issuance of this Order, and the Claims Administrator shall establish a dedicated settlement website, which shall be maintained and updated during the Claim Period, with the forms of Summary Notice and Notice, the Proof of Claim Form, and the Settlement Agreement.   The forms of Summary Notice, Notice, and Claim Form approved by the Court may be adjusted by the Settling Parties, or by the Notice Specialist or Claims Administrator respectively  (in consultation and agreement with the Settling Parties), as may be reasonable and not inconsistent with such approval.

11.    The Court finds that the dissemination of the Summary Notice in the manner set forth in Paragraph 10 herein is the best notice practicable under the circumstances, constitutes due and sufficient notice of this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

12.    No later than ten (10) calendar days before the Final Fairness Hearing, Co-Lead Settlement Class Counsel and the Sony Entities shall file with the Court one or more declarations stating that the Summary Notice was disseminated in accordance with the terms of this Order and that the Notice was posted at a dedicated settlement website.

13.    The Sony Entities shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than ten (10) calendar days before the Final Fairness Hearing, counsel for the Sony Entities shall file with the Court a declaration(s) stating that the Sony Entities have complied with the notice obligations under 28 U.S.C. § 1715.

14.     Each Person wishing to opt out of the Settlement Class shall individually sign (or, if the Person opting out is less than 18 years of age, by the signature of a parent, legal guardian or other legal representative) and timely mail a written notice of such intent to a designated Post Office Box established by the Claims Administrator, as set forth in the Notice.  The written notice must clearly manifest an intent to be excluded from the Settlement Class.  To be effective, written notice must be postmarked no later than twenty-one (21) days prior to the date of the Final Fairness Hearing.

15.     Within seven (7) days after the deadline for Persons to request exclusion from the Settlement Class, Co-Lead Settlement Class Counsel shall furnish to counsel for the Sony Entities a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

16.     All Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement.  All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

17.     Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement.  All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit but will in all other respects be subject to

and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Judgment.

18.    Each Settlement Class Member desiring to object to the settlement shall submit a timely written notice of his or her objection.  Such notice shall state:  (i) the objector's full name, address, telephone number, and e-mail address; (ii) information identifying the objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, with documentation of any Identity-Theft-Related Charges they claim to have suffered as a result of the Intrusions, if any, if they are objecting to any portion of the settlement dealing with reimbursement for Identity-Theft-Related Charges and for which they believe they would have an existing claim; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel, if any, representing the objector; (v) the identity of all counsel representing the objector, if any, who will appear at the Final Fairness Hearing; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (vii) a list of any other persons who will be called to testify at the Final Fairness Hearing in support of the objection; and (viii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).  In order to be a valid objection, such notice shall also identify, by case name, court, and docket number, all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) previously has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel.  To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Southern District of California, _____ Street, Suite _____,

San Diego, California 92101-8900, twenty-one (21) days prior to the date set in the Notice for

the Final Fairness Hearing, and served concurrently therewith upon (a) either Ben Barnow,

Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602, or Paul

J. Geller, Robbins Geller Rudman & Dowd LLP, 120 E. Palmetto Park Road, Suite 500, Boca

Raton, FL 33432, for purposes of service upon Co-Lead Settlement Class Counsel, and (b)

Harvey J. Wolkoff, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA,

02199, counsel for the Sony Entities.

19.     All discovery, motions, and/or pretrial proceedings in this Litigation, other than

confirmatory discovery provided for in the Settlement Agreement, are stayed and suspended

until further order of the Court.

20.     Pending the final determination of the fairness, reasonableness, and adequacy of

the settlement set forth in the Settlement Agreement, no Settlement Class Member, either

directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of

the Released Claims in any action or proceeding in any court or tribunal.

21.     Neither the Settlement Agreement nor the settlement contained therein, nor any

act performed or document executed pursuant to or in furtherance of the Settlement Agreement

or the settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence

of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of

the Released Persons; or (b) is or may be deemed to be, or may be used as an admission of, or

evidence of, any fault or omission of any of the Released Persons, in any civil, criminal, or

administrative proceeding in any court, administrative agency, or other tribunal.

22.     In the event the Court does not grant final approval of the Settlement Agreement

or the settlement set forth in the Settlement Agreement is terminated in accordance with its

terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation, and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

       SO ORDERED.

                                   _____

                                   Honorable Anthony J. Battaglia
                                   United States District Court Judge

Dated: _____ \_\_\_, \_\_\_\_

**EXHIBIT B**

Legal Notice

# If You Had a PlayStation Network, Qriocity, or Sony Online Entertainment Account Before May 15, 2011,
## *You Could Get Benefits from a Class Action Settlement.*

A settlement has been reached with the Sony Entities in a class action lawsuit about the illegal and unauthorized attacks (the "Intrusions") in April of 2011, on the computer network systems used to provide PlayStation Network ("PSN"), Qriocity, and Sony Online Entertainment ("SOE") services .

The Sony Entities deny any claims of wrongdoing in this case, and the settlement does not mean that the Sony Entities violated any laws or did anything wrong.

## WHO IS INCLUDED?

The Class includes everyone in the US who had a PSN account, a Qriocity account, or an SOE account at any time before May 15, 2011.

## WHAT DOES THE SETTLEMENT PROVIDE?

There are various benefits, depending in part on what type of account(s) you had. Benefits you could get (if you qualify) include:

- Payment equal to paid wallet balances (if $2 or more) in PSN or SOE accounts that have been inactive since the Intrusions,
- One or more of the following:  a free PS3 or PSP game, 3 free PS3 themes, or a free 3-month subscription to PlayStation Plus (once valid claims exceed $10 million, class members will still be eligible for one free month of PlayStation Plus),
- A free month of Music Unlimited for Qriocity accountholders who did not have a PSN account,
- $4.50 in SOE Station Cash (amounts will be reduced proportionally if valid claims exceed $4 million).

***Identity Theft Reimbursement***:  If you had out-of-pocket charges due to actual identity theft, and have documentation proving that the theft was actually caused by the Intrusion(s), you can submit a claim for reimbursement up to $2,500.  Reimbursements will be reduced proportionally if the total amount payable on of all valid claims would exceed $1 million.

## HOW DO YOU ASK FOR BENEFITS?

You need to file a claim to be eligible for benefits.  Claim forms are available at WWW.PSNSOESETTLEMENT.COM or by calling 1-800-000-0000.  The earliest deadline to file a claim is **Month 00, 2014,** or 60 days after the settlement becomes final and effective.

## YOUR OTHER OPTIONS.

Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your

right to sue the Sony Entities yourself, you must exclude yourself from the Settlement Class by **Month 00, 2014**. If you stay in the Settlement Class, you may object to the Settlement by **Month 00, 2014**.  The detailed notice, available at the website or by phone, explains how to exclude yourself or object.

The Court will hold a hearing in this case on **Month 00, 2014**, to consider whether to approve the settlement, and a request by Class Counsel for fees, costs, and expenses up to $2,750,000.  You or your own lawyer may appear and speak at the hearing at your own expense.

**For More Information and Claim Forms**
**WWW.PSNSOESETTLEMENT.COM**
**1-800-000-0000**

**EXHIBIT C**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If You Had a PlayStation Network, Qriocity, or Sony Online Entertainment Account before May 15, 2011

## *You Could Benefit from a Class Action Settlement*

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- There is a proposed settlement with Sony Network Entertainment International LLC ("SNE"), Sony Computer Entertainment America LLC ("SCEA"), and Sony Online Entertainment LLC ("SOE") (together, "Sony," "Sony Entities" or "Defendants") in a class action lawsuit about the illegal and unauthorized attacks in April 2011 on the computer network systems used to provide the Sony PlayStation Network, Qriocity, and SOE services (the "Intrusions").

- The proposed settlement offers payments equal to credit balances in inactive accounts, game, and online service benefits for holders of active accounts, and reimbursements for certain out-of-pocket expenses from any identity theft proven to have resulted from the Intrusions.

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case has preliminarily approved the settlement, but still has to decide whether to finally approve the settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit a valid claim. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| ASK FOR BENEFITS | Submit a Claim Form for benefits (payments, game and online service benefits, and/or reimbursements) from the settlement, if you are eligible. |
| EXCLUDE YOURSELF | Get no benefits from the settlement. This is the only option that allows you to start or remain part of any other lawsuit against the Defendants about the legal claims in this case. |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no benefits from the settlement. Give up your rights to sue Defendants about the legal claims in this case. |

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION** ................................................................................................... **PAGE 3**
    1.  Why is this notice being provided?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a proposed settlement?

**WHO IS IN THE SETTLEMENT** ....................................................................................... **PAGE 4**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  What if I am not sure whether I am included in the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ................................................. **PAGE 4**
    8.  What does the settlement provide?
    9.  What benefits are available for PlayStation Network Accountholders?
    10.  What benefits are available for Qriocity Accountholders?
    11.  What benefits are available for Sony Online Entertainment Accountholders?
    12.  What reimbursement can I get?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM IF YOU QUALIFY** ................................. **PAGE 7**
    13.  How can I get benefits?
    14.  When will I get my benefits?
    15.  What am I giving up as part of the settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................... **PAGE 8**
    16.  If I exclude myself, can I get anything from this settlement?
    17.  If I do not exclude myself, can I sue later?
    18.  How do I get out of the settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................................... **PAGE 9**
    19.  Do I have a lawyer in the case?
    20.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .............................................................................. **PAGE 9**
    21.  How do I tell the Court if I do not like the settlement?
    22.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ............................................................................ **PAGE 10**
    23.  When and where will the Court decide whether to approve the settlement?
    24.  Do I have to come to the hearing?
    25.  May I speak at the hearing?

**IF YOU DO NOTHING** ...................................................................................................**PAGE 11**
    26.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................................**PAGE 11**
    27.  How do I get more information about the proposed settlement?

# BASIC INFORMATION

### 1.  Why is this notice being provided?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the proposed settlement.  If the proposed settlement is ultimately approved, payments, game, and online service benefits, and/or reimbursements will be given to everyone who submitted a valid claim for that benefit.  This notice explains the lawsuit, the proposed settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Anthony J. Battaglia of the United States District Court for the Southern District of California is overseeing this consolidated class action.  The case is known as In re Sony Gaming Networks and Customer Data Security Breach Litigation, Civil Action No. 11-MD-2258.

The people who sued are called the "Plaintiffs," and the Sony Entities they sued are called the "Defendants."

### 2.  What is this lawsuit about?

The lawsuit challenges Defendants' protection of the computer network systems used to provide the Sony PlayStation Network ("PSN"), the Qriocity service, and the SOE services ("the Network Platforms").  These Network Platforms were attacked by criminal intruders in April 2011.  Plaintiffs claim that Defendants did not adequately protect the Network Platforms and, as a result, unauthorized people were able to access certain accountholder information.  According to Plaintiffs, Defendants' inadequate security measures allowed unauthorized people to access and steal this information to commit fraud and identity theft.  Plaintiffs also claim that the accountholders were legally injured by the unavailability of the PSN, the Qriocity service, and the SOE services, while they were temporarily offline after the Intrusions.

Defendants deny all of Plaintiffs' claims and say that they did nothing wrong.  Specifically, Defendants disagree with the allegations and say that they have many defenses, and that Plaintiffs are not entitled to any money or benefits from this litigation.

### 3.  Why is this a class action?

In a class action, one or more people called "Representative Plaintiffs" (in this case, Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and Timothy Whyland) sue on behalf of people who have similar claims.  All of these people are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all class members, except for those who timely exclude themselves from the class.

### 4.  Why is there a proposed settlement?

The Court did not decide the litigation in favor of Plaintiffs or Defendants. Instead, both sides agreed to settle this case to avoid the cost and risk of a trial.  The proposed settlement does not mean that any law was violated or that Defendants did anything wrong.  Defendants deny all legal claims in this case.  The Representative Plaintiffs and their lawyers think the proposed settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will be affected by this proposed settlement or if you can get money or other benefits from the proposed settlement, you first have to determine if you are a Settlement Class Member.

### 5.  How do I know if I am part of the settlement?

The Court decided that the Settlement Class includes anyone residing in the United States who had a PSN account or sub-account, a Qriocity account, or an SOE account at any time before May 15, 2011.

### 6.  Are there exceptions to being included?

The Sony Entities and their officers and directors are not included in the Settlement Class.

### 7.  What if I am not sure whether I am included in the settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the proposed settlement, call the toll free number of the Claims Administrator, who will be administering the settlement, at 1-8xx-xxx-xxxx. You also may write to the Claims Administrator at PSN-SOE Settlement, PO Box 0000, City, ST 00000 or to Class Counsel, attention "PSN-SOE Settlement" at Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL  60602.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the settlement is ultimately approved and becomes final, it will provide benefits to Settlement Class Members.

### 8.  What does the settlement provide?

The settlement provides for cash payments, game, and online service benefits, and reimbursements.  The type of payments and benefits you can get depends in part on what type of account(s) you had.  The chart below summarizes the available game and online service benefits.  See Questions 9 - 11 for more information.

To be eligible for benefits, your account must have been opened before May 15, 2011.  There are no benefits for accountholders whose accounts were opened on or after May 15, 2011.

| NETWORK PLATFORM / TYPE OF ACCOUNT | ACTIVE/INACTIVE | BENEFIT OPTIONS | LIMITATIONS/DOCUMENTATION |
|---|---|---|---|
| PlayStation Network (PSN) | Inactive (no sign-ins from May 15, 2011 through Month 00, 201X) | • Payment equal to paid virtual currency in your account wallet (if balance is $2 or more) or<br>• Resume use of your account and choose from benefits for active accountholders | Not available for PSN accountholders whose only PSN account is a sub-account.  When you submit a claim, your wallet will be: 1) checked for the minimum paid balance for eligibility and 2) if approved, your balance extinguished and account closed (along with all linked accounts). |

| PlayStation Network (PSN) | Active | Free game for PS3 or PSP, 3 free PS3 themes, or free 3-month subscription period for PlayStation Plus | Number and category of benefits depends on whether you participated in PSN "Welcome Back" program. Once valid claims exceed $10 million, class members will still be eligible for one free month of PlayStation Plus.<br><br>Similar themes or PlayStation Plus benefits also available (up to $1 million in valid claims) if you paid Netflix or Hulu Plus for media services that you could not access through the PSN from April 20, 2011 through May 14, 2011. Documentation required. |
|---|---|---|---|
| Qriocity | Account before April 2011 service outage | One free month of Music Unlimited | Not available to Qriocity accountholders who also had a PSN account. |
| Sony Online Entertainment (SOE) | Inactive (no sign-ins from May 15, 2011 through Month 00, 201X) | • Payment equal to paid virtual currency in your account wallet (if eligible balance is $2 or more) or<br>• Resume use of your account and choose the active SOE accountholder benefit | When you submit a claim, your wallet will be: 1) checked for the minimum paid balance for eligibility and 2) if approved, your balance extinguished and account closed. |
| Sony Online Entertainment (SOE) | Active | $4.50 deposit of "Station Cash" (450 Station Cash units) usable for all SOE digital products and services for which Station Cash may be used | Deposit amounts will be reduced proportionally if valid claims exceed $4 million. |

Settlement Class Members may also be eligible for reimbursement of identity theft related expenses (*see* Question 12). The Defendants have also agreed to pay attorneys' fees and the costs associated with administering the settlement.

## 9. What benefits are available for PlayStation Network Accountholders?

Your benefit options depend on whether your account is active or inactive.

*Inactive PlayStation Network Accountholders*:
If you signed in to any of your PSN accounts (including any linked accounts) any time from January 1, 2011 through May 14, 2011, but after that (through _____) you did not sign in to any of them (and did not open any new accounts) because of the Intrusions, you can get a payment equal to any paid virtual currency in your account wallet if that balance is at least $2. This benefit is not available to PSN accountholders whose

only PSN account is a sub-account, since sub-accounts do not have a wallet separate from the corresponding master account.

When you submit a claim for this benefit, your existing PSN accounts (including any linked accounts) will be locked so that any wallet balances can be calculated.  If your claim is approved, your wallet balance will be extinguished **and your existing accounts (including any linked accounts) will be closed**.  If you do not submit a claim or your claim is invalid, the credit balance in your individual account wallet will be available to you for future use.

Even if you are eligible for this benefit, you are not required to select it.  Instead, you can choose to resume use of any of your PSN accounts and submit a claim for an active PSN accountholder benefit.

*Active PlayStation Network Accountholders:*
If you participated in the PSN "Welcome Back" program that followed the restoration of PSN service on May 15, 2011, you can get <u>one</u> of these three benefits:
- One free game for your PS3 or PSP (see the Claim Form for the games you can select), or
- Three free PS3 themes (see the Claim Form for the themes you can select), or
- One free subscription to PlayStation Plus online services for 3 months (this option is available only if you are not already a PlayStation Plus subscriber).

If you did not participate in the PSN "Welcome Back" program following the restoration of PSN service on May 15, 2011, you can submit a claim for <u>two</u> of the above benefit options.

Up to $10 million ($4 million for 'Welcome Back" Participants, and $6 million for "Welcome Back" Non-Participants) in these benefits will be available (calculated at $9 per valid claim for one benefit or $18 for valid claims for two benefits) until the total available amounts have been reached.  If your claim is received after the $10 million cap has been reached, you can get a free subscription to PlayStation Plus online services for one month instead (whether or not you are already a PlayStation Plus subscriber).

In addition, if you paid other companies for certain media services (specifically, Netflix or Hulu Plus) that you could not access through the PSN while the PSN was temporarily offline from April 20, 2011 through May 14, 2011 (the "PSN Offline Period"), you can get:
- Three free PS3 themes (see the Claim Form for the themes you may select), or
- A free subscription to PlayStation Plus online services for 3 months (this option is available only if you are not already a PlayStation Plus subscriber).

You must provide documentation in the form of credit card or other payment receipts or statements that you paid Netflix or Hulu Plus for media services during the PSN Offline Period that you could have accessed through the PSN but for the outage.  You are not eligible for this benefit if you received a credit or reimbursement offsetting your payment and you must also certify that you did not access those media services during the PSN Offline Period through some other means, such as by streaming media through internet-connected computers or ordering it on disc through the mail.  Up to $1 million in benefits for such claims will be available (calculated at $9 per valid claim).

## 10.  What benefits are available for Qriocity Accountholders?

If you were not a PSN accountholder but you had a Qriocity account at the time of the April 2011 service outage, you can get one free month of Music Unlimited, an online music service that is a successor to Qriocity.

## 11.  What benefits are available for Sony Online Entertainment Accountholders?

Your benefit options depend on whether your account is active or inactive.

*Inactive Sony Online Entertainment Accountholders*:

If you signed in to any of your SOE accounts at any time from January 1, 2011 through May 14, 2011, but after that (through _____) you did not have any sign-ins in any of them (and did not open any new accounts) because of the Intrusions, you can get a payment equal to any balance of paid virtual currency in your account wallet, if that balance is at least $2 (200 Station Cash units).  The eligible balance does not include unpurchased or promotional Station Cash.  If you do not submit a claim or your claim is invalid, the credit balance in your individual account wallet will be available to you for future use.

When you submit a claim for this benefit, your existing SOE accounts will be locked so that any wallet balances can be calculated.  If your claim is approved, your wallet balance will be extinguished **and your existing accounts will be closed**.

Even if you are eligible for this benefit, you are not required to select it.  Instead, you can choose to resume use of any of your SOE accounts and submit a claim for an active SOE accountholder benefit.

*Active Sony Online Entertainment Accountholders*:
You can get a $4.50 deposit of "Station Cash" (450 Station Cash units) into your SOE account, usable for all SOE digital products and services for which Station Cash may be used.  Deposits will be reduced proportionally if the total of valid claims for deposits exceeds $4 million so that all valid claims receive a deposit.

| **12.  What reimbursement can I get?** |
| --- |

If you had out-of-pocket charges due to actual identity theft and have documentation proving that the theft was directly caused by the Intrusion(s), you can submit a claim for reimbursement up to $2,500.  Up to $1 million in reimbursements will be available.  If the total amount of all valid claims  is more than $1 million, reimbursements will be reduced proportionally..

"Actual identity theft" means someone assuming your identity and taking out a line of credit, establishing a new financial account, or otherwise obtaining money and other things of value fraudulently in your name.  Unauthorized charges on a payment card must be on a new payment card (not the one associated with your PSN account, Qriocity account or SOE account) obtained fraudulently in your name.

The Claims Administrator will determine, on a "more likely than not" basis, whether your documentation supports your claim, including whether you had actual identity theft caused by the Intrusion(s).  For a claim to be valid, your documentation must show that the charges actually resulted from someone else's unauthorized use of information about you that was obtained from the Intrusions in this case and not from any other source.

# HOW TO GET BENEFITS—
# SUBMITTING A CLAIM FORM IF YOU QUALIFY

| **13.  How can I get benefits?** |
| --- |

To receive benefits, you must complete and submit a Claim Form for the benefit with any required documentation by the deadline.  Information about the deadline will be available at www.PsnSoeSettlement.com but it may be as early as **Month 00, 201X**.  The same deadline will apply for all claims.  You can get Claim Forms at the website or by calling 1-8xx-xxx-xxx.  There are different Claim Forms for PSN accountholders, Qriocity accountholders, SOE accountholders, and for claimants eligible for reimbursement for identity-theft-related charges.  You can submit only one of each Claim Form, but you may be eligible to file a claim in more than one category.  Please read the instructions carefully, fill out the relevant Claim Form(s), attach any required documentation and mail your claim(s) postmarked no later than the deadline, to:

PSN-SOE Settlement
PO Box xxxx
City, ST XXXXX-XXXX

Please note that benefits are available on a per person basis by Network Platform, not on a per account basis.

> For example: Even if you had multiple PSN accounts, you are eligible for only one set of PSN account benefits.  Similarly, if you had multiple Qriocity accounts, you are eligible for only one set of Qriocity account benefits, and if you had multiple SOE accounts, you are eligible for only one set of SOE account benefits.  However, if you had both a PSN account *and* an SOE account, you may be eligible for both sets of benefits.

## 14.  When will I get my benefits?

Eligible Settlement Class Members who send in a timely and valid Claim Form for any wallet balance payment, game, and online service benefits, or identity theft reimbursement payment under the settlement will receive the benefit after the Court grants "final approval" of the settlement and after any appeals are resolved. If Judge Battaglia approves the settlement after a hearing on Month 00, 201X (see the section "The Court's Fairness Hearing" below), there may be appeals.  It is always uncertain when these appeals can be resolved, and resolving them can take time.

PSN game, theme, and online service benefits will be distributed by sending voucher codes by email or by mail.  The SOE "Station Cash" benefit will be credited to your SOE account.  Wallet balance payments and identity theft reimbursement payments will be mailed.  Please note that reimbursements will be sent only when the reimbursement amounts are final under the terms of the settlement.  Please be patient.

## 15.  What am I giving up as part of the settlement?

If the proposed settlement becomes final, Settlement Class Members will be "releasing" Defendants and all related people and entities from all of the claims described and identified in the Settlement Agreement. This means you will no longer be able to sue any of the Sony Entities or their affiliates regarding any of the claims described in the Settlement Agreement.

The Settlement Agreement is available at WWW.PSNSOESETTLEMENT.COM.   The Settlement Agreement provides more detail about the specific claims you are releasing with descriptions in accurate legal terminology, so read it carefully.  You can talk to the law firms representing the Settlement Class listed in Question 19 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue Defendants about the legal issues in this case, then you must take steps to get out of the proposed settlement.  This is called asking to be excluded from, or sometimes called "opting out," of the Settlement Class.

## 16.  If I exclude myself, can I get anything from this settlement?

No.  If you exclude yourself, you may not apply for any benefits under the proposed settlement and you cannot object to the proposed settlement.  If you timely and properly ask to be excluded, however, you may sue Defendants relating to these claims in the future.  You will not be bound by anything that happens in this lawsuit.

### 17.  If I do not exclude myself, can I sue later?

Unless you exclude yourself, you give up the right to sue Defendants for all of the claims that the proposed settlement resolves. Otherwise, you must exclude yourself from this Settlement Class to pursue your own lawsuit or be part of any different lawsuit relating to these claims.

### 18.  How do I get out of the settlement?

To exclude yourself from the proposed settlement, you must send a letter (or other written document) by mail saying that you want to be excluded from *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*.  Be sure to include the case number (No. 11-MD-2258), your full name, address, signature (or signature of a parent, legal guardian or other legal representative for those under 18 or where otherwise appropriate), and date.  You must mail your request for exclusion postmarked by Month 00, 201X to:

> PSN-SOE Settlement
> PO Box xxxx
> City, ST XXXXX-XXXX

You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

### 19.  Do I have a lawyer in the case?

Yes.  The Court appointed a group of lawyers to represent you and the other Settlement Class Members as "Co-Lead Settlement Class Counsel."  They are (in alphabetical order): Ben Barnow, Barnow and Associates, P.C. of Chicago, Illinois; Gayle M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP of San Diego, California; Timothy G. Blood, Blood Hurst & O'Reardon, LLP of San Diego, California; Paul J. Geller, Robbins Geller Rudman & Dowd LLP of Boca Raton, Florida; Adam J. Levitt, Grant & Eisenhofer, P.A. of Chicago, Illinois; David A. McKay, Law Offices of David A. McKay LLC of Alpharetta, Georgia; and Brian R. Strange, Strange & Carpenter of Los Angeles, California,. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 20.  How will the lawyers be paid?

Defendants have agreed to pay Plaintiffs' attorneys' fees, costs, and expenses up to the combined amount of $2,750,000, which will be distributed by Co-Lead Settlement Class Counsel.  The Court may award less than this amount. The payment of attorneys' fees, and reimbursement of costs and expenses, awarded by the Court, will not reduce the other benefits provided by this settlement to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

### 21.  How do I tell the Court if I do not like the settlement?

If you disagree with any aspect of the proposed settlement, you may express your views to the Court through a written statement called an "objection."  The Court will consider your views.  You must object to the proposed settlement in writing.  In your objection, be sure to include the following:

1.  The name and title of the lawsuit, *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, Civil Action No. 11-MD-2258;

2.  Your full name, address, telephone number, e-mail address, and signature (or signature of a parent, legal guardian or other legal representative for those under 18 or where otherwise appropriate);

3.  A statement that you are a Settlement Class Member, and include proof that you are a member of the Settlement Class;

4.  The reasons why you object to the proposed settlement (and any documentation supporting your objection);

5.  A statement of whether you intend to appear at the Fairness Hearing;

6.  The name and contact information of any counsel that you have retained to represent you for the objection; and

7.  Documentation of any identity-theft-related charges you claim to have suffered as a result of the Intrusion(s) (if you are objecting to any portion of the settlement dealing with reimbursement of identity-theft-related charges for which you believe you have an existing claim).

Also, for your objection to be effective, you should identify (by case name, court, and docket number) all other cases in which you (directly or through counsel) or your counsel (on behalf of any person or entity) have filed an objection to any other proposed class action settlement, or whether you have been a named plaintiff in any class action or your counsel has served as lead plaintiff class counsel.

Send copies of any objection to the Court, Settlement Class Counsel, and Defendants' Counsel listed below, postmarked no later than **Month 00, 201X**.

| COURT | SETTLEMENT CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>Southern District of California<br>_____ Street<br>Suite _____<br>San Diego, CA 92101 | Ben Barnow, Esq.<br>Barnow and Associates, P.C.<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL<br><br>or<br><br>Paul Geller, Esq.<br>Robbins Geller Rudman & Dowd LLP<br>120 E. Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | Harvey J. Wolkoff, Esq.<br>Ropes & Gray, LLP<br>800 Boylston Street<br>Prudential Tower<br>Boston, MA 02199 |

## 22.  What is the difference between objecting and asking to be excluded?

Objecting and asking to be excluded are not the same thing.  Objecting is simply telling the Court that you do not like something about the settlement.  Asking to be excluded is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the settlement because the case no longer affects you, and you will not be eligible to apply for any benefits under the settlement.

# THE COURT'S FAIRNESS HEARING

## 23.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 2:00 p.m. on Month 00, 2014, at the United States District Court for the Southern District of California, _____ Street, San Diego, California.  At the Fairness Hearing, the

Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will also consider Co-Lead Settlement Class Counsel's request for attorneys' fees, costs, and expenses.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Co-Lead Settlement Class Counsel as fees, costs, and expenses.

The Fairness Hearing may be moved to a different date without additional notice, so it is recommended that you periodically check WWW.PSNSOESETTLEMENT.COM for updated information.

| **24.  Do I have to come to the hearing?** |
| --- |

No. Co-Lead Settlement Class Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense.  If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary to have a lawyer attend on your behalf.

| **25.  May I speak at the hearing?** |
| --- |

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, Civil Action No. 11-MD-2258.  Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing.  If you intend to have counsel appear and represent you at the hearing, please so indicate and provide the full name and contact information for that counsel.  Also, please list anyone you or your counsel will call to testify in support of your objection at the hearing.  Please send copies of your "Notice of Intent to Appear" to the Court, Co-Lead Settlement Class Counsel, and Defendants' Counsel as listed in Question 21 above.  It must be postmarked no later than Month 00, 201X.  The Court will decide if you will be allowed to speak at the Fairness Hearing.

## IF YOU DO NOTHING

| **26.  What happens if I do nothing?** |
| --- |

You have the right to do nothing.  If you do nothing, you will not get any benefits under this proposed settlement because the benefits must be requested by making a claim as described above.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit, including any other class action lawsuit, against Defendants about the legal issues in this case.

## GETTING MORE INFORMATION

| **27.  How do I get more information about the proposed settlement?** |
| --- |

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at WWW.PSNSOESETTLEMENT.COM.  You also may write with questions to:

> PSN-SOE Settlement
> PO Box xxxx
> City, ST XXXXX-XXXX.

You can get Claim Forms at the website, or by calling the toll free number, 1-8xx-xxx-xxx.  Or, you can call Co-Lead Settlement Class Counsel, identified in Question 19.

**EXHIBIT D-1**

Exhibit D-1

Please make sure this information matches the registered information in your online account, so that your claim can be validated.  We will communicate with you about your claim at the email address you provide below.

FULL NAME:_____

Address:_____

City:_____

State/Territory:_____ Zip Code:_____

EMAIL:_____
(must match a sign-in name listed below)

## CLAIM FORM FOR PLAYSTATION NETWORK ACCOUNT BENEFITS

| MUST BE SENT TO THIS ADDRESS, AND POSTMARKED NO LATER THAN THE DEADLINE FOR THESE CLAIMS (For deadline information, see the settlement website) | PSN-SOE SETTLEMENT P.O. BOX _____ _____, _____ _____-____ |
|---|---|

**Please print legibly.**

**1.  LIST OF ACCOUNTS**: I was the registered holder of the PlayStation Network account(s) listed below on or before May 14, 2011, which I have identified below by sign-in name.  If any of my accounts is a "Master" account, I have also listed all linked sub-accounts. (Use a separate sheet if needed.)

| LIST SIGN-IN NAME FOR EACH ACCOUNT BELOW (For example, "mailname000@email.com" -- do not list "handles") | |
|---|---|
| **MY OWN PLAYSTATION NETWORK ACCOUNTS:** | **OTHER LINKED PLAYSTATION SUBACCOUNTS:** |
|  |  |
|  |  |
|  |  |

**2.  CHOOSE YOUR SETTLEMENT BENEFIT:**  You must indicate which benefit(s) you are claiming from Sections A-D below.  If eligible, you may choose **either** the wallet balance payment in Section A **or** other benefits covered by this claim form.  Please read through the entire form before making your selections.

## A.  WALLET BALANCE PAYMENT

I am claiming a wallet balance payment.  I certify that at least one of the above accounts was used between Jan. 1, 2011 through May 14, 2011, and that, because of the Intrusions, none of them was used after that through _____.  I would like to close all of the above accounts.  If any associated wallet has a balance of paid virtual currency of $2 or more, I would like to receive a payment equal to that balance.

☐ Yes ☐ No

Please note that, if you choose "yes" and are eligible to receive a wallet balance payment, all of the accounts listed above will be closed and neither you or your linked accountholders can claim any of the other benefits listed on this Claim Form.  If you want to keep your account(s) open, do not choose "yes" above.  Instead, you can submit a claim for benefits under Sections B or C, and (if you are eligible) Section D, as described below.

_**YOU MUST SIGN THE FINAL PAGE OF THE FORM FOR YOUR CLAIM TO BE VALID.**_

**B.  ACCOUNTHOLDERS WHO PARTICIPATED IN "WELCOME BACK"**

**If you participated** in the PSN "Welcome Back" program offered in May 2011 (and did NOT choose the benefit under Section A above), you can submit a claim under Section B.  If eligible, you may choose **one** of the three types of benefit options and mark your selection below.

| OPTION 1: FREE GAME | | | | |
|---|---|---|---|---|
| OPTION 1: FREE GAME<br><br>If you choose this option, you may select **one** game.  Check one box to the right. | Dead Nation™ (PS3) | ☐ | LittleBigPlanet™ (PSP) | ☐ |
| | inFAMOUS™ (PS3) | ☐ | ModNation™ Racers (PSP) | ☐ |
| | LittleBigPlanet™ (PS3) | ☐ | Patapon® 3 (PSP) | ☐ |
| | Super Stardust™ HD (PS3) | ☐ | Killzone® Liberation (PSP) | ☐ |
| | rain™ (PS3) | ☐ | [TBD] | ☐ |
| | [TBD] | ☐ | [TBD] | ☐ |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| OPTION 2: FREE THEMES<br><br>If you choose this option, you may select up to **three** of these themes.  Check three boxes to the right. | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| OPTION 3: "PLAYSTATION PLUS" OPTION<br><br>(free subscription for three months): | This is available as an option if you do **not** already subscribe to PlayStation Plus.  **If you are already a subscriber, please choose either the FREE GAME OPTION or FREE THEME OPTION above.**<br><br>If you qualify and you wish to choose this option, check here: | | | ☐ |

**_YOU MUST SIGN THE FINAL PAGE OF THE FORM FOR YOUR CLAIM TO BE VALID._**

## C.  ACCOUNTHOLDERS WHO DID <u>NOT</u> PARTICIPATE IN "WELCOME BACK"

**If you did <u>not</u> participate** in the PSN "Welcome Back" program offered in May 2011 (and did NOT choose the benefit under Section A above), you can submit a claim under Section C.  If eligible, please choose **two** benefits from the three types of benefit options and mark your selections below.  <u>Note: if you did participate in "Welcome Back", you are not eligible to submit a claim under Section C and you should instead use Section B above</u>.

| | | | | |
|---|---|---|---|---|
| **OPTION 1: FREE GAME**<br><br>If you choose Option 1 **only**, you may select **two** games.<br><br>If you choose Option 1 **and** either Option 2 or Option 3 in Section C, you may select **one** game. | Dead Nation™ (PS3) | ☐ | LittleBigPlanet™ (PSP) | ☐ |
| | inFAMOUS™ (PS3) | ☐ | ModNation™ Racers (PSP) | ☐ |
| | LittleBigPlanet™ (PS3) | ☐ | Patapon® 3 (PSP) | ☐ |
| | Super Stardust™ HD (PS3) | ☐ | Killzone® Liberation (PSP) | ☐ |
| | rain™ (PS3) | ☐ | [TBD] | ☐ |
| | [TBD] | ☐ | [TBD] | ☐ |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| **OPTION 2: FREE THEMES**<br><br>If you choose Option 2 **only**, you may select up to **six** of these themes.<br><br>If you choose Option 2 **and** either Option 1 or Option 3 in Section C, you may select up to **three** of these themes. | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| | [TBD] | ☐ | | |
| **OPTION 3: FREE "PLAYSTATION PLUS" SUBSCRIPTION**<br><br>If you choose Option 3 **only**, your free subscription will be for six months.<br><br>If you choose Option 3 **and** either Option 1 or Option 2 in Section C, your free subscription will be for three months. | This is available as an option if you do **not** already subscribe to PlayStation Plus. **If you are already a subscriber, please choose either the FREE GAME OPTION or FREE THEMES OPTION above.**<br><br>If you qualify and you wish to choose this option, check here: | | | ☐ |

### <u>*YOU MUST SIGN THE FINAL PAGE OF THE FORM FOR YOUR CLAIM TO BE VALID.*</u>

-3-

## D.  ACCOUNTHOLDERS WHO PAID FOR OTHER MEDIA SERVICES IN THE PSN OFFLINE PERIOD (APRIL 20, 2011 THROUGH MAY 14, 2011)

I paid for media services from Netflix or Hulu Plus that I could not access through the PSN while the PSN was temporarily offline from April 20, 2011 through May 14, 2011:

☐ Yes ☐ No

If you are claiming this benefit (and did not choose the benefit under Section A above), you may be eligible for additional "Free Themes" or a "PlayStation Plus" benefit.  To qualify, you must:

- Provide documentary evidence in the form of credit card or other payment receipts or statements that you paid Netflix or Hulu Plus for media services during the PSN Offline Period.

- Be able to answer "no" to Questions 3 and 4 below.

To submit a claim for this additional benefit, please provide the following information and supporting documentation, choose either Option 1 or Option 2, and mark your selection as indicated:

| | | | |
|---|---|---|---|
| **1. Name of other company you paid for media services during April 20, 2011 through May 14, 2011 (only Netflix or Hulu Plus qualify):** | | | |
| **2. Describe the documentary evidence you are submitting to show you paid for those services:** | | | |
| **3. Did you receive a credit or reimbursement offsetting your payment?** | ☐ Yes | ☐ No | |
| **4. Did you access those media services during April 20, 2011 through May 14, 2011 by some other means?** | ☐ Yes | ☐ No | |
| **ADDITIONAL BENEFIT OPTION 1: FREE THEMES**<br><br>if you choose this option, you may select up to _**three**_ of these themes: | [TBD] | | ☐ |
| | [TBD] | | ☐ |
| | [TBD] | | ☐ |
| | [TBD] | | ☐ |
| | [TBD] | | ☐ |
| | [TBD] | | ☐ |
| **ADDITIONAL BENEFIT OPTION 2: FREE "PLAYSTATION PLUS" SUBSCRIPTION**<br><br>Free subscription of PlayStation Plus for three months. | This is available as an option if you do not already subscribe to PlayStation Plus. **If you are already a subscriber, please choose the FREE THEMES OPTION above.**<br><br>If you qualify and you wish to choose this option, check here: | | ☐ |

**3.  SIGNATURE:** Your Claim Form must be signed regardless of which benefit(s) you are claiming.

Eligibility for benefits under the settlement is subject to the terms and conditions contained in the governing Settlement Agreement.  See the Settlement Agreement and Detailed Notice of the proposed settlement, available at WWW.PSNSOESETTLEMENT.COM or by calling 1-___-___-_____ for more information.

Information provided in this Claim Form and for this Claim will be shared with counsel for the Settlement Class, the Sony entities, and their counsel for the purpose of processing your claim.  The Administrator will keep your Claim Form and any documentation until all obligations under the settlement have been fulfilled.

**I DECLARE UNDER PENALTIES OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.**  If you are under 18, this Form must be signed by a parent, legal guardian, or other legal representative; please provide your address if different from the above.

Signature: _____  Date:_____/_____/_____

41413737_1

**EXHIBIT D-2**

Exhibit D-2

Please make sure this information matches the registered information in your online account, so that your claim can be validated.  <u>We will communicate with you about your claim at the email address you provide below</u>.

FULL NAME:_____

Address:_____

City:_____

State/Territory:_____ Zip Code:_____

EMAIL:_____
(must match a sign-in name listed below)

# CLAIM FORM FOR QRIOCITY ACCOUNT BENEFITS

| **MUST BE SENT TO THIS ADDRESS, AND POSTMARKED NO LATER THAN THE DEADLINE FOR THESE CLAIMS** (For deadline information, see the settlement website) | **PSN-SOE SETTLEMENT** **P.O. BOX _____** _____, _____ _____-_____ |
|---|---|

**Please print legibly.**

**1.  LIST OF ACCOUNTS**: I was the registered holder of the Qriocity account(s) listed below on or before May 14, 2011, which I have identified below by sign-in name. (Use a separate sheet if needed.)

| **LIST SIGN-IN NAME FOR EACH ACCOUNT BELOW** (For example, "mailname000@email.com" -- do not list "handles") | |
|---|---|
| | |
| | |

**2.  CERTIFICATION OF ELIGIBILITY:**  By checking this box, I certify that, on May 14, 2011, I did not have a PlayStation Network account:  ☐

Please note that, if you <u>did</u> have a PlayStation Network account as of May 14, 2011, you are <u>not</u> eligible for this benefit but you may be eligible for other benefits under the settlement that are provided for PlayStation Network accountholders.  (If you opened a PlayStation Network account <u>on or after</u> May 15, 2011, in addition to already having a Qriocity account, you are still eligible to file a claim for a Qriocity Account benefit.)

**3.  CLAIM OF QRIOCITY ACCOUNT BENEFIT:**

I wish to receive one month of free Music Unlimited service. ☐ Yes ☐ No

**4. SIGNATURE:** Your claim form must be signed to be valid.

Eligibility for benefits under the settlement is subject to the terms and conditions contained in the governing Settlement Agreement.  **See the Settlement Agreement and Notice of the proposed settlement for details, available at WWW.PSNSOESETTLEMENT.COM or by calling 1-___-___-_____.**

Information provided in this Claim Form and for this Claim will be shared with counsel for the Settlement Class, the Sony entities, and their counsel for the purpose of processing your claim.  The Administrator will keep your Claim Form and any documentation until all obligations under the settlement have been fulfilled.

**I DECLARE UNDER PENALTIES OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.**  If you are under 18, this Form must be signed by a parent, legal guardian, or other legal representative; please provide your address if different from the above.

Signature:_____ Date: _____/_____/_____

**EXHIBIT D-3**

Exhibit D-3

> Please make sure this information matches the registered information in your online account, so that your claim can be validated.  We will communicate with you about your claim at the email address you provide below.

FULL NAME:_____

Address:_____

City:_____

State/Territory:_____ Zip Code:_____

EMAIL:_____
(must match an email address registered to the account(s) listed below)

## CLAIM FORM FOR SONY ONLINE ENTERTAINMENT ACCOUNT BENEFITS

| MUST BE SENT TO THIS ADDRESS, AND POSTMARKED NO LATER THAN THE DEADLINE FOR THESE CLAIMS (For deadline information, see the settlement website) | PSN-SOE SETTLEMENT P.O. BOX _____ _____, _____ _____-____ |
|---|---|

Please print legibly.

**1.  LIST OF ACCOUNTS**:  I was the registered holder of the Sony Online Entertainment account(s) listed below on or before May 14, 2011, which I have identified below by Station Name. (Use a separate sheet if needed.)

| LIST STATION NAME FOR EACH ACCOUNT BELOW (For example, "Xxxyyy") | |
|---|---|
|  |  |
|  |  |

**2.  CHOOSE BENEFIT OPTION:**  If you want to receive benefits, you must choose either Option A or Option B.  Indicate your choice below.

**OPTION A - WALLET BALANCE PAYMENT**: I certify that at least one of the above accounts was used from Jan. 1, 2011 through May 14, 2011, and that, because of the Intrusions, none of them was used after that through _____.   I would like to close all of the above accounts.  If any associated wallet has a balance of paid virtual currency of $2 or more, I would like to receive a payment equal to that balance.

☐     Yes     ☐     No

Please note that, if you choose "yes" and are eligible to receive a wallet balance payment, all of the accounts listed above will be closed and you cannot claim Option B.  If you want to keep your account(s) open, do not choose "yes" above.  Instead, you can choose to submit a claim for the alternative SOE accountholder benefit below.

**OPTION B - SOE ACCOUNT BENEFIT**: I wish to receive a U.S. $4.50 deposit of "Station Cash" (450 Station Cash units) into my SOE account, usable for SOE digital products and services for which Station Cash may be used.

☐     Yes     ☐     No

**4. SIGNATURE:** Your Claim Form must be signed to be valid.

Eligibility for benefits under the settlement is subject to the terms and conditions contained in the governing Settlement Agreement.  **See the Settlement Agreement and Notice of the proposed settlement for details, available at www.PsnSoeSettlement.com or by calling 1-___-___-____.**

Information provided in this Claim Form and for this Claim will be shared with counsel for the Settlement Class, the Sony entities, and their counsel for the purpose of processing your claim.  The Administrator will keep your Claim Form and any documentation until all obligations under the settlement have been fulfilled.

**I DECLARE UNDER PENALTIES OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT**.  If you are under 18, this Form must be signed by a parent, legal guardian, or other legal representative; please provide your address if different from the above.

Signature: _____  Date: _____/_____/_____

41413232_1

**EXHIBIT D-4**

Exhibit D-4

Please make sure this information matches the registered information in your online account, so that your claim can be validated.  We will communicate with you about your claim at the email address you provide below.

FULL NAME:_____

Address:_____

City:_____

State/Territory:_____ Zip Code:_____

EMAIL:_____
(for PSN and Qriocity accountholders, must match a sign-in name for those accounts listed below; for SOE accountholders, must match an email address registered to those account(s) listed below)

## CLAIM FORM FOR IDENTITY THEFT REIMBURSEMENT

| MUST BE SENT TO THIS ADDRESS, AND POSTMARKED NO LATER THAN THE DEADLINE FOR THESE CLAIMS (For deadline information, see the settlement website) | PSN-SOE SETTLEMENT P.O. BOX _____ _____, _____ _____-____ |
|---|---|

**Please print legibly.**

**1.  LIST OF ACCOUNT(S):**  I was the registered holder of the account(s) listed below on or before May 14, 2011 which I have identified by my sign-in name.  (List names for all accounts.  Use a separate sheet where needed.)

| PLAYSTATION NETWORK/QRIOCITY ACCOUNT(S) LIST ALL SIGN-IN NAMES (For example, "mailname000@email.com" – do not list "handles") | SONY ONLINE ENTERTAINMENT ACCOUNT(S) LIST STATION NAME FOR EACH ACCOUNT (For example, "Xxxyyy") |
|---|---|
| | |
| | |
| | |

**2.  CLAIM FOR UNREIMBURSED OUT-OF-POCKET CHARGES**

I am claiming unreimbursed out-of-pocket charges from actual identity theft that I claim resulted from the PlayStation Network ("PSN") or Sony Online Entertainment ("SOE") intrusions:

I claim that:

1)  I have paid the following out-of-pocket charge(s) from actual identity theft;

2)  These payments have not been reimbursed already, and reimbursement is not available otherwise;

3)  The identity theft resulted from my account information from one of the above accounts having been stolen in the PSN or SOE intrusions and not from any other source; and

4)  I discovered the identity theft on _____/_____/_____ (provide date).

I understand that for my claim to be valid, I must submit documentation to support each element of my claim.*

41412307_1

**3.  CLAIMED OUT-OF-POCKET CHARGES:**

| CLAIMED OUT-OF-POCKET CHARGES | DOCUMENTED AMOUNT | DOCUMENTED DESCRIPTION OF CLAIMED CHARGES AND CONNECTION TO PSN or SOE INTRUSIONS (Use a separate sheet where needed.) |
|---|---|---|
|  |  |  |

\*"Actual identity theft" means someone assuming your identity and taking out a line of credit, establishing a new financial account, or otherwise obtaining monies and other things of value fraudulently in your name.  Unauthorized charges on a payment card must be on a new payment card obtained fraudulently in your name (not the one associated with your PSN account, Qriocity account, or SOE account).  The Claims Administrator will determine whether your documentation supports your claim on a "more likely than not" basis, including whether you had actual identity theft resulting from the Intrusions.  For a claim to be valid, your documentation must show that the charges actually resulted (i.e., directly and proximately) from someone else's unauthorized use of information about you that was obtained from the Intrusions and not from any other source.

**4. SIGNATURE:** Your claim form must be signed to be valid.

Eligibility for reimbursement is subject to the terms and conditions contained in the governing Settlement Agreement.  **See the Settlement Agreement and Notice of the proposed settlement, available at WWW.PSNSOESETTLEMENT.COM or by calling 1-___-___-_____.**

Information provided in this Claim Form and for this Claim will be shared with counsel for the Settlement Class, the Sony entities and their counsel for the purpose of processing your claim.  The Administrator will keep your Claim Form and any supporting documentation until all obligations under the Settlement have been fulfilled.

**I DECLARE UNDER PENALTIES OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.**  If you are under 18, this Form must be signed by a parent, legal guardian, or other legal representative; please provide your address if different from the above.

Signature: _____ Date:_____/_____/_____

41412307_1

**EXHIBIT E**

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE SONY GAMING NETWORKS )
AND CUSTOMER DATA SECURITY )
BREACH LITIGATION )          CIVIL CASE NO.
_____ )          11-MD-2258 AJB (MDD)
                                )
This filing related to:  ALL ACTIONS )
                                )

## [PROPOSED] JUDGMENT

WHEREAS, Representative Plaintiffs and the defendants, Sony Computer Entertainment

America LLC ("SCEA"), Sony Network Entertainment International LLC and Sony Network

Entertainment America Inc. (having been merged into Sony Network Entertainment International

LLC on September 30, 2011) (together, "SNE"), and Sony Online Entertainment LLC ("SOE")

(collectively, "Sony" or "the Sony Entities"), entered into a Settlement Agreement dated

_____**[date]** (together with the Exhibits thereto, the "Settlement

Agreement");

WHEREAS, on _____**[date]**, the Court entered an Order of Preliminary

Approval and Publishing of Notice of Final Fairness Hearing ("Preliminary Approval Order")

that, among other things, (a) preliminarily certified, pursuant to Fed. R. Civ. P. 23, a class for the

purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and

the method of dissemination thereof; (c) directed that appropriate notice of the settlement be

given to the Settlement Class; and (d) set a hearing date for final approval of the settlement;

WHEREAS, the notice to the Settlement Class ordered by the Court in its Preliminary

Approval Order has been provided, as attested to in the declaration of _____, filed

with the Court on _____**[date]**;

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the declaration of _____, filed with the Court on _____[**date**]; and

WHEREAS, on _____[**date**], a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in Paragraph 7.4 of the Settlement Agreement, the application of Co-Lead Settlement Class Counsel for an award of fees, costs, and expenses is separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court has subject matter jurisdiction of this matter and all claims asserted against the Sony Entities.

3.      The form, content, and method of dissemination of the notice given to the

Settlement Class were adequate and reasonable, and constituted the best notice practicable under

the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the

proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these

proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements

of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, for

the purposes of settling the Released Claims against the Released Persons in accordance with the

Settlement Agreement, the following Persons are members of the Settlement Class:

> All Persons residing in the United States who had a PlayStation
> Network account or sub-account, a Qriocity account, or a Sony
> Online Entertainment account at any time prior to May 15, 2011
> (referred to herein as "PSN Accountholders," "Qriocity
> Accountholders," and "SOE Accountholders" respectively).
> Excluded from the definition of Settlement Class are the Sony
> Entities and their officers and directors, and those Persons who
> timely and validly request exclusion from the Settlement Class.

5.      Excluded from the Settlement Class are those Persons identified in Exhibit ___,

attached hereto, who submitted timely and valid requests for exclusion from the Settlement Class

("Opt-Outs").  Opt-Outs shall neither share in the distribution of any settlement fund nor receive

any benefits of the terms of the Settlement Agreement, and shall not be bound by this Judgment.

6.      Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and

adequately represented the interests of Settlement Class Members in connection with the

settlement set forth in the Settlement Agreement.

7.      All objections to the settlement set forth in the Settlement Agreement having been

considered and having been found either to be mooted by the settlement or not supported by

credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the bests of the Settlement Class, and is hereby approved.

8.      Representative Plaintiffs, the Sony Entities, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.  The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9.      All the claims alleged in the Litigation and all complaints filed in any action in the Litigation are hereby dismissed with prejudice, each party to bear his own costs, except as may be expressly provided in the Settlement Agreement.

10.      Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.  Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against the Released Persons upon the terms and conditions provided in the Settlement Agreement.

11.      Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against the Released Persons is asserted.

12.      Neither this Judgment, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any

wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may

be used as an admission of, or evidence of, any fault or omission of any of the Released Persons

in any civil, criminal, or administrative proceeding in any court, administrative agency, or other

tribunal.  Any of the Released Persons may file the Settlement Agreement and/or this Judgment

in any action that may be brought against them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

       13.    The Court has reviewed the attorneys' fees, costs and expenses petition filed by

Co-Lead Settlement Class Counsel on behalf of all Plaintiffs' Counsel and awards attorneys'

fees, costs and expenses in the amount of _____ (combined).  Such payment for fees, costs,

and expenses by the Sony Entities shall be made to Co-Lead Settlement Class Counsel.  The

Court recognizes that Co-Lead Settlement Class Counsel are most familiar with the participation

and contributions of Plaintiffs' Counsel in this litigation, and, accordingly hereby orders and

provides that they shall be and are hereby authorized to allocate and distribute said funds

amongst Plaintiffs' Counsel in their sole discretion to be reasonably applied.  Any dispute

concerning said allocations shall be under the jurisdiction of this Court.

       14.    The parties have stipulated and the Court has determined that the Court's decision

to grant final approval of the settlement set forth in the Settlement Agreement is separate from

the issues raised by Co-Lead Settlement Class Counsel's petition for fees, costs, and expenses.

       15.    Without affecting the finality of this Judgment in any way, this Court retains

continuing jurisdiction over the Settling Parties and the Settlement Class for the administration,

consummation, and enforcement of the terms of the Settlement Agreement.

16.     In the event the Effective Date does not occur, this Judgment shall be rendered

null and void and shall be vacated and, in such event, as provided in the Settlement Agreement,

this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

_____
Honorable Anthony J. Battaglia
United States District Court Judge

Dated: _____ ____, _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE SONY GAMING NETWORKS       )
AND CUSTOMER DATA SECURITY       )
BREACH LITIGATION                )        CIVIL CASE NO.
——————————————————————           )        11-MD-2258 AJB (MDD)
                                 )
This filing related to: ALL ACTIONS   )
                                 )

## AMENDMENT TO THE SETTLEMENT AGREEMENT

This amendment to the Settlement Agreement ("Amendment"), dated as of June __9__,

2014, hereby amends the Settlement Agreement as follows:

1.      Paragraph 8.1 of the Settlement Agreement is replaced in its entirety with the

following:

      8.1      All claims shall be submitted to the Claims Administrator. All claims, at the claimant's election, shall be submitted either online through a settlement website established by the Claims Administrator or by mail on a written Claim Form to be available as an electronic download that can be printed out and filled in by the claimant, and shall be submitted along with such further documentation that may be required for the claim. On the Claim Form, the claimant must provide the name and address of the claimant and such additional information identified on the Claim Form for the processing and determination of the validity of the claim, and, in the online submission protocol, the claimant must provide similar information, including the login name for the account that is the basis of the claim, and, at a Sony Entity's reasonable election, other customary and reasonable authenticating account information, for verification by the Claims Administrator and/or the relevant Sony Entity and for evaluation of the claim. Claimants must certify on the Claim Form or by corresponding means online that the information and any documentation submitted by the claimant is true and accurate to the best of their knowledge and belief. Each claim must include, on the Claim Form or by corresponding means online, the signature of the claimant or, for claimants who are under eighteen years of age, the signature and (if different) address of the claimant's parent, legal guardian or other legal representative. All information provided to the Claims Administrator shall be deemed confidential by the Claims Administrator. All claims to be evaluated on a first-come, first-served basis shall be so evaluated based on the date of actual receipt by the Claims Administrator.

1

2.   Exhibits B and C to the Settlement Agreement are replaced by the forms of Exhibits B and C attached hereto.

IN WITNESS THEREOF, the Settling Parties have caused this Amendment to the Settlement Agreement to be executed by their duly authorized attorneys.

| *Counsel for the Sony Entities* | *Plaintiffs' Steering Committee* |
|---|---|
| Harvey J. Wolkoff<br>Mark P. Szpak<br>ROPES & GRAY LLP<br>800 Boylston Street, Prudential Tower<br>Boston, MA 02199<br>(617) 951-7600 | Ben Barnow<br>BARNOW AND ASSOCIATES, P.C.<br>Barnow and Associates, P.C.<br>One North LaSalle Street, Suite 4600<br>Chicago, IL 60602<br>(312) 621-2000<br><br><br>Paul J. Geller<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, Florida 33432<br>(561) 750-3000<br><br>Timothy G. Blood<br>BLOOD HURST & O'REARDON LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>(619) 338-1100<br><br>David A. McKay<br>LAW OFFICES OF DAVID A. MCKAY LLC<br>555 North Point Center East, Suite 400<br>Alpharetta, GA 30022<br>(678) 366-5180<br><br>Gayle M. Blatt<br>CASEY GERRY SCHENK FRANCAVILLA<br>BLATT & PENFIELD LLP<br>110 Laurel Street<br>San Diego, CA 92101<br>(619) 238-1811 |

2

|  | Adam J. Levitt<br>GRANT & EISENHOFER, P.A.<br>30 N. LaSalle Street, Suite 1200<br>Chicago, IL 60602<br>(312) 214-0000<br><br>Brian R. Strange<br>STRANGE & CARPENTER<br>12100 Wilshire Blvd., Suite 1900<br>Los Angeles, CA 90025<br>(310) 207-5055 |
| --- | --- |

Exhibit B

Legal Notice

# If You Had a PlayStation Network, Qriocity, or Sony Online Entertainment Account Before May 15, 2011,
## *You Could Get Benefits from a Class Action Settlement.*

A settlement has been reached with the Sony Entities in a class action lawsuit about the illegal and unauthorized attacks (the "Intrusions") in April of 2011, on the computer network systems used to provide PlayStation Network ("PSN"), Qriocity, and Sony Online Entertainment ("SOE") services.

The Sony Entities deny any claims of wrongdoing in this case, and the settlement does not mean that the Sony Entities violated any laws or did anything wrong.

## WHO IS INCLUDED?

The Class includes everyone in the US (including its territories) who had a PSN account, a Qriocity account, or an SOE account at any time before May 15, 2011.

## WHAT DOES THE SETTLEMENT PROVIDE?

There are various benefits, depending in part on what type of account(s) you had. Benefits you could get (if you qualify) include:

- Payment equal to paid wallet balances (if $2 or more) in PSN or SOE accounts that have been inactive since the Intrusions,
- One or more of the following: a free PS3 or PSP game, 3 free PS3 themes, or a free 3-month subscription to PlayStation Plus (once valid claims exceed $10 million, class members will still be eligible for one free month of PlayStation Plus),
- A free month of Music Unlimited for Qriocity accountholders who did not have a PSN account,
- $4.50 in SOE Station Cash (amounts will be reduced proportionally if valid claims exceed $4 million).

***Identity Theft Reimbursement***:  If you had out-of-pocket charges due to actual identity theft, and have documentation proving that the theft was caused by the Intrusion(s), you can submit a claim for reimbursement up to $2,500.  Reimbursements will be reduced proportionally if the total amount payable on all valid claims would exceed $1 million.

## HOW CAN YOU ASK FOR BENEFITS?

You need to file a claim to be eligible for benefits.  Claim forms are available at WWW.PSNSOESETTLEMENT.COM or by calling 1-800-000-0000.  The earliest deadline to file a claim is **Month 00, 2014**, or 60 days after the settlement becomes final and effective.  Visit the website for more details on submitting a claim online or by mail.

## YOUR OTHER OPTIONS.

Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue the Sony Entities yourself, you must exclude yourself from the Settlement Class by **Month 00, 2014**.  If you stay in the Settlement Class, you may object to the settlement by **Month 00, 2014**.  The detailed notice, available at the website or by phone, explains how to exclude yourself or object.

The Court will hold a hearing in this case on **Month 00, 2014**, to consider whether to approve the settlement, and a request by Class Counsel for fees, costs, and expenses up to $2,750,000.  You or your own lawyer may appear and speak at the hearing at your own expense.

**For More Information and Claim Forms**
**WWW.PSNSOESETTLEMENT.COM**
**1-800-000-0000**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If You Had a PlayStation Network, Qriocity, or Sony Online Entertainment Account before May 15, 2011

## *You Could Benefit from a Class Action Settlement*

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- There is a proposed settlement with Sony Network Entertainment International LLC ("SNE"), Sony Computer Entertainment America LLC ("SCEA"), and Sony Online Entertainment LLC ("SOE") (together, "Sony," "Sony Entities" or "Defendants") in a class action lawsuit about the illegal and unauthorized attacks in April 2011 on the computer network systems used to provide the Sony PlayStation Network, Qriocity, and SOE services (the "Intrusions").

- The proposed settlement offers payments equal to credit balances in inactive accounts, game, and online service benefits for holders of active accounts, and reimbursements for certain out-of-pocket expenses from any identity theft proven to have resulted from the Intrusions.

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case has preliminarily approved the settlement, but still has to decide whether to finally approve the settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit a valid claim.  Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| ASK FOR BENEFITS | Submit a Claim Form for benefits (payments, game and online service benefits, and/or reimbursements) from the settlement, if you are eligible. |
| EXCLUDE YOURSELF | Get no benefits from the settlement.  This is the only option that allows you to start or remain part of any other lawsuit against the Defendants about the legal claims in this case. |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no benefits from the settlement.  Give up your rights to sue Defendants about the legal claims in this case. |

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE, OR VISIT
WWW.PSNSOESETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITE NUESTRO SITIO DE INTERNET.

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION** ................................................................................................................ **PAGE 3**
    1.  Why is this notice being provided?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a proposed settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................................. **PAGE 4**
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  What if I am not sure whether I am included in the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ................................................ **PAGE 4**
    8.  What does the settlement provide?
    9.  What benefits are available for PlayStation Network Accountholders?
    10. What benefits are available for Qriocity Accountholders?
    11. What benefits are available for Sony Online Entertainment Accountholders?
    12. What reimbursement can I get?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM IF YOU QUALIFY** ................................. **PAGE 7**
    13. How can I get benefits?
    14. When will I get my benefits?
    15. What am I giving up as part of the settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................................................... **PAGE 8**
    16. If I exclude myself, can I get anything from this settlement?
    17. If I do not exclude myself, can I sue later?
    18. How do I get out of the settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................................................... **PAGE 9**
    19. Do I have a lawyer in the case?
    20. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................................................... **PAGE 9**
    21. How do I tell the Court if I do not like the settlement?
    22. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ....................................................................................... **PAGE 10**
    23. When and where will the Court decide whether to approve the settlement?
    24. Do I have to come to the hearing?
    25. May I speak at the hearing?

**IF YOU DO NOTHING** .......................................................................................................... **PAGE 11**
    26. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................................. **PAGE 11**
    27. How do I get more information about the proposed settlement?

# BASIC INFORMATION

## 1.  Why is this notice being provided?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the proposed settlement.  If the proposed settlement is ultimately approved, payments, game, and online service benefits, and/or reimbursements will be given to everyone who submitted a valid claim for that benefit.  This notice explains the lawsuit, the proposed settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Anthony J. Battaglia of the United States District Court for the Southern District of California is overseeing this consolidated class action.  The case is known as In re Sony Gaming Networks and Customer Data Security Breach Litigation, Civil Action No. 11-MD-2258.

The people who sued are called the "Plaintiffs," and the Sony Entities they sued are called the "Defendants."

## 2.  What is this lawsuit about?

The lawsuit challenges Defendants' protection of the computer network systems used to provide the Sony PlayStation Network ("PSN"), the Qriocity service, and the SOE services ("the Network Platforms").  These Network Platforms were attacked by criminal intruders in April 2011.  Plaintiffs claim that Defendants did not adequately protect the Network Platforms and, as a result, unauthorized people were able to access certain accountholder information.  According to Plaintiffs, Defendants' inadequate security measures allowed unauthorized people to access and steal this information to commit fraud and identity theft.  Plaintiffs also claim that the accountholders were legally injured by the unavailability of the PSN, the Qriocity service, and the SOE services, while they were temporarily offline after the Intrusions.

Defendants deny all of Plaintiffs' claims and say that they did nothing wrong.  Specifically, Defendants disagree with the allegations and say that they have many defenses, and that Plaintiffs are not entitled to any money or benefits from this litigation.

## 3.  Why is this a class action?

In a class action, one or more people called "Representative Plaintiffs" (in this case, Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and Timothy Whyland) sue on behalf of people who have similar claims.  All of these people are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all class members, except for those who timely exclude themselves from the class.

## 4.  Why is there a proposed settlement?

The Court did not decide the litigation in favor of Plaintiffs or Defendants. Instead, both sides agreed to settle this case to avoid the cost and risk of a trial.  The proposed settlement does not mean that any law was violated or that Defendants did anything wrong.  Defendants deny all legal claims in this case.  The Representative Plaintiffs and their lawyers think the proposed settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will be affected by this proposed settlement or if you can get money or other benefits from the proposed settlement, you first have to determine if you are a Settlement Class Member.

### 5.  How do I know if I am part of the settlement?

The Court decided that the Settlement Class includes anyone residing in the United States (including its territories) who had a PSN account or sub-account, a Qriocity account, or an SOE account at any time before May 15, 2011.

### 6.  Are there exceptions to being included?

The Sony Entities and their officers and directors are not included in the Settlement Class.

### 7.  What if I am not sure whether I am included in the settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the proposed settlement, call the toll free number of the Claims Administrator, who will be administering the settlement, at 1-8xx-xxx-xxxx. You also may write to the Claims Administrator at PSN-SOE Settlement, PO Box 0000, City, ST 00000 or to Class Counsel, attention "PSN-SOE Settlement" at Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the settlement is ultimately approved and becomes final, it will provide benefits to Settlement Class Members.

### 8.  What does the settlement provide?

The settlement provides for cash payments, game, and online service benefits, and reimbursements.  The type of payments and benefits you can get depends in part on what type of account(s) you had.  The chart below summarizes the available game and online service benefits.  See Questions 9 - 11 for more information.

To be eligible for benefits, your account must have been opened before May 15, 2011.  There are no benefits for accountholders whose accounts were opened on or after May 15, 2011.

| NETWORK PLATFORM / TYPE OF ACCOUNT | ACTIVE/INACTIVE | BENEFIT OPTIONS | LIMITATIONS/DOCUMENTATION |
|---|---|---|---|
| PlayStation Network (PSN) | Inactive (no sign-ins from May 15, 2011 through Month 00, 201X) | • Payment equal to paid virtual currency in your account wallet (if balance is $2 or more) or<br>• Resume use of your account and choose from benefits for active accountholders | Not available for PSN accountholders whose only PSN account is a sub-account. When you submit a claim, your wallet will be: 1) checked for the minimum paid balance for eligibility and 2) if approved, your balance extinguished and account closed (along with all linked accounts). |

| PlayStation Network (PSN) | Active | Free game for PS3 or PSP, 3 free PS3 themes, or free 3-month subscription period for PlayStation Plus | Number and category of benefits depends on whether you participated in PSN "Welcome Back" program. Once valid claims exceed $10 million, class members will still be eligible for one free month of PlayStation Plus.

Similar themes or PlayStation Plus benefits also available (up to $1 million in valid claims) if you paid Netflix or Hulu Plus for media services that you could not access through the PSN from April 20, 2011 through May 14, 2011. Documentation required. |
|---|---|---|---|
| Qriocity | Account before April 2011 service outage | One free month of Music Unlimited | Not available to Qriocity accountholders who also had a PSN account. |
| Sony Online Entertainment (SOE) | Inactive (no sign-ins from May 15, 2011 through Month 00, 201X) | • Payment equal to paid virtual currency in your account wallet (if eligible balance is $2 or more) or
• Resume use of your account and choose the active SOE accountholder benefit | When you submit a claim, your wallet will be: 1) checked for the minimum paid balance for eligibility and 2) if approved, your balance extinguished and account closed. |
| Sony Online Entertainment (SOE) | Active | $4.50 deposit of "Station Cash" (450 Station Cash units) usable for all SOE digital products and services for which Station Cash may be used | Deposit amounts will be reduced proportionally if valid claims exceed $4 million. |

Settlement Class Members may also be eligible for reimbursement of identity theft related expenses (*see* Question 12).  The Defendants have also agreed to pay attorneys' fees and the costs associated with administering the settlement.

| **9.  What benefits are available for PlayStation Network Accountholders?** |
|---|

Your benefit options depend on whether your account is active or inactive.

*Inactive PlayStation Network Accountholders*:
If you signed in to any of your PSN accounts (including any linked accounts) any time from January 1, 2011 through May 14, 2011, but after that (through June 13, 2014) you did not sign in to any of them (and did not open any new accounts) because of the Intrusions, you can get a payment equal to any paid virtual currency in your account wallet if that balance is at least $2.  This benefit is not available to PSN accountholders whose

only PSN account is a sub-account, since sub-accounts do not have a wallet separate from the corresponding master account.

When you submit a claim for this benefit, your existing PSN accounts (including any linked accounts) will be locked so that any wallet balances can be calculated.  If your claim is approved, your wallet balance will be extinguished **and your existing accounts (including any linked accounts) will be closed**.  If you do not submit a claim or your claim is invalid, the credit balance in your individual account wallet will be available to you for future use.

Even if you are eligible for this benefit, you are not required to select it.  Instead, you can choose to resume use of any of your PSN accounts and submit a claim for an active PSN accountholder benefit.

*Active PlayStation Network Accountholders:*
If you participated in the PSN "Welcome Back" program that followed the restoration of PSN service on May 15, 2011, you can get <u>one</u> of these three benefits:
- One free game for your PS3 or PSP (see the Claim Form for the games you can select), or
- Three free PS3 themes (see the Claim Form for the themes you can select), or
- One free subscription to PlayStation Plus online services for 3 months (this option is available only if you are not already a PlayStation Plus subscriber).

If you did not participate in the PSN "Welcome Back" program following the restoration of PSN service on May 15, 2011, you can submit a claim for <u>two</u> of the above benefit options.

Up to $10 million ($4 million for 'Welcome Back" Participants, and $6 million for "Welcome Back" Non-Participants) in these benefits will be available (calculated at $9 per valid claim for one benefit or $18 for valid claims for two benefits) until the total available amounts have been reached.  If your claim is received after the $10 million cap has been reached, you can get a free subscription to PlayStation Plus online services for one month instead (whether or not you are already a PlayStation Plus subscriber).

In addition, if you paid other companies for certain media services (specifically, Netflix or Hulu Plus) that you could not access through the PSN while the PSN was temporarily offline from April 20, 2011 through May 14, 2011 (the "PSN Offline Period"), you can get:
- Three free PS3 themes (see the Claim Form for the themes you may select), or
- A free subscription to PlayStation Plus online services for 3 months (this option is available only if you are not already a PlayStation Plus subscriber).

You must provide documentation in the form of credit card or other payment receipts or statements that you paid Netflix or Hulu Plus for media services during the PSN Offline Period that you could have accessed through the PSN but for the outage.  You are not eligible for this benefit if you received a credit or reimbursement offsetting your payment and you must also certify that you did not access those media services during the PSN Offline Period through some other means, such as by streaming media through internet-connected computers or ordering it on disc through the mail.  Up to $1 million in benefits for such claims will be available (calculated at $9 per valid claim).

## 10.  What benefits are available for Qriocity Accountholders?

If you were not a PSN accountholder but you had a Qriocity account at the time of the April 2011 service outage, you can get one free month of Music Unlimited, an online music service that is a successor to Qriocity.

## 11.  What benefits are available for Sony Online Entertainment Accountholders?

Your benefit options depend on whether your account is active or inactive.

*Inactive Sony Online Entertainment Accountholders:*

If you signed in to any of your SOE accounts at any time from January 1, 2011 through May 14, 2011, but after that (through June 13, 2014) you did not have any sign-ins in any of them (and did not open any new accounts) because of the Intrusions, you can get a payment equal to any balance of paid virtual currency in your account wallet, if that balance is at least $2 (200 Station Cash units).  The eligible balance does not include unpurchased or promotional Station Cash.  If you do not submit a claim or your claim is invalid, the credit balance in your individual account wallet will be available to you for future use.

When you submit a claim for this benefit, your existing SOE accounts will be locked so that any wallet balances can be calculated.  If your claim is approved, your wallet balance will be extinguished **and your existing accounts will be closed**.

Even if you are eligible for this benefit, you are not required to select it.  Instead, you can choose to resume use of any of your SOE accounts and submit a claim for an active SOE accountholder benefit.

*Active Sony Online Entertainment Accountholders*:
You can get a $4.50 deposit of "Station Cash" (450 Station Cash units) into your SOE account, usable for all SOE digital products and services for which Station Cash may be used.  Deposits will be reduced proportionally if the total of valid claims for deposits exceeds $4 million so that all valid claims receive a deposit.

## 12.  What reimbursement can I get?

If you had out-of-pocket charges due to actual identity theft and have documentation proving that the theft was directly caused by the Intrusion(s), you can submit a claim for reimbursement up to $2,500.  Up to $1 million in reimbursements will be available.  If the total amount of all valid claims is more than $1 million, reimbursements will be reduced proportionally.

"Actual identity theft" means someone assuming your identity and taking out a line of credit, establishing a new financial account, or otherwise obtaining money and other things of value fraudulently in your name.  Unauthorized charges on a payment card must be on a new payment card (not the one associated with your PSN account, Qriocity account or SOE account) obtained fraudulently in your name.

The Claims Administrator will determine, on a "more likely than not" basis, whether your documentation supports your claim, including whether you had actual identity theft caused by the Intrusion(s).  For a claim to be valid, your documentation must show that the charges actually resulted from someone else's unauthorized use of information about you that was obtained from the Intrusions in this case and not from any other source.

# HOW TO GET BENEFITS—
# SUBMITTING A CLAIM FORM IF YOU QUALIFY

## 13.  How can I get benefits?

To receive benefits, you must complete and submit a Claim Form for the benefit with any required documentation by the deadline.  Information about the deadline will be available at WWW.PSNSOESETTLEMENT.COM but it may be as early as **Month 00, 201X**.  The same deadline will apply for all claims.  There is an option to file a claim online or by mail.  You can get Claim Forms at the website or by calling 1-8xx-xxx-xxx.  There are different Claim Forms for PSN accountholders, Qriocity accountholders, SOE accountholders, and for claimants eligible for reimbursement for identity-theft-related charges.  You can submit only one of each Claim Form, but you may be eligible to file a claim in more than one category.  Please read the instructions carefully, fill out the relevant Claim Form(s), attach any required documentation and mail your claim(s) or submit them online no later than the deadline.  Mailed claims must be postmarked by the deadline and should be sent to:

PSN-SOE Settlement
PO Box xxxx
City, ST XXXXX-XXXX

Please note that benefits are available on a per person basis by Network Platform, not on a per account basis.

For example: Even if you had multiple PSN accounts, you are eligible for only one set of PSN account benefits.  Similarly, if you had multiple Qriocity accounts, you are eligible for only one set of Qriocity account benefits, and if you had multiple SOE accounts, you are eligible for only one set of SOE account benefits.  However, if you had both a PSN account *and* an SOE account, you may be eligible for both sets of benefits.

## 14.  When will I get my benefits?

Eligible Settlement Class Members who send in a timely and valid Claim Form for any wallet balance payment, game, and online service benefits, or identity theft reimbursement payment under the settlement will receive the benefit after the Court grants "final approval" of the settlement and after any appeals are resolved. If Judge Battaglia approves the settlement after a hearing on Month 00, 201X (see the section "The Court's Fairness Hearing" below), there may be appeals.  It is always uncertain when these appeals can be resolved, and resolving them can take time.

PSN game, theme, and online service benefits will be distributed by sending voucher codes by email or by mail.  The SOE "Station Cash" benefit will be credited to your SOE account.  Wallet balance payments and identity theft reimbursement payments will be mailed.  Please note that reimbursements will be sent only when the reimbursement amounts are final under the terms of the settlement.  Please be patient.

## 15.  What am I giving up as part of the settlement?

If the proposed settlement becomes final, Settlement Class Members will be "releasing" Defendants and all related people and entities from all of the claims described and identified in the Settlement Agreement. This means you will no longer be able to sue any of the Sony Entities or their affiliates regarding any of the claims described in the Settlement Agreement.

The Settlement Agreement is available at WWW.PSNSOESETTLEMENT.COM.  The Settlement Agreement provides more detail about the specific claims you are releasing with descriptions in accurate legal terminology, so read it carefully.  You can talk to the law firms representing the Settlement Class listed in Question 19 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue Defendants about the legal issues in this case, then you must take steps to get out of the proposed settlement.  This is called asking to be excluded from, or sometimes called "opting out," of the Settlement Class.

## 16.  If I exclude myself, can I get anything from this settlement?

No.  If you exclude yourself, you may not apply for any benefits under the proposed settlement and you cannot object to the proposed settlement.  If you timely and properly ask to be excluded, however, you may sue Defendants relating to these claims in the future.  You will not be bound by anything that happens in this lawsuit.

**17.  If I do not exclude myself, can I sue later?**

Unless you exclude yourself, you give up the right to sue Defendants for all of the claims that the proposed settlement resolves. Otherwise, you must exclude yourself from this Settlement Class to pursue your own lawsuit or be part of any different lawsuit relating to these claims.

**18.  How do I get out of the settlement?**

To exclude yourself from the proposed settlement, you must send a letter (or other written document) by mail saying that you want to be excluded from *In re: Sony Gaming Networks and Customer Data Security Breach Litigation.*  Be sure to include the case number (No. 11-MD-2258), your full name, address, signature (or signature of a parent, legal guardian or other legal representative for those under 18 or where otherwise appropriate), and date.  You must mail your request for exclusion postmarked by Month 00, 201X to:

> PSN-SOE Settlement
> PO Box xxxx
> City, ST XXXXX-XXXX

You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

**19.  Do I have a lawyer in the case?**

Yes.  The Court appointed a group of lawyers to represent you and the other Settlement Class Members as "Co-Lead Settlement Class Counsel."  They are (in alphabetical order): Ben Barnow, Barnow and Associates, P.C. of Chicago, Illinois; Gayle M. Blatt, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP of San Diego, California; Timothy G. Blood, Blood Hurst & O'Reardon, LLP of San Diego, California; Paul J. Geller, Robbins Geller Rudman & Dowd LLP of Boca Raton, Florida; Adam J. Levitt, Grant & Eisenhofer, P.A. of Chicago, Illinois; David A. McKay, Law Offices of David A. McKay LLC of Alpharetta, Georgia; and Brian R. Strange, Strange & Carpenter of Los Angeles, California,. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**20.  How will the lawyers be paid?**

Defendants have agreed to pay Plaintiffs' attorneys' fees, costs, and expenses up to the combined amount of $2,750,000, which will be distributed by Co-Lead Settlement Class Counsel.  The Court may award less than this amount. The payment of attorneys' fees, and reimbursement of costs and expenses, awarded by the Court, will not reduce the other benefits provided by this settlement to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

**21.  How do I tell the Court if I do not like the settlement?**

If you disagree with any aspect of the proposed settlement, you may express your views to the Court through a written statement called an "objection."  The Court will consider your views.  You must object to the proposed settlement in writing.  In your objection, be sure to include the following:

1. The name and title of the lawsuit, *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, Civil Action No. 11-MD-2258;

2. Your full name, address, telephone number, e-mail address, and signature (or signature of a parent, legal guardian or other legal representative for those under 18 or where otherwise appropriate);

3. A statement that you are a Settlement Class Member, and include proof that you are a member of the Settlement Class;

4. The reasons why you object to the proposed settlement (and any documentation supporting your objection);

5. A statement of whether you intend to appear at the Fairness Hearing;

6. The name and contact information of any counsel that you have retained to represent you for the objection; and

7. Documentation of any identity-theft-related charges you claim to have suffered as a result of the Intrusion(s) (if you are objecting to any portion of the settlement dealing with reimbursement of identity-theft-related charges for which you believe you have an existing claim).

Also, for your objection to be effective, you should identify (by case name, court, and docket number) all other cases in which you (directly or through counsel) or your counsel (on behalf of any person or entity) have filed an objection to any other proposed class action settlement, or whether you have been a named plaintiff in any class action or your counsel has served as lead plaintiff class counsel.

Send copies of any objection to the Court, Settlement Class Counsel, and Defendants' Counsel listed below, postmarked no later than **Month 00, 201X**.

| COURT | SETTLEMENT CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the<br>Southern District of California<br>880 Front Street<br>Suite 4290<br>San Diego, CA 92101 | Ben Barnow, Esq.<br>Barnow and Associates, P.C.<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL<br><br>or<br><br>Paul Geller, Esq.<br>Robbins Geller Rudman & Dowd LLP<br>120 E. Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | Harvey J. Wolkoff, Esq.<br>Ropes & Gray, LLP<br>800 Boylston Street<br>Prudential Tower<br>Boston, MA 02199 |

### 22.  What is the difference between objecting and asking to be excluded?

Objecting and asking to be excluded are not the same thing.  Objecting is simply telling the Court that you do not like something about the settlement. Asking to be excluded is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the settlement because the case no longer affects you, and you will not be eligible to apply for any benefits under the settlement.

## THE COURT'S FAIRNESS HEARING

### 23.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 2:00 p.m. on Month 00, 2014, at the United States District Court for the Southern District of California, 880 Front Street, San Diego, California.  At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will also consider

Co-Lead Settlement Class Counsel's request for attorneys' fees, costs, and expenses.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Co-Lead Settlement Class Counsel as fees, costs, and expenses.

The Fairness Hearing may be moved to a different date without additional notice, so it is recommended that you periodically check WWW.PSNSOESETTLEMENT.COM for updated information.

### 24.  Do I have to come to the hearing?

No. Co-Lead Settlement Class Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense.  If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary to have a lawyer attend on your behalf.

### 25.  May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, Civil Action No. 11-MD-2258.  Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing.  If you intend to have counsel appear and represent you at the hearing, please so indicate and provide the full name and contact information for that counsel.  Also, please list anyone you or your counsel will call to testify in support of your objection at the hearing.  Please send copies of your "Notice of Intent to Appear" to the Court, Co-Lead Settlement Class Counsel, and Defendants' Counsel as listed in Question 21 above.  It must be postmarked no later than Month 00, 201X.  The Court will decide if you will be allowed to speak at the Fairness Hearing.

## IF YOU DO NOTHING

### 26.  What happens if I do nothing?

You have the right to do nothing.  If you do nothing, you will not get any benefits under this proposed settlement because the benefits must be requested by making a claim as described above.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit, including any other class action lawsuit, against Defendants about the legal issues in this case.

## GETTING MORE INFORMATION

### 27.  How do I get more information about the proposed settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at WWW.PSNSOESETTLEMENT.COM.  You also may write with questions to:

> PSN-SOE Settlement
> PO Box xxxx
> City, ST XXXXX-XXXX.

You can get Claim Forms at the website, or by calling the toll free number, 1-8xx-xxx-xxx.  Or, you can call Co-Lead Settlement Class Counsel, identified in Question 19.