1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11    In re:                                          )    Civil No.11md2258 AJB (MDD)
                                                      )
12    SONY GAMING NETWORKS AND                        )    ORDER GRANTING PLAINTIFFS'
      CUSTOMER DATA SECURITY                          )    MOTION FOR PRELIMINARY
13    BREACH LITIGATION                               )    APPROVAL OF CLASS ACTION
                                                      )    SETTLEMENT
14    THIS DOCUMENT PERTAINS TO:                      )
      ALL ACTIONS                                     )    (Doc. No. 190)
15    _____                )

16          Presently before the Court is a motion by Representative Plaintiffs Scott

17    Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher

18    Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and

19    Timothy Whyland requesting the Court to enter an Order: (1) preliminarily certifying a

20    class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only; (2)

21    preliminarily approving the Settlement Agreement, dated April 18, 2014, together with

22    the Exhibits and Amendment thereto (the "Settlement Agreement"); (3) appointing Co-

23    Lead Settlement Counsel for the Settlement Class; (4) approving the summary form of

24    notice ("Summary Notice") and the long form of notice ("Notice"), attached to the

25    Settlement Agreement as Exhibits B and C; (5) appointing Kinsella Media, LLC as

26    Notice Specialist and Rust Consulting, Inc., as Claims Administrator; and (6) approving

27    the proof of claim forms attached to the Settlement Agreement as Exhibits D-1 through

28    D-4 ("Proof of Claim Forms").

1                                          11md2258 AJB (MDD)

1    Having reviewed and considered the Settlement Agreement, the motion for

2  preliminary approval of the Settlement Agreement, and having heard and considered the

3  argument of counsel, the Court GRANTS Plaintiffs' motion for preliminary approval,

4  makes the following findings, and grants the relief set forth below.  Terms and phrases in

5  this Order will have the same meaning as defined in the Settlement Agreement.

6    IT IS HEREBY ORDERED THAT:

7    1.    A Plaintiff class is certified for Settlement purposes only in accordance with

8  the terms of the Settlement Agreement (the "Settlement Class").  The Settlement Class is

9  defined as:

> [A]ll Persons residing in the United States who had a
> PlayStation Network account or sub-account, a Qriocity ac-
> count, or a Sony Online Entertainment account at any time prior
> to May 15, 2011 (referred to herein as "PSN Accountholders,"
> "Qriocity Accountholders," and "SOE Accountholders" respec-
> tively).  Excluded from the definition of Settlement Class are
> the Sony Entities and their officers and directors, and those
> Persons who timely and validly request exclusion from the
> Settlement Class.

15  "Settlement Class Member(s)" means a Person(s) who falls within the definition of

16  the Settlement Class. "United States" includes the District of Columbia and all territories

17  of the United States.  The "Sony Entities" means, collectively, Sony Computer Entertain-

18  ment America LLC, Sony Network Entertainment International LLC, Sony Network

19  Entertainment America Inc., and Sony Online Entertainment LLC.[1]

20    As set forth in the Settlement Agreement, if the Court does not grant final approval

21  of the Settlement, or if the Settlement is terminated in accordance with its terms, the

22  Settlement Agreement and the certification of the Settlement Class will be vacated.  If

23  this occurs, the litigation will proceed as though the Settlement Class had never been

24  certified, without prejudice to any parties' position on the issue of class certification or

25  any other issue.

26

27

_____

28    [1] Sony Network Entertainment America, Inc. merged into Sony Network
Entertainment International LLC on September 30, 2011.

11md2258 AJB (MDD)

2.     The Court finds, based on the terms of the Settlement described in the Settlement Agreement, that:

a.     There are questions of law and fact common to the Settlement Class;

b.     The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class;

c.     The Settlement Class is so numerous that joinder of all members is impracticable;

d.     Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class, and there are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

e.     Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

f.     Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

3.     Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

4.     The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

5.     Scott Lieberman, Kyle Johnson, Arthur Howe, Adam Schucher, Rebecca Mitchell, Christopher Wilson, James Wright, Robert Bova, Christian Kalled, Christopher Munsterman, and Timothy Whyland are appointed as representatives of the Settlement Class ("Representative Plaintiffs").  The members of the Plaintiffs' Steering Committee (Ben Barnow, Barnow and Associates, P.C.; Paul J. Geller, Robbins Geller Rudman & Dowd LLP; Timothy G. Blood, Blood Hurst & O'Reardon, LLP; Gayle M. Blatt, Casey

1   Gerry Schenk Francavilla Blatt & Penfield, LLP; David A. McKay, Law Offices of David

2   A. McKay LLC; Adam J. Levitt, Grant & Eisenhofer, P.A.; and Brian R. Strange, Strange

3   & Carpenter) are appointed as Co-Lead Settlement Class Counsel ("Co-Lead Settlement

4   Class Counsel").

5       6.      The final fairness hearing will be held before this Court on **May 1, 2015, at**

6   **2:00 PM in Courtroom 3B**, United Stated District Court for the Southern District of

7   California, 211 West Broadway, Suite 3142, San Diego, California 92101.  The final

8   fairness hearing will determine: (a) whether the Settlement set forth in the Settlement

9   Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

10  (b) whether a Judgment, as provided in the Settlement Agreement, should be entered

11  granting final approval of the Settlement; and (c) whether, and in what amount, attorneys'

12  fees and expenses should be awarded to Co-Lead Settlement Class Counsel.  The Court

13  may adjourn and/or continue the Final Fairness Hearing without further notice to

14  Settlement Class Members.

15      7.      The Court approves as to form and content the Summary Notice and Notice

16  in the forms attached to the Settlement Agreement as Exhibits B and C.

17      8.      The Court approves and appoints Kinsella Media, LLC as Notice Specialist,

18  and Rust Consulting, Inc. as Claims Administrator, as provided for in the Settlement

19  Agreement.

20      9.      The Court approves as to form and content the Proof of Claim Forms

21  attached to the Settlement Agreement as Exhibits D-1 through D-4.

22      10.     The Sony Entities will cause the Summary Notice to be disseminated

23  consistent with the Notice Program submitted in support of the motion for issuance of

24  this Order, and the Claims Administrator will establish a dedicated settlement website,

25  which will be maintained and updated during the Claim Period, with the forms of

26  Summary Notice and Notice, the Proof of Claim Form, and the Settlement Agreement.

27  The forms of Summary Notice, Notice, and Claim Forms approved by the Court may be

28  adjusted by the Settling Parties, or by the Notice Specialist or Claims Administrator,

1   respectively (in consultation and in agreement with the Settling Parties), as may be

2   reasonable and not inconsistent with such approval.

3        11.   The Court finds that the dissemination of the Summary Notice in the manner

4   set forth in Paragraph 10 herein is the best notice practicable under the circumstances,

5   constitutes due and sufficient notice of this Order to all persons entitled thereto, and is in

6   full compliance with the requirements of Federal Rule of Civil  Procedure 23, applicable

7   law, and procedural due process.

8        12.   No later than ten (10) calendar days before the Final Fairness Hearing,

9   Co-Lead Settlement Class Counsel and the Sony Entities must file with the Court one or

10   more declarations stating that the Summary Notice was disseminated in accordance with

11   the terms of this Order, and that the Notice was posted on a dedicated settlement website.

12        13.   The Sony Entities must comply with the obligation to give notice under

13   CAFA, 28 U.S.C. § 1715, in connection with the proposed Settlement.  No later than ten

14   (10) calendar days before the Final Fairness Hearing, counsel for the Sony Entities must

15   file with the Court a declaration(s) stating that the Sony Entities have complied with the

16   notice obligations under 28 U.S.C. § 1715.

17        14.   Each Person wishing to opt-out of the Settlement Class must individually

18   sign and timely mail a written notice of such intent to a designated Post Office Box

19   established by the Claims Administrator, as set forth in the Notice.[2]  The written notice

20   must clearly manifest an intent to be excluded from the Settlement Class.  To be effec-

21   tive, written notice must be postmarked no later than twenty-one (21) days prior to the

22   date of the Final Fairness Hearing.

23        15.   Within seven (7) days after the deadline for Persons to request exclusion

24   from the Settlement Class, Co-Lead Settlement Class Counsel must furnish to counsel for

25   the Sony Entities a complete list of all timely and valid requests for exclusion (the

26   "Opt-Out List").

27

28       [2] If the Person opting-out is less than 18 years of age, by the signature of a parent, legal guardian or other legal representative.

16.     All Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class will be bound by the terms of the Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the Settlement set forth in the Settlement Agreement.  All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class will neither receive any benefits nor be bound by the terms of the Settlement Agreement.

17.     Settlement Class Members who qualify for and wish to submit a claim for any benefit under the Settlement as to which a claim is required will do so in accordance with the requirements and procedures of the Settlement Agreement.  All Settlement Class Members who qualify for any benefit under the Settlement as to which a claim is required but fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement, will be forever barred from receiving any such benefit, but will, in all other respects, be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Judgment.

18.     Each Settlement Class Member desiring to object to the Settlement must submit a timely written notice of his or her objection.  Such notice must state: (a) the objector's full name, address, telephone number, and e-mail address; (b) information identifying the objector as a Settlement Class Member, including proof that they are a member of the Settlement Class, with documentation of any Identity-Theft-Related Charges they claim to have suffered as a result of the Intrusions, if any, if they are objecting to any portion of the Settlement dealing with reimbursement for Iden-tity-Theft-Related Charges and for which they believe they would have an existing claim; (c) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (d) the identity of all counsel, if any, representing the objector; (e) the identity of all counsel representing the objector, if any, who will appear at the Final Fairness Hearing; (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (g) a list of any other persons who

1  will be called to testify at the Final Fairness Hearing in support of the objection; and (h)

2  the objector's signature, or the signature of the objector's duly authorized attorney or

3  other duly authorized representative (along with documentation setting forth such

4  representative capacity).  To be a valid objection, such notice will also identify, by case

5  name, court, and docket number, all other cases in which the objector (directly or through

6  counsel) or the objector's counsel (on behalf of any person or entity) previously has filed

7  an objection to any proposed class action settlement, or has been a named plaintiff in any

8  class action or served as lead plaintiff class counsel.

9       To be timely, written notice of an objection in appropriate form must be filed with

10  the Clerk of the United States District Court for the Southern District of California, 333

11  West Broadway, Suite 420, San Diego, California 92101, twenty-one (21) days prior to

12  the date set in the Notice for the Final Fairness Hearing, and served concurrently

13  therewith upon: (a) either Ben Barnow, Barnow and Associates, P.C., One North LaSalle

14  Street, Suite 4600, Chicago, IL 60602, or Paul J. Geller, Robbins Geller Rudman &

15  Dowd LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, FL 33432, for purposes

16  of service upon Co-Lead Settlement Class Counsel; and (b) Harvey J. Wolkoff, Ropes &

17  Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA, 02199, counsel for the

18  Sony Entities.

19       19.    All discovery, motions, and/or pretrial proceedings in this litigation, other

20  than confirmatory discovery provided for in the Settlement Agreement, are stayed and

21  suspended until further order of the Court.

22       20.    Pending the final determination of the fairness, reasonableness, and ade-

23  quacy of the Settlement set forth in the Settlement Agreement, no Settlement Class

24  Member, either directly, representatively, or in any other capacity, will institute, com-

25  mence, or prosecute any of the Released Claims in any action or proceeding in any court

26  or tribunal.

27       21.    Neither the Settlement Agreement nor the Settlement contained therein, nor

28  any act performed or document executed pursuant to or in furtherance of the Settlement

1  Agreement or the Settlement: (a) is or may be deemed to be, or may be used as an

2  admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any

3  wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be,

4  or may be used as an admission of, or evidence of, any fault or omission of any of the

5  Released Persons, in any civil, criminal, or administrative proceeding in any court,

6  administrative agency, or other tribunal.

7       22.    In the event the Court does not grant final approval of the Settlement

8  Agreement or the Settlement set forth in the Settlement Agreement is terminated in

9  accordance with its terms: (a) the Settling Parties will be restored to their respective

10  positions in the litigation, and will jointly request that all scheduled litigation deadlines

11  be reasonably extended by the Court so as to avoid prejudice to any Settling Party or

12  litigant, which extension will be subject to the decision of the Court; and (b) the terms

13  and provisions of the Settlement Agreement will have no further force and effect with

14  respect to the Settling Parties, and will not be used in the litigation or in any other

15  proceeding for any purpose, and any judgment or order entered by the Court in accor-

16  dance with the terms of the Settlement Agreement will be treated as vacated, nunc pro

17  tunc.

18       23.    A telephonic status conference will be held in this Court on **November 7,**

19  **2014 at 1:00 PM**, to discuss the status of both the Settlement and confirmatory discov-

20  ery.  Any party wishing to appear telephonically should contact  Co-Lead Settlement

21  Counsel, who will organize the conference call.  A list of individuals appearing by

22  telephone must be submitted to the Court's e-file (efile_battaglia@casd.uscourts.gov) no

23  later than **November 6, 2014.**

24  IT IS SO ORDERED.

25  DATED:  July 10, 2014

26  _____

    Hon. Anthony J. Battaglia

27      U.S. District Judge

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11md2258 AJB (MDD)