UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SONY GAMING NETWORKS AND CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>THIS DOCUMENT PERTAINS TO:<br>ALL ACTIONS | Civil No.11md2258 AJB (MDD)<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO FILE NOTICE UNDER SEAL<br><br>(Doc. No. 199) |

Presently before the Court is Defendants Sony Computer Entertainment America, LLC and Sony Online Entertainment, LLC's ("Defendants") unopposed motion to file under seal a notice by settling parties. (Doc. No. 199.) For the reasons set forth below, the Court **GRANTS** the motion.

**I.    INTRODUCTION**

This matter arises out of a consumer class action which alleges that Sony Computer Entertainment America, LLC, Sony Online Entertainment, LLC, and Sony Network Entertainment America, Inc. ("Sony Entities") failed to provide reasonable network security to safeguard Plaintiffs' personal and financial information stored on Sony's network. On June 13, 2014, Plaintiffs filed a motion for preliminary approval of class action settlement, (Doc. No. 190), which the Sony Entities joined (Doc. No. 191). On July 10, 2014, the Court granted Plaintiffs' motion for preliminary approval of class action settlement. (Doc. No. 193.) Defendants now move to file under seal a notice by

settling parties ("Notice") on the grounds that the information contained in the Notice discloses confidential and proprietary information that relates to Defendants' strategic business plans and operations. (Doc. No. 199, p. 2.) Defendants also assert that the information is subject to contractual confidentiality obligations which would be breached in the event of early disclosure. (*Id.*) Accordingly, Defendants contend good cause exists to seal the Notice. (*Id.*)

## II. DISCUSSION

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate a compelling reason supported by specific factual findings. *Kamakana*, 447 F.3d at 1178. However, the presumption in favor of public access does not apply with equal force in the context of non-dispositive motions. *Id.* at 1179. In such cases, a party must only demonstrate that good cause exists to justify sealing a document. *Foltz*, 331 F.3d at 1135.

The Notice was filed to apprise the Court of a development with respect to one of the parties. As the Notice is not a dispositive motion, nor does the Notice relate to the merits of the underlying case, the Court will apply the good cause standard applicable to non-dispositive motions. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action").

Upon review of Defendants' motion and attached declarations, the Court finds Defendants have established good cause exists to maintain the Notice under seal. The

information contained in the Notice relates to confidential business operations and could subject Defendants to potential injury in the event of premature disclosure. *See Nixon*, 435 U.S. at 598. Further, the Court finds Defendants' motion to seal narrowly tailored and limited to include only that which is necessary to maintain the confidentiality of the information at issue. As Defendants have demonstrated that the information contained in the Notice relates to confidential business plans and operations, that Defendants are subject to a contractual duty of confidentiality, and that harm could result to Defendants' business operations if the information contained in the Notice is prematurely disclosed, the Court finds good cause exists to seal the Notice.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' unopposed motion to file the Notice under seal. The Clerk of Court is instructed to file the sealed lodged proposed document, (Doc. No. 200), filed concurrently with the instant motion.

**IT IS SO ORDERED**.

DATED: January 20, 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. Anthony J. Battaglia
　　　　　　　　　　　　　　　　　　U.S. District Judge