

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SONY GAMING NETWORKS )
AND CUSTOMER DATA SECURITY )
BREACH LITIGATION )
——————————————————— )        CIVIL CASE NO.
)        11-MD-2258 AJB (MDD)
)
This filing related to:  ALL ACTIONS )

## [~~PROPOSED~~] JUDGMENT

WHEREAS, Representative Plaintiffs and the defendants, Sony Computer Entertainment America LLC ("SCEA"), Sony Network Entertainment International LLC and Sony Network Entertainment America Inc. (having been merged into Sony Network Entertainment International LLC on September 30, 2011) (together, "SNE"), and Daybreak Game Company LLC, f/k/a Sony Online Entertainment LLC ("SOE"), (collectively, "Sony" or "the Sony Entities"), entered into a Settlement Agreement dated April 18, 2014, amended by Amendment to the Settlement Agreement dated June 9, 2014, and further modified by side letter dated April 1, 2015 (together with the Exhibits thereto, the "Settlement Agreement");

WHEREAS, on July 11, 2014, the Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") that, among other things, (a) preliminarily certified, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Settlement Class; and (d) set a hearing date for final approval of the settlement;

WHEREAS, the notice to the Settlement Class ordered by the Court in its Preliminary Approval Order has been provided, as attested to in the declaration of Shannon R. Wheatman, Ph.D., filed with the Court on April 3, 2015;

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, was provided on or about June 20, 2014, and was supplemented thereafter, as attested to in the declaration of Amy L. Lake, filed with the Court on April 21, 2015; and

WHEREAS, on May 4, 2015, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in Paragraph 7.5 of the Settlement Agreement, the application of Co-Lead Settlement Class Counsel for an award of fees, costs and expenses is separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court has subject matter jurisdiction of this matter and all claims asserted against the Sony Entities.

3.      The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under

the circumstances.  The notice, as given, provided valid, due, and sufficient notice of the

proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these

proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements

of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, for

the purposes of settling the Released Claims against the Released Persons in accordance with the

Settlement Agreement, the following Persons are members of the Settlement Class:

> All Persons residing in the United States who had a PlayStation
> Network account or sub-account, a Qriocity account, or a Sony
> Online Entertainment account at any time prior to May 15, 2011
> (referred to herein as "PSN Accountholders," "Qriocity
> Accountholders," and "SOE Accountholders" respectively).
> Excluded from the definition of Settlement Class are the Sony
> Entities and their officers and directors, and those Persons who
> timely and validly request exclusion from the Settlement Class.

5.      Excluded from the Settlement Class are those Persons identified in Exhibit A,

attached hereto, who submitted timely and valid requests for exclusion from the Settlement Class

("Opt-Outs").  Opt-Outs shall neither share in the distribution of any settlement fund nor receive

any benefits of the terms of the Settlement Agreement, and shall not be bound by this Judgment.

6.      Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and

adequately represented the interests of Settlement Class Members in connection with the

settlement set forth in the Settlement Agreement.

7.      All objections to the settlement set forth in the Settlement Agreement having been

considered and having been found either to be mooted by the settlement or not supported by

credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair,

adequate, reasonable, proper, and in the best interest of the Settlement Class, and is hereby approved.

8.      Representative Plaintiffs, the Sony Entities, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.  The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9.      All the claims alleged in the Litigation and all complaints filed in any action in the Litigation are hereby dismissed with prejudice, each party to bear his own costs, except as may be expressly provided in the Settlement Agreement.

10.     Each Released Claim of each Settlement Class Member is hereby extinguished as against the Released Persons.  Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against the Released Persons upon the terms and conditions provided in the Settlement Agreement.

11.     Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against the Released Persons is asserted.

12.     Neither this Judgment, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any

wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may

be used as an admission of, or evidence of, any fault or omission of any of the Released Persons

in any civil, criminal, or administrative proceeding in any court, administrative agency, or other

tribunal.  Any of the Released Persons may file the Settlement Agreement and/or this Judgment

in any action that may be brought against them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

13.     The Court has reviewed the attorneys' fees, costs and expenses petition filed by

Co-Lead Settlement Class Counsel on behalf of all Plaintiffs' Counsel and awards attorneys'

fees, costs and expenses in the amount of 2,750,000.00 (combined).  Such payment for fees, costs,

and expenses by the Sony Entities shall be made to Co-Lead Settlement Class Counsel.  The

Court recognizes that Co-Lead Settlement Class Counsel are most familiar with the participation

and contributions of Plaintiffs' Counsel in this litigation, and, accordingly hereby orders and

provides that they shall be and are hereby authorized to allocate and distribute said funds

amongst Plaintiffs' Counsel in their sole discretion to be reasonably applied.  Any dispute

concerning said allocations shall be under the jurisdiction of this Court.

14.     The parties have stipulated and the Court has determined that the Court's decision

to grant final approval of the settlement set forth in the Settlement Agreement is separate from

the issues raised by Co-Lead Settlement Class Counsel's petition for fees, costs, and expenses.

15.     Without affecting the finality of this Judgment in any way, this Court retains

continuing jurisdiction over the Settling Parties and the Settlement Class for the administration,

consummation, and enforcement of the terms of the Settlement Agreement.

16.     In the event the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

Honorable Anthony J. Battaglia
United States District Court Judge

Dated: May 4, 2015

# EXHIBIT A

IN RE SONY GAMING NETWORKS
AND CUSTOMER DATA SECURITY BREACH LITIGATION
Exclusions

| 1 | AHMED NASSAR |
|---|---|
| 2 | AHRON M WEST |
| 3 | ANDREW LLODRA |
| 4 | ANTHONY ANSELMO |
| 5 | BILLIE OH |
| 6 | BRENDA SIM |
| 7 | CARTER PLOTKIN |
| 8 | CATHERINE S LINARD |
| 9 | CHARLES KUGELMAN |
| 10 | CHRISTIAN LIU |
| 11 | CLAYTON C DALEY III |
| 12 | CODY SEARL |
| 13 | DANIEL SIM |
| 14 | DAVID M GRIMANI |
| 15 | DAVID M JORDAN |
| 16 | DEREK MASSOUDA |
| 17 | DONNA DANICA DJORDJEVICH REYNA |
| 18 | ELIAS ANDERSON |
| 19 | EMMANUEL TAVERAS |
| 20 | ISAAC W COLYER-PENA |
| 21 | JEFFREY NEIL GOFORTH |
| 22 | JESSE M LINDMAR |
| 23 | JESSE W MARSHIK |
| 24 | JOHN KRAYER |
| 25 | JOHN SIK-ON LEE |
| 26 | JONATHAN SATO |
| 27 | JORDAN MASSEY |
| 28 | JOSE VIELMA |
| 29 | JOSEPH A CILLUFFO |
| 30 | KEITH BENSON RADCLIFFE |
| 31 | KEITH PECHARZA |
| 32 | KEIVAN KHALICHI |
| 33 | LINA RIVAS & CESAR RIVAS |
| 34 | MANDI JO WHEELER |
| 35 | MARC WHEELER |
| 36 | MASAKAZU MATSUSHITA |
| 37 | MATTHEW MICHAEL JENSEN |
| 38 | MICHAEL INFINGER |
| 39 | MIKE CUNHA |
| 40 | MORRIS CHOW |
| 41 | NICHOLAS LOSCO |
| 42 | NINA BORCHOWIEC |
| 43 | RICHARD SUN |
| 44 | SHAWN FULFER |
| 45 | STEPHEN CHARLES ENGLAND |
| 46 | THOMAS A NOSTIN II |
| 47 | VICTOR CALDERON |
| 48 | WILLIAM E TADLOCK II |
| 49 | WILLIAM MEREDITH |
| 50 | ZACHARY Y SHARON |